A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Kenny Whitmore          86468
Plaintiff               Inmate Number

VERSUS

N. Burl Cain, Warden, LSP
Darrell Vannoy, Warden, LSP
James M. LeBlanc, Secretary D.O.C.

_____
(Enter above the full name of each
defendant in this action.)

Electronic Filing Pilot Program
    In accordance with the Procedural Rules for Electronic Filing Pilot Project, General Order 2011, inmates who reside in or are transferred into Louisiana Department of Corrections facilities participating in the Electronic Filing Pilot Program shall receive orders, notices and judgments by Notice of Electronic Filing ("NEF").

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. § 1983.

    The names of **all parties** must be listed in the caption and in part III of the complaint **exactly the same**.

    In order for this complaint to be filed, it must be accompanied by the filing fee of $350.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

    If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

Submit the complaint and pauper affidavit to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I.  Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?  Yes ( )  No (✓)

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
   Plaintiff(s): _____
   _____

   Defendant(s): _____
   _____

2. Court (if federal court, name the district; if state court, name the parish):
   _____
   _____

3. Docket number: _____

4. Name of judge to whom case was assigned: _____
   _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):
   _____
   _____

6. Date of filing lawsuit: _____
7. Date of disposition: _____

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
   Yes ( )      No (✓)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

_____
_____

II.   Place of present confinement: <u>LA. STaTe Prison, Angola, LA 70712</u>

A. Is there a prisoner grievance procedure in this institution?
   Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes (✓) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. <u>Case number: LSP-2013-2193</u>

2. What steps did you take? <u>Instituted original complaint into the Institutional Grievance Process</u>

3. What was the result? <u>Rejected at the Screening Process, due to the fact that Lockdown review board decisions may not be challenged.</u>

D. If your answer is No, explain why not: _____

III.   Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) <u>Kenny Whitmore #86468</u>
   Address <u>Camp-D-Hawk/ccR, LA. State Prison, Angola, 70712</u>

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant **N. Burl Cain** is employed as **Warden #1** at **LSP, Angola, LA 70712**

C. Additional Defendants: **Darrell Vannoy, Warden #2, LA. State Prison, Angola, LA 70712. James M. LeBlanc, Louisiana Secretary of Department of Public Safety And Corrections.**

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

**See Attachment.**

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. Award compensatory damages in the amount of $25,000.00, from each defendant. Award punitive damages in the following amount from each defendant, $25,000.00. That Planiff, be released from CCR confinement to a dormitory in the general prison population. See attached pages # 9-11

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

4. I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this 30th day of December, 2013.

Kenneth Whitmore #86468

_____
Signature of plaintiff(s)

1. All three named defendants violated the United States Constitution and State Law when they were made aware of Plaintiffs excessive stay on CCR. Solitary confinement, and knew of the mental and physical harm 27 years of cell confinement was causing the plaintiff, but failed to release plaintiff from the torturous, cruel and unusual punishment, despite having the authority to do so. Thus causing the plaintiff to suffer significant harm.

2. I request that guidelines be set in place allowing for a range of time periods for different rule infractions to which an inmate may be housed in CCR. before being released. This is barring continued rule infractions of the type which originally placed him there, or other serious rule infractions of the type which an inmate is sent to CCR.

9.

C: That there be some basic criteria an inmate may strive to meet similar to the rules those inmates in general population live by and/or system like the Camp-J management program.

C-2: That inmates released from CCR. be sent directly to general population "a dormitory" as sending them to a working cellblock would constitute a loss of privileges. being subjected to a disciplinary lockdown which the working cellblocks are, would be another due process violation in addition to the many "tears" he has already endured.

D: Award compensatory damages in the amount of the following:

1: $25,000.00 against defendant Burl Cain.
2: $25,000.00 against defendant Darrell Vannoy.
3: $25,000.00 against defendant James LeBlanc.

E: Award punitive damages in the following amount:

10.

1. $25,000.00 against defendant Burl Cain.
2. $25,000.00 against defendant Darrell Vannoy.
3. $25,000.00 against defendant James LeBlanc.

F: Award injunctive relief to the Plaintiff in the form of, that Plaintiff be release from C.C.R. Confinement to a dormitory in general population.

G: Grant any other relief as it may appears Plaintiff is entitled to.

Respectfully Submitted.

Kenny Whitmore #86468
Kenny Whitmore #86468
General Delivery
LA. State Prison
Angola, LA 70712

Date. The 30th day of December, 2013

11.

# United States District Court
## Middle District of Louisiana

| | |
|---|---|
| Kenny Whitmore<br>v.<br>Burl Cain, Darrell Vannoy<br>And James LeBlanc, et.. al | Complaint<br><br>Jury Trial Demanded |

## Preliminary Statement

This is a 1983 Action filed by, Kenny Whitmore a State Prisoner, alleging violation of his Constitutional Rights, and seeking monetary damages. Plaintiff request a Trial by Jury.

## Jurisdiction.

1. This is a Civil Rights Action under 42 U.S.C. § 1983. This Court has Jurisdiction under 28. U.S.C § 1343(3) Plaintiff also invokes the Pendent Jurisparties.

2. The Plaintiff, Kenny Whitmore, is and has been incarcerated at the Louisiana State Prison at Angola, during all events decribed in this complaint.

3. Defendant, Burl Cain. is Warden #1. at The LA. State Prison. at Angola, during all events decribed in this complaint. He is the Warden overseeing all operations at LA. State Prison. at Angola. which is where the eight Amendment violations occured. He, Warden Burl Cain is the highest ranking supervisor at the prison. it is his duty to ensure that all action and service were performed properly. He is being sued in his individual and offical capacities.

1.

4. Defendant, Darrell Vannoy, is Warden #2. Warden of Security at the LA. State Prison at Angola, and he personally has the final authority over all lockdown review boards at Angola. Therefore, despite whatever decision the lockdown review board makes, whether it's to release an inmate from extended lockdown, or to deny an inmates release from extended lockdown. The defendant Darrell Vannoy, personally makes the final decision. It is his direct duty to ensure that all action and service are performing properly. He is being sued in his individual and offical capacities.

5. James LeBlanc, Secretary of LA. D.P.S.a.C. he is liable as supervisory offical to state prisoner's. He was aware of plaintiff 27-years on CCR. Solitary, and the cruel and unusual punishment plaintiff has suffered. He could have ordered plaintiff release from confinement. and ordered his placement in a dormitory in general population, but failed to bring an end to the 8th Amendment violation. He is being sued in his individual and offical capacities.

6. All defendant's have acted and continue to act under the color of state law at all times relevant to this complaint.

<u>FACTS</u>:

7. Plaintiff, Kenny Whitmore was place into extended lockdown on July 5th. 1986 after a failed escape attempt.

2.

8. Plaintiff, as one of five inmates who attempted to escape from Angola, on July, 5th, 1986 from different camps around the prison.

9. On September, 11th, 1986 Plaintiff Kenny Whitmore, was sentenced to one year in prison by Judge Kline of the 20th. Judicial District Court, West Feliciana Parish.

10. The four other inmate's who attempted to escape on July, 5th, 1986, as Plaintiff, were all released back into the general prison population within 12-months.

11. Plaintiff, Kenny Whitmore, presently is housed at the LA. State Prison, at Angola, Camp-D-Hawk/C cr "Close Cell Restriction" the equivalent of Solitary Confinement, for the last consecutive 27 years, but a total of 35 years.

12. Plaintiff, Kenny Whitmore has been confined to a 9x6 feet C.C.R. Cell, but due to the bunk-bed on the side wall, and the toilet-sink combination on the back wall, this leaves Plaintiff actually 4x3 feet of space in which to move around for 23-hours a day.

13. Plaintiff, Kenny Whitmore is held in that small cell for 24-hours a day, with the exception of one hour in which Plaintiff is allowed out of his cell to shower or walk the length of the tier alone..

14. Three time's a week, if weather permit's Plaintiff is placed in full restraints, waist chain and leg iron, than escorted out to the exercise yard void of any equipment, basketball and goal, weights etc.

3.

15. PLAINTIFF for the last twenty-seven consecutive years has been deprived of need to socially interact with others to stimulate mental growth, and the need to move around to keep muscle tissue from deteriorating and arthritis. I am 59 years old.

16. PLAINTIFF have been deprive for the last 27-years of the basic requirements of rehabilitated needs for parole. Hawk/CCR solitary inmates are prohibited from participating in educational programs, such as G.E.Ds. or to earn other educational degrees.

17. PLAINTIFF twenty-seven years of confinement on CCR. has denied him the opportunity to learn a meaningful job skill, welding, carpentry, air-condition & refrigeration, culinary. of which all are transferable skill's.

18. PLAINTIFF 27-years of confinement on CCR. is causing him to have serious medical problems, being in a cell twenty-three hours a day. With only 4x3 feet of living space has cause plaintiff to developed a dangerously case of hyper-tension. to which plaintiff had to be place on two different kinds of high blood pressure medication. "Carzaar and Novac".

19. Plaintiff states that living on CCR. solitary for 27-years with a vision range of only 11 feet. has

4.

destroyed plaintiff eyesight. Where at each eye examination plaintiff prescription has to be increased.

20. The plaintiff contends that even if he were to fail in showing any direct evidence to the court's satisfaction, of the defendant's prior knowledge of plaintiff excessive confinement on CCR. And their refusal to end the plaintiff 27 year's of solitary confinement. The court plaint believe would still have to find the defendant's was aware of his excessive stay in confinement. And showed a deliberate indifference to plaintiff prolong punishment.

21. Plaintiff wrote Warden Burl Cain, many letter of his "plaintiff" excessive confinement on CCR. (Pleading to be released into general population to a dormitory) Warden Cain failed to respond or release him. Which has contributed to the plaintiff excessive confinement.

22. Plaintiff has written to Warden Darrell Vannoy. and spoke with him in person on a number of occassions in regards to being released from CCR. to a dormitory in general population. The last time we spoke was on June-24-2013. in which Warden Vannoy verbally stated to me (Kenny, I will have you brought to my office. and take with you one on one about this. but you still look to young for me to trust releasing you.)

5.

23: Plaintiff states that defendant James LeBlanc was made aware of his twenty-seven years of confinement on CCR. Solitary. When plaintiff family members called to his office in 2011 regarding an averse visiting policy that will not allow plaintiff to visit with anyone outside of his immediate family, he the Secretary of Corrections was made aware of how plaintiff had been on CCR. Solitary. he promised family members that "He Secretary LeBlanc" would look in to my situation. but he failed to take any action on the visiting policy, or releasing plaintiff from his 27 years of cruel and unusual punishment.

24: Major Richardson, a ranking officer at Camp-D. on July 2, 2013 approximately 17-days prior to plaintiff submitting his A.R.P. to Warden Burl Cain, in regards to plaintiff excessive confinement on CCR. Spoke with Major Richardson in regards to him recommending to Warden Vannoy. That I be released from my 27 year confinement. To a dormitory "Major Richardson stated to me, Kenny. Warden Vannoy. Told me that you are still to healthy for him to trust releassing you from CCR.. So I cannot recommend you. To him.

### Additional Facts

25: Plaintiff contends that there have not been a justifiable penological reason for his excessive stay on CCR. Solitary confinement for 27-years other than saying nature of original reason for

6.

lockdown, and saying plaintiff is an escape risk. What makes it so after 27 years on CCR ?

26: Plaintiff submits that, it should have been obvious to all of the defendants that plaintiff 27-years confinement on CCR. is causing him physical and mentally harm, but all of the defendants failed to take the appropriate steps to release plaintiff from his confinement to a dormitory.

27: Plaintiff states that all of the defendants herein intentionally contributed to his cruel and unusual punishment for 27 years by deliberately failing to correct the problem.

28: Plaintiff filed an official grievance through the prison A.R.P. system on Jun, 19-2013. Case # L.S.P-2013-2193 The complaint was rejected stating: "rejected, due to the fact that lockdown review board decisions may not be challenged."

## Claims for Relief

### First Cause of Action

29: The action of all three named defendants as stated in paragraphs 21, 22, a23 exhibited their deliberate indifference toward plaintiff's mental and physical health, due to their knowledge of plaintiff excessive stay on CCR. solitary confinement. They had the authority to release plaintiff from his torturous

7.

27 year confinement, but failed to do so. Their deliberate indifference directly contributed to Plaintiff excessive stay on CCR, therefore violating Plaintiff Eight and Fourteenth Amendment Right to be free from cruel and unusual punishment.

### Second Cause of Action:

30. The action of all three named defendants as stated in paragraphs. 21, 22, & 23 violated state law and the regulations of the LA. Department of Public Safety and Corrections.

    Both State Law and the regulations of the LA. Department of Public Safety and Corrections requires that the safety and well being of all persons under the care of the state be provided for. RM

    allowing Plaintiff to remain in CCR. Confinement for 27-consecutive years in a cell with only 4x3 feet of living space just shocks the consciousness of the common man, and all three named defendant's failed to adequately provide for the Plaintiff safety, by not ordering his release from CCR solitary confinement.

### Requested Relief:

Wherefore, the Plaintiff request that the court grant the following relief:

A: Issue a declatory judgment stating that:

8.

1. All three named defendants violated the United States Constitution and state law when they were made aware of Plaintiff's excessive stay on CCR. Solitary and knew of the mental and physical harm 27-years of solitary confinement was causing the Plaintiff, but yet failed to release Plaintiff from the torturous cruel and unusual punishment, despite having the power to do so, thus causing the Plaintiff to suffer significant harm.

B. Award compensatory damages in the amount of the following:
1. $25,000.00 against defendant Burl Cain.
2. $25,000.00 against defendant Darrell Vannoy.
3. $25,000.00 against defendant James LeBlanc.

C. Award punitive damages in the following amount.
1. $25,000.00 against defendant Burl Cain.
2. $25,000.00 against defendant Darrell Vannoy.
3. $25,000.00 against defendant James LeBlanc.

D. Award injunctive relief to the Plaintiff in the form of that Plaintiff be release from CCR. confinement to a dormitory in general population.

E. Grant any other relief as it may appear Plaintiff is entitled to.

DATE: _____, 2013

Respectfully Submitted
Kenny Whitmore #86468
Kenny Whitmore #86468
General Delivery
LA. State Prison
Angola, LA 70712

9.

1. All Three named defendants violated The United States Constitution and State Law when they were made aware of Plaintiffs excessive stay on CCR. Solitary confinement, and knew of the mental and physical harm 27 years of cell confinement was causing the plaintiff, but failed to release plaintiff from the torturous, cruel and unusual punishment, despite having the authority to do so. Thus causing the Plaintiff to suffer significant harm.

B: I request that guidelines be set in place allowing for a range of time periods for different rule infractions to which an inmate may be housed in CCR. before being released. This is barring continued rule infractions of the type which originally placed him there, or other serious rule infractions of the type which an inmate is sent to CCR.

9.

C: That there be some basic criteria. An inmate may strive to meet similar to the rules those inmates in general population live by and/or system like the Camp-J management program.

C-2: That inmates released from C.C.R. be sent directly to general population "a dormitory" as sending them to a working cellblock would constitute a loss of privileges, being subjected to a disciplinary lockdown. Which the working cellblocks are, would be another due process violation in addition to the many "tears" he has already endured.

D: Award compensatory damages in the amount of the following:

1: $25,000.00 against defendant Burl Cain.
2: $25,000.00 against defendant Darrell Vannoy.
3: $25,000.00 against defendant James LeBlanc.

E: Award punitive damages in the following amount:

10.

1. $25,000.00 against defendant Burl Cain.
2. $25,000.00 against defendant Darrell Vannoy.
3. $25,000.00 against defendant James LeBlanc.

F: Award injunctive relief to the Plaintiff in the form of, that Plaintiff be release from CCR. Confinement to a dormitory in general population.

G: Grant any other relief as it may appears Plaintiff is entitled to.

Respectfully Submitted,

Kenny Whitmore #86468
Kenny Whitmore #86468
General Delivery
LA. State Prison
Angola, LA 70712

Date. The 30th day of December, 2013

11.