UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNY WHITMORE** | * | **CIVIL ACTION** |
| **(DOC No. 86468)** | * | |
| | * | **NO. 14-004-JJB-RLB** |
| | * | |
| **VERSUS** | * | **JUDGE JAMES J. BRADY** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **WARDEN BURL CAIN, ET AL** | * | **RICHARD L. BOURGEOIS, JR.** |

*******************************************

## ANSWER AND DEFENSES WITH JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes defendants, James LeBlanc, Burl Cain, Darrell Vannoy, Joe Lamartiniere, Cathy Fontenot, Richard Peabody, and Richard Stalder,[1] who, in answering both the plaintiff's Complaint and Amended Complaint, denies each and every allegation asserted against them therein, except those that may be hereinafter admitted, and further respectfully respond as follows:

### AFFIRMATIVE DEFENSES

**FIRST DEFENSE – PRESCRIPTION**

The plaintiff's action is prescribed as to all claims arising more than one year prior to the date of filing suit.

**SECOND DEFENSE – FAILURE TO EXHAUST**

The plaintiff has failed to exhaust his administrative remedies on the claims asserted against the defendants.

---

[1] Plaintiff has also named as defendants Sam Smith, Robert Rachal, Paul Myers, Randy Ritchie, Tom Norris, Susan Fairchild, Unknown Honeycutt, and Doe defendants 1-15.  To date, service has not been perfected on any of these defendants.  Undersigned counsel is not making an appearance for any defendant who has not been properly served.

**THIRD DEFENSE – FAILURE TO STATE A CLAIM FOR RELIEF**

The plaintiff's Complaint and Amended Complaint fail to state a claim upon which relief can be granted under 42 U.S.C. §1983 or Louisiana law.

**FOURTH DEFENSE – ELEVENTH AMENDMENT SOVEREIGN IMMUNITY**

All claims seeking monetary damages from the defendants in their official capacity are barred by the Eleventh Amendment.

**FIFTH DEFENSE – LACK OF A LIBERTY INTEREST**

The plaintiff does not have a liberty interest under the Fourteenth Amendment or Article I, Section 2 of the Louisiana Constitution in his classification as a maximum custody inmate pursuant to the Louisiana Department of Public Safety and Corrections regulations.

**SIXTH DEFENSE – CLAIMS FOR EMOTIONAL INJURY ARE BARRED**

The plaintiff's claims for mental and/or emotional injury are barred under 42 U.S.C. §1997e, and LSA-R.S. 15:1184(E).

**SEVENTH DEFENSE – CLAIMS FOR ATTORNEY FEES ARE BARRED**

The plaintiff's claims for attorney fees are barred under 18 U.S.C. §362(a), 42 U.S.C. §1997e, and LSA-R.S. 15:1185.

**EIGHTH DEFENSE – QUALIFIED IMMUNITY**

In the alternative, if the defendants are found by the Court to have violated the plaintiff's civil rights, then the defendants are immune from a judgment for damages because they acted at all times reasonably and in good faith and in accordance with federal and state law and institutional rules and regulations.

**NINTH DEFENSE – DENIAL OF RELIEF PRAYED FOR**

The plaintiff is not entitled to any of the monetary relief requested.

# ANSWER

**AND NOW**, in answer to the original complaint of Kenny Whitmore (#86468) filed herein as Record Document 1, the appearing defendants deny each and every allegation therein except as hereafter expressly admitted and further respectfully respond as follows:

1.

The allegations contained in Paragraph I of the plaintiff's complaint entitled "Previous Lawsuits," including all subparts, are denied for lack of sufficient information to justify a reasonable belief therein.

2.

The allegations contained in the Paragraph identified as Paragraph II of the plaintiff's complaint entitled "Place of Present Confinement" are answered as follows: The defendants admit that the plaintiff's present place of confinement is Louisiana State Penitentiary. The defendants admit that there is a prisoner grievance procedure in place at Louisiana State Penitentiary. The defendants respond to the subparts of Paragraph II as follows:

    A.    The allegations in Subparagraph A are admitted.

    B.    The allegations in Subparagraph B are denied.

    C(1).    The allegations in Subparagraph C(1) are admitted insofar as the identified grievance is the only grievances lodged in connection with the events now forming the basis of this suit.

    C(2).    The allegations in Subparagraph C(2) are denied.

    C(3).    The allegations in Subparagraph C(3) are denied as written.

    D.    The allegations in Subparagraph D require no answer.

3.

The allegations contained in Paragraph III of the plaintiff's complaint entitled "Parties" are admitted insofar as Kenny Whitmore #86486 is named plaintiff in this matter and his present place of confinement is Louisiana State Penitentiary.  It is further admitted that Warden Burl Cain, Warden Darrell Vannoy, and Secretary James LeBlanc have been named as defendants in this matter.

4.

The allegations contained in Paragraph IV of the plaintiff's complaint, entitled "Statement of Claim," including all subparts, are denied.

5.

The allegations contained in Paragraph V of the plaintiff's complaint, entitled "Relief" contains a prayer for relief and thus does not require an answer.  To the extent that an answer is necessary, the allegations contained in Paragraph V are denied.  The defendants specifically deny any and all relief prayed for by the plaintiff in Paragraph V as well any and all requests for relief prayed for elsewhere in the plaintiff's complaint.

6.

The allegations contained in Paragraph VI entitled "Plaintiff's Declaration" do not require an Answer.  To the extent that an answer is necessary, the allegations contained in this paragraph are denied for lack of sufficient information to justify a reasonable belief therein.

**AND NOW**, in answer to the Amended Complaint of Kenny Whitmore (#86468) filed herein as Record Document 8, the appearing defendants deny each and every allegation therein except as hereafter expressly admitted and further respectfully respond as follows:

7.

The allegations contained in Paragraph 1 of the plaintiff's Amended Complaint contain a legal conclusion and thus does not require an answer. To the extent that an answer is necessary, the allegations contained in Paragraph 1 are denied as written.

8.

The allegations contained in Paragraph 2 of the plaintiff's Amended Complaint contain a legal conclusion and thus does not require an answer. To the extent that an answer is necessary, the allegations contained in Paragraph 2 are denied as written.

9.

The allegations contained in Paragraphs 3 through 18 of the plaintiff's Amended Complaint entitled "Parties" are admitted insofar as Kenny Whitmore #86486 is named plaintiff in this matter and his present place of confinement is Louisiana State Penitentiary. It is further admitted that Warden Burl Cain, Richard Stalder, Secretary James LeBlanc, Warden Richard Peabody, Warden Cathy Fontenot, Warden Darrell Vannoy, Warden Joe Lamartiniere, Warden Sam Smith, Major Robert Rachal, Major Paul Myers, Randy Ritchie, Tom Norris, Susan Fairchild, and defendant Honeycutt have been named as defendants in this matter. All other allegations contained in these Paragraphs are denied.

10.

The allegations contained in Paragraph nineteen are denied for lack of sufficient information to justify a belief therein.

11.

The allegation contained in Paragraph twenty that the plaintiff befriended Albert Woodfox and Robert King Wilkerson is denied for lack of sufficient information to justify a belief therein. All other allegations contained in Paragraph twenty are denied.

12.

The allegations contained in Paragraph twenty-one are denied.

13.

The allegations contained in Paragraph twenty-two are admitted.

14.

The allegations contained in Paragraph twenty-three are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph twenty-four are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph twenty-five are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph twenty-six are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph twenty-seven are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph twenty-eight are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph twenty-nine are denied.

21.

The allegations contained in Paragraph thirty contain an implied legal standard and/or conclusion and do not require a response. Out of an abundance of caution, the allegations are denied.

22.

The allegations contained in Paragraph thirty-one are admitted to the extent that the Lockdown Review Board meets at intervals of ninety days. All other allegations contained in Paragraph thirty-one are denied.

23.

The allegations contained in Paragraph thirty-two are denied.

24.

The allegations contained in Paragraph thirty-three are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in Paragraph thirty-four are denied for lack of sufficient information to justify a belief therein.

26.

The allegations contained in Paragraph thirty-five are denied.

27.

The allegations contained in Paragraph thirty-six are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph thirty-seven are denied.

29.

The allegations contained in Paragraph thirty-eight are denied.

30.

The allegations contained in Paragraph thirty-nine are denied.

31.

The allegations contained in Paragraph forty are denied for lack of sufficient information to justify a belief therein.

32.

The allegations contained in Paragraph forty-one are denied.

33.

The allegations contained in Paragraph forty-two are denied are lack of sufficient information to justify a belief therein.

34.

The allegations contained in Paragraph forty-three are denied.

35.

The allegations contained in Paragraph forty-four are denied.

36.

The allegations contained in Paragraph forty-five contain an implied legal standard and do not require a response. Out of an abundance of caution, the allegations are denied.

37.

The allegations contained in Paragraph forty-six are denied.

38.

The allegations contained in Paragraph forty-seven are admitted to the extent that decisions of the Lockdown Review Board are not reviewable pursuant to the Louisiana Administrative Code.

39.

The allegations contained in Paragraph forty-eight are denied for lack of sufficient information to justify a belief therein.

40.

The allegations contained in Paragraph forty-nine contain an implied legal standard and do not require a response. Out of an abundance of caution, the allegations are denied.

41.

The allegations contained in Paragraph fifty are denied to the extent that the defendants do not believe the plaintiff has suffered any harm. All other allegations contained in Paragraph fifty are denied for lack of sufficient information to justify a belief therein.

42.

The allegations contained in Paragraph fifty-one do not require a response.

43.

The allegations contained in Paragraph fifty-two contain an implied legal standard and do not require a response. Out of an abundance of caution, the allegations are denied.

44.

The allegations contained in Paragraph fifty-three do not require a response.

45.

The allegations contained in Paragraph fifty-four contain an implied legal standard and do not require a response. Out of an abundance of caution, the allegations are denied.

46.

The allegations contained in Paragraph fifty-five do not require a response.

47.

The allegations contained in Paragraph fifty-six contain an implied legal standard and do not require a response. Out of an abundance of caution, the allegations are denied.

48.

The allegations contained in Paragraph fifty-seven do not require a response.

49.

The allegations contained in Paragraph fifty-eight contain an implied legal standard and do not require a response. Out of an abundance of caution, the allegations are denied.

**IN FURTHER ANSWERING:**

50.

The defendants specifically deny any and all relief prayed for by the plaintiff.

51.

The defendants are entitled to recover reasonable expenses, including reasonable attorney fees, incurred for having to defend against this suit because it has no basis in law or in fact and such would have been apparent to the plaintiff upon reasonable inquiry.

52.

The defendants are entitled to and request a trial by jury on all triable issues.

**WHEREFORE,** defendants James LeBlanc, Burl Cain, Darrell Vannoy, Joe Lamartiniere, Cathy Fontenot, Richard Peabody, and Richard Stalder[2] pray that, after due proceedings are had, including trial by jury, that judgment be rendered in their favor, dismissing the plaintiff's complaint at his cost and awarding reasonable expenses, including attorney fees, to the defendants.

    Respectfully submitted,

    **JAMES D. "BUDDY" CALDWELL**
    Attorney General
    State of Louisiana

BY:   /s/ Matthew J. Davis
       Matthew J. Davis (LSBA # 34508)
       Assistant Attorney General
       **Louisiana Department of Justice**
       Litigation Division, Civil Rights Section
       1885 North Third Street, 4th Floor
       Post Office Box 94005 (70804-9005)
       Baton Rouge, Louisiana 70802
       Telephone:   225-326-6405
       Facsimile:    225-326-6495
       E-mail:       davism@ag.state.la.us

---

[2] Undersigned counsel is not making an appearance for any defendant who has not been properly served.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading entitled, *Answer and Defenses with Jury Demand,* was filed using the Court's CM/ECF system today, July 21, 2014.

Baton Rouge, Louisiana.

/s/ Matthew J. Davis
Matthew J. Davis (LSBA # 34508)