UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**KENNY WHITMORE (#86468)**

**VERSUS**                                                  **CIVIL ACTION NO. 14-0004-JJB-RLB**

**N. BURL CAIN, WARDEN, ET AL.**

*****************************************************************************

**INTERROGATORIES AND REQUESTS FOR ADMISSIONS
AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**TO**:   Kenny Whitmore
Through his attorneys of record:
Michelle M. Rutherford
David N. Luder
Sarah L. Rubin
Erica A. Therio
Barrasso Usdin Kupperman Freeman & Sarver, LLC
909 Poydras Street, Suite 2400
New Orleans, LA  70112

**NOW COME** Burl Cain, Darrell Vannoy, James M. LeBlanc, Cathy Fontenot, Joe Lamartiniere, Richard Stalder and Richard Peabody ("Defendants"), who, pursuant to Rules 33 and 36 of the Federal Rules of Civil Procedure, propound the following Interrogatories, Requests for Admissions and Requests for Production of Documents upon Kenny Whitmore.  You are instructed to respond to this discovery under oath, all within the delays set forth by the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

If you assert that an interrogatory, request for admissions or request for production of documents is objectionable, state your objection clearly and specifically identify which parts of the interrogatory or requests are objectionable and why.  If you assert part of an interrogatory or request is objectionable, respond to the remaining parts.  If you choose to respond to an interrogatory by producing documents, clearly indicate to which interrogatory and subparagraph the documents are responsive.

If you cannot answer any portion of the interrogatories in full, after exercising due diligence to secure the information to do so, then so state, and provide responses to the extent possible, specifying your inability to answer the remainder.  If you cannot respond to any request

for production in full after exercising due diligence to obtain the requested documents, so state and respond to the extent possible, specifying the reason for your inability to respond, stating whatever documents or knowledge you have which concern the documents not produced, and detailing what you did in attempting to secure these documents.

If a claim of privilege is asserted concerning any information or any document, identify as to each, where applicable: (1) its date; (2) its author; (3) its recipient; (4) its subject matter and (5) the basis of the privilege asserted.

In answering the requests for production, furnish all documents, however obtained, which are available to you, including all documents now or formerly in your possession, your agents' possession, and your attorneys' possession, or appearing in your records.

These interrogatories, requests for admissions and requests for production of documents are to be read in the broadest terms allowable under the Rules of Federal Procedure.

## DEFINITIONS

1. "All" includes the word "any," and "any" is inclusive of the word "all."

2. "And," and "or" are intended to be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.

3. The term "Communication" shall mean any and all communications, including but not limited to, any conference, conversation, correspondence, dialogue, dissertation, exchange, interchange, inter-communication, announcement, annunciation, declaration, disclosure, dissemination, divulgement, information, message, memoranda, news, notification, proclamation, report, revelation, utterance, writing, expression, transmission, facsimile, sign, notification, instruction, electronic messages from computers, personal digital assistants, cellular telephones, instant electronic messages, e-mail and any other communication.

4. The term "Document" shall be broadly construed to include, without limitation, every writing, record, drawing, graph, chart, photograph, phono-records, or any other type of retrievable compiled data, including electronic data or digital data, electronic images contained in a tangible medium, electronically stored information contained within any computer network, personal computer, personal digital assistant, cellular telephone, or other medium, as well as all accompanying attachments and appendices. For purposes of these requests, any draft or revision of a document, transcript or record of conversation, or any document or copy of a document which contains any annotation, addition, deletion, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to production.

5. The terms "Identify," "Describe," or "State:"

    A. When used in reference to an individual shall mean to state his full name, present or last known address (include street address, city, state, and zip code), present occupation and present or last known business address.

    B. When used in reference to a document shall mean to state and describe the document, date, authorship, addressee, its present location, the name and address of its custodian, and the substance of its contents thereof. In lieu of identifying any document, copies may be attached to your answer.

    C. When used in reference to any action, occurrence, occasion, meeting, transaction, or conduct ("act") shall mean to set forth the date of the events constituting each act, the location of each act, the date or persons participating, present, or involved and the documents relating or referring in any way to it.

    D. When used in reference to any discussion, communication, conversation, or statement shall mean to state the date of the conversation, the place where it occurred, the names and address of the persons involved in the conversation and their business or governmental affiliations, the name and address of any other person who, though not present, are involved or possess information concerning the existence or nature of such communications and set forth the substance of the conversations.

6. "Each" includes the word "every," and "every" includes the word "each."

7. The term(s) "You" and "Your" mean Kenny Whitmore and any and every individual acting on behalf of any of you, including agents, employees, attorneys, investigators and representatives.

8. The term "Person" includes, but is not limited to, any natural person, corporation, partnership, joint venture, association, company, group, organization, trust, estate, business or governmental entity or agency (public or private) and any entity of any description that has a separate identity, recognized in law or in fact to have legal rights and obligations. Any reference to a person that is not a natural person includes its present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives and all other persons acting or purporting to act on behalf of the person or entity, and also its subsidiaries, affiliates, divisions, predecessors and successors in interest.

**INTERROGATORIES
AND REQUESTS FOR ADMISSION**

**INTERROGATORY NO. 1:**

    Please Identify every individual you may call to testify at the trial in this matter.

**INTERROGATORY NO. 2:**

Please Identify all Documents and Communications that you may introduce into evidence at the trial in this matter.

**INTERROGATORY NO. 3:**

Please Identify all Communications and Documents, whether written, verbal, digital, or electronic, exchanged between You and any third party that Relate to or Refer to the matters at issue in this lawsuit.

**INTERROGATORY NO. 4:**

Please Identify each Person known by You to have knowledge of any matters at issue in this lawsuit.

**REQUEST FOR ADMISSIONS NO. 1:**

Do you admit that you are aware of no facts that support your claims against James LeBlanc or Richard Stalder other than the facts alleged in paragraph 46 of the First Amended Complaint?

**INTERROGATORY NO. 5:**

If your response to Request for Admissions No. 1 is anything other than an unqualified admission, then please identify each and every act or omission that you contend supports your claims against Richard Stalder or James LeBlanc.  With respect to each such act or omission that you identify, please state the date or dates the act occurred, the location(s), the witnesses to the act and the harm suffered by you as a result of each act.

**REQUEST FOR ADMISSIONS NO. 2:**

Do you admit that you are aware of no facts to support your claims against Burl Cain other than the claims identified in paragraphs 38, 39, 41-43 and 48 of the First Amended Complaint?

**INTERROGATORY NO. 6:**

Please identify each and every act or omission that you contend supports your claims against Burl Cain. With respect to each such act or omission that you identify, please state the date or dates the act occurred, the location(s), the witnesses to the act and the harm suffered by you as a result of each act.

**REQUEST FOR ADMISSIONS NO. 3:**

Do you admit that you are aware of no facts to support your claims against Richard Peabody, Cathy Fontenot, Darryl Vannoy, or Joe Lamartiniere other than the claims identified in paragraphs 38, 39, 43 and 48 of the First Amended Complaint?

**INTERROGATORY NO. 7:**

Please identify each and every act or omission that you contend supports your claims against Richard Peabody, Cathy Fontenot, Darryl Vannoy, or Joe Lamartiniere. With respect to each such act or omission that you identify, please state the date or dates the act occurred, the location(s), the witnesses to the act and the harm suffered by you as a result of each act. Include in your response an explanation of exactly how you claim that each of these individuals "influenced or participated in the decision of the Lockdown Review Board to refuse to release Mr. Whitmore. . . ."

**REQUEST FOR ADMISSIONS NO. 4:**

Do you admit that you are aware of no facts to support your claims against Sam Smith, Robert Rachal, Paul Meyers, Randy Ritchie, Tom Norris, Susan Fairchild, or Honeycutt other than the acts taken by them in their roles as members of one or more lockdown review boards?

**INTERROGATORY NO. 8:**

If you do not admit Request for Admission No. 4 without qualification, then please identify each and every act or omission that you contend supports your claims against Sam

Smith, Robert Rachal, Paul Meyers, Randy Ritchie, Tom Norris, Susan Fairchild, or Honeycutt. With respect to each such act or omission that you identify, please state the date or dates the act occurred, the location(s), the witnesses to the act and the harm suffered by you as a result of each act.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce a copy of any document referred to in any of the Interrogatories set forth above.

**REQUEST FOR PRODUCTION NO. 2:**

Produce a copy of any document that you contend supports your response to any interrogatory and any document that you contend supports your denial of any request for admission.

**REQUEST FOR PRODUCTION NO. 3:**

Produce a copy of all Communications and Documents that You may introduce at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 4:**

Produce copies of all letters or other correspondence written by You or on Your behalf that could relate in any way to the allegations of the First Amended Complaint, including but not limited to the letters referenced in paragraph 48 of the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 5:**

With respect to each person that you may call to testify at trial, please produce the following:

   a.   Every statement authored by, and every recorded or transcribed or published Document given by or on behalf of, the potential witness that relates in any way to You or relates

to any issue in this lawsuit. Include any statement that may have been posted on websites or other electronic data sources.

     b.     Any Documents or Communications that relate to testimony that may be given by the individual at trial.

     c.     Any Documents or Communications that may be introduced into evidence in connection with that witnesses' testimony.

     Respectfully submitted,

     **JAMES D. "BUDDY" CALDWELL**
     Louisiana Attorney General


     *s/ Richard A. Curry*
     Richard A. Curry, TA La Bar Roll 4671
     M. Brent Hicks, La Bar Roll 23778
     McGlinchey Stafford, PLLC
     301 Main Street, 14th Floor
     Baton Rouge, Louisiana 70801
     Telephone: (225) 383-9000

     Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Interrogatories has been served on the following counsel via the Court's ECF system and/or United States mail, postage prepaid and properly addressed to:

   Michelle M. Rutherford
   Barrasso Usdin Kupperman Freeman & Sarver, LLC
   909 Poydras Street, Suite 2400
   New Orleans, LA  70112

Baton Rouge, Louisiana, this 20th day of November, 2014.

     *s/ Richard A. Curry*
     Richard A. Curry