UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNY WHITMORE** | * | **CIVIL ACTION** |
| **(DOC No. 86468)** | * | |
| | * | **NO. 14-004-JWD-RLB** |
| | * | |
| **VERSUS** | * | **JUDGE JOHN W. DEGRAVELLES** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **WARDEN BURL CAIN, ET AL** | * | **RICHARD L. BOURGEOIS, JR.** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR RULE 7(A) REPLY**</u>

**MAY IT PLEASE THE COURT:**

On May 14, 2014, the plaintiff, Kenny Whitmore, ("Whitmore") filed a First Amended Complaint,[1] in which he asserts claims for injunctive relief and damages against the Defendants.[2] In response, the Defendants asserted qualified immunity as an affirmative defense.[3] The Defendants now request that plaintiff be required to file a reply pursuant to Federal Rule of Civil Procedure 7(a) in response to the Defendants' qualified immunity defense.

**I.    INTRODUCTION**

The plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of his First, Eighth, and Fourteenth Amendment rights arising from the U.S. Constitution and 42 U.S.C. §1983. Whitmore, an inmate incarcerated at the Louisiana State Penitentiary at Angola

---

[1] Doc. No. 8.
[2] The individuals who have been named and served with notice of this litigation include N. Burn Cain, Richard Stalder, James M. LeBlanc, Richard Peabody, Cathy Fontenot, Darrel Vannoy, and Joe Lamartiniere ("Defendants"). Plaintiff has also filed suit against Sam Smith, Robert Rachel, Paul Meyers, Randy Ritchie, Tom Norris, Susan Fairchild, Unknown Honeycutt, and Doe defendants 1-15; to date, service has not been perfected on any of these individuals. Undersigned counsel is not making an appearance for any individual who has not yet been served.
[3] Doc. No. 20, p. 2.

("LSP"), claims to have been held in extended lockdown for most of his tenure at LSP.[4] Whitmore was released into the general population for a short time in 1984.[5] Then in July 1986, Whitmore attempted to escape the facility and was returned to extended lockdown after being returned to LSP.[6] Whitmore was classified as an "extended lockdown inmate."[7]

Whitmore has failed to plead facts sufficient to overcome qualified immunity and support his claim for damages against the Defendants individually. Whitmore's allegations against the individual defendants are conclusory in nature, failing to meet the heightened pleading requirement necessary to bring a claim for damages against a public official in their individual capacity.[8] For this reason, Whitmore must either set forth specific allegations as to each Defendant detailing why each Defendant may be individually liable for damages, or else his claims for damages must be dismissed based on qualified immunity.

Whitmore has no vested liberty interest arising out of his initial classification, which included his confinement in extended lockdown, and the Defendants are entitled to assert their good faith qualified immunity to the claims asserted against them.[9] The Defendants also are entitled to qualified immunity on the plaintiff's claims because he was not deprived of a protected liberty interest the existence of which is clearly established today or was clearly

---

[4] Doc. No. 8, ¶¶19, 46, 52, 56, 58.
[5] Doc. No. 8, ¶21.
[6] Doc. No. 8, ¶¶23, 25.
[7] Doc. No. 8, ¶19.
[8] *Shultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc).
[9] Whitmore plead that he was initially classified as an extended lockdown inmate. However, "[g]enerally, courts are not concerned with a prisoner's initial classification level based on his criminal history before his incarceration. [The Fifth Circuit] has continued to hold . . . that an inmate has no protectable liberty interest in his classification." *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003) citing *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998); *Woods v. Edwards*, 51 F.3d 577, 581-82 (5th Cir. 1995).

established at the time of the events in question. Whitmore must either set forth specific grounds upon which liability could be based or have his claim dismissed.

## II.    THE ALLEGATIONS OF THE COMPLAINT.

Whitmore has named several groups of state employees as defendants. Specifically, Whitmore includes summary allegations against the "Secretaries"[10] the "Wardens"[11] and the "Lockdown Review Board Members."[12] The allegations against each of these individuals are extremely vague and conclusory. Defendants seek a Rule 7(a) reply in response to their assertion of qualified immunity.

Whitmore includes only one paragraph concerning the Secretaries' role in the case. According to Whitmore, the Secretaries should be personally liable for damages based upon Whitmore's claim that they were "aware that Mr. Whitmore has been confined in extended lockdown for 35 years and have refused to take any action to end this inhumane situation."[13]

Whitmore includes little more about the Wardens. Whitmore makes conclusory statements that he is being held in extended lockdown based upon his "perceived political affiliation and political beliefs" because two of the Wardens "fear that [Whitmore] will 'organize

---

[10] The Secretaries are: Richard Stalder, former Secretary of the LDPS and James M. LeBlanc, Secretary of the LDPS.

[11] The Wardens are: N. Burl Cain, Warden of LSP; and Richard Peabody, Cathy Fontenot, Darrel Vannoy, and Joe Lamartiniere, who are all assistant wardens at LSP.

[12] The Lockdown Review Board Members are: Sam Smith, deputy warden and member of the LRB; Robert Rachal, a major at LSP and member of the LRB; Paul J. Myers, a major at LSP and member of the LRB; Randy Ritchie, a classification officer at LSP and member of the LRB; Tom Norris, a classification officer at LSP and member of the LRB; Susan Fairchild, classification officer and member of the LRB; Defendant Honeycutt, a classification officer at LSP and member of the LRB; and Doe defendants 1-15, officers at LSP and members of the LRB.
None of the LRB Defendants have been served with the Complaint, and, as such, undersigned counsel is not making an appearance on their behalf.

[13] Doc. No. 8, ¶46.

new inmates.'"[14] Whitmore alleges that two of the Wardens are aware of his continued confinement but have failed to take any action to relieve him from extended lockdown.[15]

The plaintiff alleges that the Wardens "influenced or participated in the decisions of the Lockdown Review Board to refuse to release [him] from extended lockdown[,]"[16] and that the Wardens have "failed to take any action to facilitate his release from extended lockdown or to secure him a fair hearing on whether he poses a danger in the general prison population."[17] These allegations, without more, are insufficient to subject the Wardens to a suit seeking damages from them individually.

Included among general allegations against the Lockdown Review Board are bare-boned allegations that the Lockdown Review Board Members "reviewed and extended [his] confinement in extended lockdown"[18] and "reviewed and extended [his] extended lockdown."[19] Again, there are no specific allegations as to the persons against whom Whitmore has sought to obtain a money judgment against individually.

## III. LAW AND ARGUMENT

### A. A DEFENSE OF QUALIFIED IMMUNITY TRIGGERS A RULE 7(a) REPLY.

#### 1. The general law on qualified immunity.

Government officials "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

---

[14] Doc. No. 8, ¶43.
[15] Doc. No. 8, ¶48.
[16] Doc. No. 8, ¶38.
[17] Doc. No. 8, ¶39.
[18] Doc. No. 8, ¶33.
[19] Doc. No. 8, ¶34.

constitutional rights of which a reasonable person would have known."[20] The defense of qualified immunity is available when a public official is sued in his *individual* capacity for an action or inaction which allegedly violates a clearly established constitutional right. The Fifth Circuit has explained that "where an official's duties legitimately require action in which clearly established rights are not implicated the public interest may be better served by action taken 'with independence and without fear of consequences.'"[21] Thus, qualified immunity protects public officials from damage claims asserted against them in their individual capacity.

The bifurcated test for qualified immunity is familiar and asks: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident.[22]

First, a court must determine whether the plaintiff has alleged a "violation of a clearly established constitutional right."[23] This a "purely legal question" to be determined by the Court.[24] The court uses "currently applicable constitutional standards to make this assessment."[25]

The second prong of the qualified immunity test is better understood as two separate inquires: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, <u>whether the specific conduct of the individual defendants was</u>

---

[20] *Mitchell v. Forsyth*, 105 S.Ct. 2806, 2810 (1985) citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).
[21] *Id.* quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 819, 102 S.Ct. 2727, 2738 (1982).
[22] *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir. 1998); *Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir. 1994). In *Person v. Callahan*, 129 S.Ct. 808 (2009), the Court retreated from this "rigid order of battle," granting lower courts discretion over the order of the analysis and making step one optional when immunity is required at step two. *See also, Camreta v. Greene*, 131 S.Ct. 2020, 2031 (2011).
[23] *Hare*, 135 F.3d at 325-26; *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 800 (1996).
[24] *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).
[25] *Hare*, 135 F.3d at 326.

<u>objectively unreasonable in the light of that then clearly established law</u>.[26] The court must determine whether an alleged right was established with sufficient particularity that a reasonable official could anticipate his actions would violate that right.[27] The reasonableness of the conduct must be assessed in light of the law as it existed at the time of the conduct in question.[28]

Qualified immunity protects government officials performing duties during the course of their employment and prevents damages against a government official, in his individual capacity, unless the plaintiff can articulate specific instances of conduct which would violate one's constitutional right, which was clearly established at the time in question. Unless the above referenced showing can be made, qualified immunity protects a government official from being penalized, through money damages, for actions or inactions taken in the course of his employment. For this reason, allegations must be sufficiently detailed in order to overcome the broad defense of qualified immunity.

### B. WHITMORE'S FIRST AMENDED COMPLAINT FALLS SHORT OF THE *SCHULTEA* HEIGHTENED PLEADING REQUIREMENT.

The bare allegations contained in Whitmore's First Amended Complaint are insufficient to meet the heightened pleading requirement; thus, a 7(a) reply is warranted.

#### 1. A Rule 7(a) Reply is proper once a defendant has raised the defense of qualified immunity.

The Fifth Circuit has instructed that when a plaintiff sues a public official under §1983, the court "must insist on heightened pleading by the plaintiff."[29] In this case, Whitmore's §1983

---

[26] *Id.* (emphasis added).
[27] *Anderson v. Creighton*, 107 S.Ct. 3034, 3039 (1987); *Davis v. Scherer*, 104 S.Ct. at 3019-20.
[28] *Harper*, 21 F.3d at 601.
[29] *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) citing *Schultea v. Wood,* 47 F.3d 1427, 1433.

claims were brought against the Defendants in both their official and individual capacities,[30] and in response, the Defendants raised qualified immunity as an affirmative defense in their answer to the First Amended Complaint.[31] A heightened pleading standard exists for this matter, as qualified immunity has been implicated.[32]

In *Schultea v. Wood*, the Fifth Circuit discussed the procedural aspects of the required heightened pleading requirement.[33] *Schultea* provides that, in response to the affirmative defense of qualified immunity, the court may require a plaintiff to file a reply to the defendant's answer pursuant to Rule 7(a).[34] In so doing, "[t]he court must first demand that the plaintiff must file 'a short and plain statement of his complaint that rests on more than conclusions alone.'"[35] "Next, the court may, in its own discretion, insist that the plaintiff file a reply tailored to an answer pleading the defense of qualifies immunity."[36] In a Rule 7(a) reply, the plaintiff must engage the allegations that support qualified immunity.[37]

The Fifth Circuit has explained that "[a]s the *Schultea* court made clear, '[v]indicating the immunity doctrine will ordinarily require such a reply, and the district court's discretion not to do so is narrow indeed when greater detail might assist'"[38] In fact, when "[f]aced with sparse details of claims wrong doing by officials, trial <u>courts ought routinely require plaintiffs to file a</u>

---

[30] Doc. No. 8, ¶¶ 4-18.
[31] Doc. No. 20, p. 2.
[32] *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996); *Shultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc); *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999), citing *Schultea,* 47 F.3d at 1430 ("[t]he *Schultea* rule governing the Rule 7(a) reply is an instantiation of the more general principle that 'heightened pleading' is needed in qualified immunity cases."); *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 995, n. 11 (5th Cir. 1995), *cert. den.* 115 S.Ct. 2555 (1995) (explaining the jurisprudence establishing the heightened pleading standard).
[33] *Schultea*, 47 F.3d 1427.
[34] *Id.* at 1430, 1434.
[35] *Morin*, 77 F.3d at 121 quoting *Schultea*, 47 F.3d at 1433.
[36] *Schultea*, 47 F.3d at 1434.
[37] *See Schultea*, 47 F.3d at 1433.
[38] *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) quoting *Schultea*, 47 F.3d at 1434.

reply under Federal Rule of Civil Procedure 7(a) to qualified immunity defenses."[39]  As stated by the Fifth Circuit, "[t]he Supreme Court's refinement of qualified immunity jurisdiction has only made the more important *Schultea*'s emphasis upon the reply as a tool of the trial court insisting on particularity in the pleading."[40]

### 2. The plaintiff has not pled sufficient facts to overcome the invocation of qualified immunity by the Secretaries.

Whitmore includes both the current and former DPSC Secretaries as Defendants in this lawsuit; however, *he fails to include a single allegation of either Secretary's specific action upon which his claim is based*.  The sole mention of the Secretaries is in Paragraph 46 of Whitmore's First Amended Complaint, and provides that "[o]n information and believe, defendants Stalder and LeBlanc are aware that Mr. Whitmore has been confined in extended lockdown for 35 years and have refused to take any action to end this inhumane situation."  Whitmore's broad conclusion that the Secretaries "are aware" of his situation and "have refused to take any action" are simply not enough to withstand the Secretaries' assertion of qualified immunity.  Whitmore has failed to allege specific actions or inactions taken by Secretary Stalder and/or Secretary LeBlanc.

There are no allegations regarding either of the Secretaries' conduct towards Whitmore.  The Defendants request that this Court require the plaintiff to provide a Rule 7(a) reply which sets forth a short and clear statement of his complaints, and which do more than rest solely on conclusions, as to the Secretaries.  Whitmore must assert allegations to overcome qualified immunity as to each of the Secretaries, and in doing so, state, with specificity, any alleged

---

[39] *Id*. at 161 quoting *Schultea*, 47 F.3d at, 1430, 1432 (emphasis added).
[40] *Id*.

actions or inactions which the Secretaries took that are in violation of Whitmore's clearly established rights.

### 3. The plaintiff's allegations regarding the Wardens are insufficient to defeat their defense of qualified immunity.

The plaintiff's First Amended Complaint alleges that the Wardens "influenced or participated in the decisions of the Lockdown Review Board to refuse to release [him] from extended lockdown[,]"[41] and that each of the Wardens have "failed to take any action to facilitate his release from extended lockdown or to secure him a fair hearing on whether he poses a danger in the general prison population."[42]

The First Amended Complaint, however, fails to allege any specific or independent action taken by any one of the Wardens. As currently plead, these allegations are mere speculation and conclusions and are wholly devoid of any facts. No allegations are made discussing particular actions taken by each of the individual Wardens which could give rise to the plaintiff's §1983 claim for damages against them. It is insufficient to group the Wardens together and omit facts regarding specific conduct each has taken in violation of Whitmore's rights.

The United States Supreme Court has made clear that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."[43] The Fifth Circuit has also established that "[u]nder section 1983, supervisory

---

[41] Doc. No. 8, ¶38.
[42] Doc. No. 8, ¶39.
[43] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978). It is of no consequence that these Defendants are being sued in their personal and official capacities, as "the doctrine of *respondeat superior* does not apply to a section 1983 action regardless of whether the [public official] sued was in his personal or official capacity." *Singleton v. Sears, Roebuck & Co.*, 703 F.Supp. 500, 501 (M.D. La. 1989).

officials are not liable for the actions of subordinates on any theory of vicarious liability."[44] Pursuant to this principle, "[t]he law is now settled that in a section 1983 action a Louisiana [public official] may not be held liable for the acts of his deputies under the doctrine of *respondeat superior* or any other theory of vicarious liability."[45] Claims by the plaintiff alleging, in effect, *respondeat superior* liability under § 1983 on the part of the Wardens are insufficient. Thus, to meet the pleading requirements necessary to overcome qualified immunity in a §1983 action, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions…violated the Constitution."[46]

Whitmore's broad, all-encompassing allegations fail to establish how each Warden violated a clearly established constitutional right held by the plaintiff. As explained above, these allegations cannot simply allude to liability under the theory of *respondeat superior*. Instead, it is proper for the plaintiff to be required to submit a *Schultea* reply explaining, with specificity, the **individual** grounds upon which **each** of the Wardens allegedly violated a clearly established constitutional right held by Whitmore for which they could be held individually liable for damages under current law.

## IV.   CONCLUSION

The plaintiff's exceedingly vague, general and conclusory allegations in the First Amended Complaint do not meet the pleading requirements set forth by the United States Supreme Court and the Fifth Circuit Court of Appeals for asserting damages claims for constitutional violations against public officials in their individual capacity. For these reasons,

---

[44] *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 286 (5th Cir. 2002) ("liability under the doctrine of *respondeat superior* is not cognizable in § 1983 actions").
[45] *Campbell v. Bergeron*, 486 F.Supp. 1246, 1248 (M.D. La. 1980).
[46] *See Ashcroft*, 556 U.S. at 677 (emphasis added).

this Court should order the plaintiff to reply to the Defendants' assertion of qualified immunity by setting forth, with specificity, facts which would defeat their qualified immunity defense pursuant to Federal Rule of Civil Procedure 7(a) or have their claims against the Defendants in their individual capacity dismissed.

Respectfully submitted,

JAMES D. "BUDDY" CALDWELL
Louisiana Attorney General


*/s/Richard A. Curry*
Richard A. Curry, TA La Bar Roll 4671
M. Brent Hicks, La Bar Roll 23778
McGlinchey Stafford, PLLC
301 Main Street, 14th Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 383-9000

ATTORNEYS FOR DEFENDANTS, BURL CAIN, DARRELL VANNOY, JAMES M. LEBLANC, CATHY FONTENOT, JOE LAMARTINIERE, RICHARD STALDER AND RICHARD PEABODY

**CERTIFICATE OF SERVICE**

**I CERTIFY** that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record, by operation of the court's electronic filing system.

Baton Rouge, Louisiana on this 10th day of December, 2014.

*/s/Richard A. Curry*
Richard A. Curry