UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNY WHITMORE** | * | **CIVIL ACTION** |
| **(DOC No. 86468)** | * | |
| | * | **NO. 14-004-JWD-RLB** |
| | * | |
| **VERSUS** | * | **JUDGE JOHN W. DEGRAVELLES** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **WARDEN BURL CAIN, ET AL** | * | **RICHARD L. BOURGEOIS, JR.** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS'[1] MEMORANDUM IN SUPPORT OF
MOTION TO STAY DISCOVERY**

**MAY IT PLEASE THE COURT:**

On May 14, 2014, the plaintiff, Kenny Whitmore, ("Whitmore") filed a First Amended Complaint,[2] in which he asserted claims for injunctive relief and damages. In response, the Defendants asserted qualified immunity as an affirmative defense.[3] Defendants filed a motion to compel a Rule 7(a) Reply from the plaintiffs, and Defendants now seek a stay of discovery until the defense of qualified immunity has been determined by this Court.

**I.    INTRODUCTION AND BACKGROUND.**

In this 28 U.S.C. §1983 action, the plaintiff seeks damages and injunctive relief against various employees of the Louisiana State Penitentiary at Angola ("LSP"), including the

---

[1] This memorandum is filed by the following Defendants who have been properly served with notice of this litigation: James LeBlanc, Burl Cain, Darrell Vannoy, Joe Lamartiniere, Cathy Fontenot, Richard Peabody and Richard Stalder.
Plaintiff has also named as defendants Sam Smith, Robert Rachal, Paul Myers, Randy Ritchie, Tom Norris, Susan Fairchild, Unknown Honeycutt, and Doe defendants 1-15. To date, service has not been perfected on any of these defendants. Undersigned counsel is not making an appearance for any Defendant who has not been properly served.
[2] Doc. No. 8.
[3] Doc. No. 20, p. 2.

"Secretaries,"[4] the "Wardens,"[5] and the "Lockdown Review Board Members."[6] The Defendants are named in both their official and individual capacities.[7]

In their Answer to the First Amended Complaint (the "Answer"),[8] the Defendants asserted the affirmative defense of qualified immunity.[9] The Defendants also filed a motion to order the plaintiff to file a Rule 7(a) Reply to respond to their assertion of qualified immunity. The Defendants have asked that discovery be stayed until the defense of qualified immunity has been determined by this Court.

## II. DISCOVERY SHOULD BE STAYED UNTIL THE COURT HAS ADDRESSED THE DEFENDANTS' QUALIFIED IMMUNITY DEFENSE.

Discovery is routinely stayed in response to an assertion of qualified immunity.[10] The U.S. Supreme Court has described the defense of qualified immunity as an "immunity from *suit* rather than a mere defense to liability."[11] "The purpose of the [qualified immunity] doctrine is to avoid 'distraction of officials from their governmental duties, inhibition of discretionary action,

---

[4] The Secretaries are: Richard Stalder, former Secretary of the LDPS and James M. LeBlanc, Secretary of the LDPS.
[5] The Wardens are: N. Burl Cain, Warden of LSP; and Richard Peabody, Cathy Fontenot, Darrel Vannoy, and Joe Lamartiniere, who are all assistant wardens at LSP.
[6] The Lockdown Review Board Members are: Sam Smith, deputy warden and member of the LRB; Robert Rachal, a major at LSP and member of the LRB; Paul J. Myers, a major at LSP and member of the LRB; Randy Ritchie, a classification officer at LSP and member of the LRB; Tom Norris, a classification officer at LSP and member of the LRB; Susan Fairchild, classification officer and member of the LRB; Defendant Honeycutt, a classification officer at LSP and member of the LRB; and Doe defendants 1-15, officers at LSP and members of the LRB.
None of the LRB Members have been served with the Complaint, and, as such, undersigned counsel is not making an appearance on their behalf.
[7] Doc. No. 8, ¶¶4-18.
[8] Doc. No. 20.
[9] *Id.*, p. 2.
[10] *See, e.g., Robinson v. Saucier*, 1:10cv556-HSO-JMR, 1:11cv245-HSO-JMR (S.D. Miss. 05/15/14), 2014 WL 1976583, at *2 (slip opinion) (explaining that the court was "required" to stay the case once the qualified immunity issue was raised); *Aragona v. Berry*, 3:10-CV-1610-G (N.D. Tex. 03/09/11), 2011 WL 816812 (granting defendants' motion to stay all discovery while defendants' motion to dismiss or alternatively for a Rule 7 Reply were pending); *McCullough v. Quarterman*, H-06-3974 (S.D. Tex. 10/11/07), 2007 WL 2986768, at *2 (describing a stay of discovery as "appropriate until the threshold question of qualified immunity is resolved").
[11] *Pearson v. Callahan*, 555 U.S. 223, 237, 129 S.Ct. 808, 818 (2009).

and deterrence of able people from public service.'"[12]  Therefore, [c]ourts have an obligation . . . to carefully scrutinize a plaintiff's claim before subjecting public officials to the burdens of broad-reaching discovery."[13]  Indeed, the Fifth Circuit has described "protection from pretrial discovery, which is costly, time-consuming and intrusive" as "[o]ne of the most salient benefits of qualified immunity."[14]

In *Wicks v. Mississippi State Employment Services*, the Fifth Circuit determined that discovery should not issue until the court considers whether the facts alleged are sufficient to meet the heightened pleading requirement on a motion to dismiss.[15]  Additionally, in *Schultea v. Wood*, the Fifth Circuit stated that:

> The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.[16]

The Defendants' Motion for a Rule 7(a) Reply asserts that the allegations in the First Amended Complaint are wholly insufficient as they lack any theory or facts that would subject the Defendants to liability.[17]  The First Amended Complaint does not identify specific conduct

---

[12] *See Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987) quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982).
[13] *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986) citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2816.
[14] *Backe v. LeBlanc*, 691 F.3d 645, 548 (5th Cir. 2012) citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986).
[15] 41 F.3d 991, 996 (5th Cir. 1995), *cert. denied*, 515 U.S. 1131, 115 S.Ct. 2555 (1995) (considering a stay of discovery in the context of a motion to dismiss.)
[16] *Id.*
[17] Although the Defendants have utilized a different procedural mechanism than the defendant in *Wicks*, the effect is the same.  The defendant in *Wicks* filed a "Motion to Dismiss, or in the Alternative, for Summary Judgment" and a "Motion to Hold Discovery in Abeyance" to stay discovery while the qualified immunity defense was pending. *Wicks*, 41 F.3d at 993-94.

which would be required to defeat the Defendants' assertion of qualified immunity. As such, no discovery should be permitted at this time.

It would be unfair, unduly burdensome and prejudicial to permit discovery until the Court determines whether a *Schultea* reply is warranted.

### III.  CONCLUSION.

For all of these reasons, this Court should stay discovery.

>Respectfully submitted,
>
>JAMES D. "BUDDY" CALDWELL
>Louisiana Attorney General
>
>
>*/s/Richard A. Curry*
>Richard A. Curry, TA La Bar Roll 4671
>M. Brent Hicks, La Bar Roll 23778
>McGlinchey Stafford, PLLC
>301 Main Street, 14th Floor
>Baton Rouge, Louisiana 70801
>Telephone: (225) 383-9000
>
>ATTORNEYS FOR DEFENDANTS, BURL CAIN, DARRELL VANNOY, JAMES M. LEBLANC, CATHY FONTENOT, JOE LAMARTINIERE, RICHARD STALDER AND RICHARD PEABODY

### CERTIFICATE OF SERVICE

**I CERTIFY** that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record, by operation of the court's electronic filing system.

Baton Rouge, Louisiana on this 10th day of December, 2014.

>*/s/Richard A. Curry*
>Richard A. Curry