## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNY WHITMORE** | * | **CIVIL ACTION NO. 14-4-JWD-RLB** |
| **(DOC NO. 86468)** | * | |
| | * | **JUDGE JOHN W. DEGRAVELLES** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **N. BURL CAIN, WARDEN, ET AL.** | * | **RICHARD L. BOURGEOIS, JR.** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff Kenny Whitmore respectfully submits this Motion to Compel the Production of Documents from defendants N. Burl Cain, James LeBlanc, Darrell Vannoy, Joe Lamartiniere, Cathy Fontenot, Richard Peabody, Richard Stalder ("Defendants"). As discussed more fully in his Memorandum in Support of this Motion to Compel, Defendants have been under a Court Order since March 5, 2014, to produce all "medical records, administrative remedy proceedings, disciplinary proceedings, and unusual occurrence reports, and <u>all other documents pertinent to the issues in this case</u>," but have refused to produce <u>any</u> document not related to the first four categories specifically described by the Court. Defendants' refusal to produce documents required by the Order comes even after specific requests for documents that relate to the reasons for Mr. Whitmore's continued confinement in solitary, which is the very heart of his lawsuit. (Rec. Doc. 4 at p. 1) (emphasis added).

On November 25, 2014, Mr. Whitmore specifically requested three types of documents pertinent to the issues in this case:

1

1. All documents related to Mr. Whitmore's correspondence monitored by anyone at LSP; including, but not limited to, the letter or correspondence monitored, any logs, notes, internal correspondence, memoranda, emails, and any document related to LSP's monitoring of Mr. Whitmore's correspondence for all time periods relevant to this lawsuit, which includes all time periods Mr. Whitmore has been in solitary confinement.

2. All documents related to Mr. Whitmore's phone calls monitored by anyone at LSP; including but not limited to transcripts of the phone calls, logs (including the name of the phone call recipient, phone number, date, and time), notes, memoranda, emails, journal entries, notes of meetings, and any document related Mr. Whitmore's phone calls monitored by anyone at LSP.

3. All documents related to the Black Panther Party at Angola, including but not limited to Mr. Whitmore's alleged involvement in the BPP; these documents include but are not limited to notes, internal correspondence, memoranda, emails, and any document related to the Black Panther Party at Angola and Mr. Whitmore's alleged involvement in the BPP.

(Exhibit A, November 25, 2014 email from Plaintiff counsel to Defense counsel).

Defendants' response to Plaintiff's request for compliance with the Order is that they do not believe that the phrase "all other documents pertinent to the issues in this case" can be "expanded to include … all documents that in any way address or relate to Mr. Whitmore's continued confinement in CCR and the conditions of such confinement." (Exhibit B, December 8, 2014 email from Defense counsel to Plaintiff Counsel). Such assertions are without merit or basis in sound reasoning: Mr. Whitmore has sued under federal civil rights statutes for his

2

freedom from solitary and for damages associated with his wrongful confinement in solitary for over 35 years because of his political beliefs: his entire lawsuit is based on his continued confinement in solitary and the conditions of that confinement. Defendants should be required to follow the directives of this Court's Order and search for and produce the requested documents.

Plaintiff avers that he has attempted in good faith to confer with counsel for Defendant and resolve the matter without court action, as required by Federal Rule of Civil Procedure 37(a)(1). Details of this correspondence are included in Plaintiff's Memorandum in Support of this motion and the attached exhibits.

WHEREFORE, for the foregoing reasons and those discussed more fully in his memorandum in support, plaintiff Kenny Whitmore respectfully requests that this Court order Defendants to produce all documents responsive to this Court's March 5 order, including those specific categories articulated above and all documents regarding Mr. Whitmore's assignment to and continued classification in solitary confinement and the conditions of that confinement.

Further, because of the obvious relevance of these documents to the case and the clear language of this Court's March 5, 2014 order, Defendants should be ordered to pay attorneys' fees and costs associated with bringing this motion.

Respectfully submitted,

*/s/Michelle M. Rutherford*
Michelle M. Rutherford, Bar No. 34968, TA
Richard E. Sarver, Bar No. 23558
David N. Luder, Bar No. 33595
Erica A. Therio, Bar No. 34115
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:   (504) 589-9700
Facsimile:    (504) 589-9701

        Email: mrutherford@barrassousdin.com
              rsarver@barrassousdin.com
              dluder@barrassousdin.com
              etherio@barrassousdin.com

Rose Murray, Bar No. 34690
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone:	(504) 523-2500
Telecopier:	(504) 523-2508
Email: rmurray@jonesswanson.com

***Counsel for Kenny Whitmore (#86468)***

## CERTIFICATE OF SERVICE

    I hereby certify that on this 21st day of December 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.

                                    /s/Michelle M. Rutherford