# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNY WHITMORE** | * | **CIVIL ACTION NO. 14-4-JWD-RLB** |
| **(DOC NO. 86468)** | * | |
| | * | **JUDGE JOHN W. DEGRAVELLES** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **N. BURL CAIN, WARDEN, ET AL.** | * | **RICHARD L. BOURGEOIS, JR.** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff Kenny Whitmore respectfully submits this Memorandum in Support of his Motion to Compel Discovery from defendants N. Burl Cain, James LeBlanc, Darrell Vannoy, Joe Lamartiniere, Cathy Fontenot, Richard Peabody, and Richard Stalder ("Defendants"). As discussed more fully below, Defendants have been under a Court Order since March 5, 2014, to produce all "medical records, administrative remedy proceedings, disciplinary proceedings, and unusual occurrence reports, and all other documents pertinent to the issues in this case," but have refused to produce any document not related to the first four categories specifically described by the Court. Defendants' refusal to produce documents required by the Order comes even after specific requests for documents that relate to the reasons for Mr. Whitmore's continued confinement in solitary, which is the very heart of his lawsuit. (Rec. Doc. 4 at p. 1) (emphasis added).

On November 25, 2014, Mr. Whitmore specifically requested three types of documents pertinent to the issues in this case:

1

1. All documents related to Mr. Whitmore's correspondence monitored by anyone at LSP; including, but not limited to, the letter or correspondence monitored, any logs, notes, internal correspondence, memoranda, emails, and any document related to LSP's monitoring of Mr. Whitmore's correspondence for all time periods relevant to this lawsuit, which includes all time periods Mr. Whitmore has been in solitary confinement.

2. All documents related to Mr. Whitmore's phone calls monitored by anyone at LSP; including but not limited to transcripts of the phone calls, logs (including the name of the phone call recipient, phone number, date, and time), notes, memoranda, emails, journal entries, notes of meetings, and any document related Mr. Whitmore's phone calls monitored by anyone at LSP.

3. All documents related to the Black Panther Party at Angola, including but not limited to Mr. Whitmore's alleged involvement in the BPP; these documents include but are not limited to notes, internal correspondence, memoranda, emails, and any document related to the Black Panther Party at Angola and Mr. Whitmore's alleged involvement in the BPP.

(Exhibit A, November 25, 2014 email from Plaintiff counsel to Defense counsel).

Defendants' response to Plaintiff's request for compliance with the Order is that they do not believe that the phrase "all other documents pertinent to the issues in this case" can be "expanded to include … all documents that in any way address or relate to Mr. Whitmore's continued confinement in CCR and the conditions of such confinement." (Exhibit B, December 8, 2014 email from Defense counsel to Plaintiff Counsel). Such assertions are without merit or basis in sound reasoning: Mr. Whitmore has sued under federal civil rights statutes for his

2

freedom from solitary and for damages associated with his wrongful confinement in solitary for over 35 years because of his political beliefs: his entire lawsuit is based on his continued confinement in solitary and the conditions of that confinement.  Defendants should be required to follow the directives of this Court's Order and search for and produce the requested documents.

## BACKGROUND

On January 2, 2014, Mr. Whitmore filed this civil rights lawsuit pro se, alleging that his 35 years in solitary confinement was in violation of his First, Eighth, and Fourteenth Amendment rights. (Rec. Doc. 1). On March 5, 2014, this Court issued an order requiring Defendants to produce "all medical records, administrative remedy proceedings, disciplinary proceedings, unusual occurrence reports and all other documents pertinent to the issues in this case." (Rec. Doc. 4) (emphasis added). On May 15, 2014, undersigned pro bono counsel, filed a First Amended Complaint on Mr. Whitmore's behalf, alleging similar rights violations and adding facts and defendants. (Rec. Doc. 8). Counsel served all Defendants they could locate and contacted counsel for Defendants regarding discovery.

After Defendants missed the Court-ordered deadlines to produce documents[1], Plaintiff gave Defendants additional time to respond and by the end of August 2014, Defendants had produced what appears to be Mr. Whitmore's inmate file. The production included medical records, administrative remedy proceedings, disciplinary proceedings, and unusual occurrence reports. These documents did not include a single additional document that could be considered an "other document pertinent to the issues in this case."

---

[1]     This Court's March 5 Order required Defendants to produce all documents within 20 days of their first appearance or 30 days after service of the summons and complaint if no appearance had been made. (Rec. Doc. 4). Defendants file a Motion for Extension of Time to Answer on June 12, 2014 making the deadline to produce responsive documents July 2, 2014.

On November 25, 2014, counsel for Plaintiff emailed counsel for Defendant requesting "all other documents pertinent to the issues in this case," including all documents related to Mr. Whitmore's continued confinement and the conditions of that confinement. (Ex. A at p. 2). The request also noted three specific categories of documents that had not been produced:

1. All documents related to Mr. Whitmore's correspondence monitored by anyone at LSP; including, but not limited to, the letter or correspondence monitored, any logs, notes, internal correspondence, memoranda, emails, and any document related to LSP's monitoring of Mr. Whitmore's correspondence for all time periods relevant to this lawsuit, which includes all time periods Mr. Whitmore has been in solitary confinement.

2. All documents related to Mr. Whitmore's phone calls monitored by anyone at LSP; including but not limited to transcripts of the phone calls, logs (including the name of the phone call recipient, phone number, date, and time), notes, memoranda, emails, journal entries, notes of meetings, and any document related Mr. Whitmore's phone calls monitored by anyone at LSP.

3. All documents related to the Black Panther Party at Angola, including but not limited to Mr. Whitmore's alleged involvement in the BPP; these documents include but are not limited to notes, internal correspondence, memoranda, emails, and any document related to the Black Panther Party at Angola and Mr. Whitmore's alleged involvement in the BPP.

(Exhibit A, November 25, 2014 email from Plaintiff counsel to Defense counsel).

In that same email, Plaintiff offered context and relevance of the specifically requested categories, noting that Warden Cain has stated in media interviews that Mr. Whitmore's

longstanding affiliation with the Black Panther Party ("BPP") is a concern to the Warden. And, further that the Warden stated "The Black Panther Party advocates violence and racism—I'm not going to let anybody walk around advocating violence and racism." (Ex. A at p. 3).

In a subsequent phone conversation, counsel for Plaintiff informed counsel for Defendants that the Warden had also told media sources that he would monitor Mr. Whitmore's phone conversations and mail and then meet with Mr. Whitmore within two weeks of the July 2014 interview to discuss Mr. Whitmore's continued confinement in CCR.

In spite of being informed of the precise relevance of these specifically requested documents—Warden Cain has told the media that Mr. Whitmore is in solitary confinement because he believes Whitmore is associated with the BPP and further believes the BPP advocates violence and racism—counsel for Defendants refused to search for or produce the documents. (*See* Ex. B at p. 1 ("We do not believe that that phrase in the March 5 order can expanded to include your request for "all documents that in any way address or relate to Mr. Whitmore's continued confinement in CCR and the conditions of such confinement.").

## LAW AND ARGUMENT

Federal Rule 26(b)(1) provides: "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Federal Rules governing discovery "are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials." *McGee-Hudson v. AT&T*, Case No. 12-cv-538-JJB-RLB, 2013 WL 5603291, *2 (M.D. La., Oct. 11, 2013)(citing *Hebert v. Lando*, 441 U.S. 153, 99 S.Ct. 1635 (1979)).

Mr. Whitmore was placed in solitary confinement upon his arrival at the Louisiana State Penitentiary in 1977: *thirty-seven years ago*. While he was briefly reclassified into the general population for approximately 18 months between 1984 and 1985, Mr. Whitmore has a total of thirty-five years in solitary, twenty-eight of them consecutive. Warden Cain continues to keep Mr. Whitmore in solitary because of Mr. Whitmore's political beliefs, affiliation with the Black Panther Party, and contact with former members.

According to the Warden's own statements, he is monitoring Mr. Whitmore's correspondence and phone calls: "[Warden] Cain said he would monitor Whitmore's letters and telephone calls to see if the prisoner has sincerely changed." Blake Bakkila, Annabel Edwards, Edward Ferguson and Alexa Santos, *Warden considers ending Angola inmate's solitary confinement after 28 straight years*, THE ADVOCATE, July 29, 2014, *available at* http://theadvocate.com/home/9807246-125/warden-considers-ending-angola-inmates.

Warden Cain has further stated that Mr. Whitmore's alleged longstanding affiliation with the Angola chapter of the Black Panther Party is a concern to him when assessing an inmate's suitability for the general population: "[t]he Black Panther Party advocates violence and racism—I'm not going to let anybody walk around advocating violence and racism." *Id.*

To put the relevance of these documents simply, Mr. Whitmore claims he is and has been wrongfully held in solitary confinement for over 35 years. Warden Cain has verified that he believes Mr. Whitmore's association with the BPP is a cause for concern. Mr. Whitmore now requests any and all documents related to the BPP at Angola because they are relevant to the issues in this case: whether Mr. Whitmore is being wrongfully held in solitary confinement in violation of his First, Eighth, and Fourteenth Amendment rights.

The same simple logic of relevance applies to Mr. Whitmore's request for documents related to the monitoring of his mail and phone calls. Warden Cain has said he has and will monitor Mr. Whitmore's phone calls and mail to assess whether he "has sincerely changed." While Warden Cain has failed to ever discuss these issues directly with Mr. Whitmore, Mr. Whitmore is nonetheless entitled under the discovery rules and this Court's order to any and all documents related to the monitoring of his phone calls and mail correspondence.

## **CONCLUSION**

This is a case for injunctive relief and damages for wrongful and inhumane solitary confinement. The Warden himself has stated that Mr. Whitmore's correspondence, phone calls, and Black Panther Party affiliation are all contributing factors to his continued solitary confinement. Proving that this confinement and the reasons for it are in violation of Mr. Whitmore's constitutional rights is central to Mr. Whitmore's case. It is difficult to fathom how this Court's order to produce "all other documents pertinent to the issues in this case" could exclude documentation of the Warden's articulated decision-making process for keeping Mr. Whitmore in solitary confinement.

Plaintiff Kenny Whitmore respectfully requests the Court order Defendants to produce all documents responsive to this Court's March 5, 2014 Order, including those specific categories articulated above and all documents regarding Mr. Whitmore's assignment to and continued classification in solitary confinement and the conditions of that confinement.

Further, because of the obvious relevance of these documents to the case and the clear language of this Court's March 5, 2014 order, Defendants should be ordered to pay attorneys' fees and costs associated with bringing this motion.

Respectfully submitted,

*/s/Michelle M. Rutherford*
Michelle M. Rutherford, Bar No. 34968, TA
Richard E. Sarver, Bar No. 23558
David N. Luder, Bar No. 33595
Erica A. Therio, Bar No. 34115
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:     (504) 589-9700
Facsimile:     (504) 589-9701
Email: mrutherford@barrassousdin.com
        rsarver@barrassousdin.com
        dluder@barrassousdin.com
        etherio@barrassousdin.com

Rose Murray, Bar No. 34690
JONES, SWANSON, HUDDELL & GARRISON,
L.L.C.
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone:     (504) 523-2500
Telecopier:    (504) 523-2508
Email: rmurray@jonesswanson.com

***Counsel for Kenny Whitmore (#86468)***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.

*/s/Michelle M. Rutherford*

8