UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNY WHITMORE (#86468) | * | CIVIL ACTION NO.: 14-0004-JJB-RLB |
| | * | |
| VERSUS | * | |
| | * | |
| N. BURL CAIN, WARDEN, ET AL. | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSES TO DEFENDANTS'
INTERROGATORIES, REQUESTS FOR ADMISSIONS,
AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Kenny Whitmore ("Plaintiff"), hereby objects and responds to the Interrogatories, Requests for Admissions, and Requests for Production of Documents propounded by defendants Burl Cain, Darrell Vannoy, James M. LeBlanc, Cathy Fontenot, Joe Lamartiniere, Richard Stalder, and Richard Peabody (collectively, "Defendants") as follows:

**GENERAL OBJECTIONS**

1.     Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent that they seek to impose any requirement or discovery obligation other than or beyond those imposed by the Federal Rules of Civil Procedure or other applicable rules of the Court.

2.     Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent they seek information or the production of documents that are neither relevant to the disputed issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. In responding or objecting to the Interrogatories, Requests for

Admission, and Requests for Production, Plaintiff does not concede that any of the information sought therein is relevant or material to the claims or defenses of either Plaintiff or Defendants, admissible in evidence, or reasonably calculated to lead to discovery of admissible evidence.

3.   Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent that they are overbroad and unduly burdensome, specifically if they seek information already in the possession, custody, or control of Defendants.

4.   Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent that they are vague, ambiguous, or require speculation to uncover their meanings.

5.   Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent they call for information or production of documents generated subsequent to the filing of suit as they are not relevant and are protected under the attorney-client privilege, the common interest privilege, and the work product or anticipation of litigation doctrines.

6.   Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent that they call for information or production of documents that contain information protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity, or exemption from discovery. All responses and production shall exclude any such privileged or protected information and documentation. This General Objection is intended to prevent any waiver of these privileges or protections as to any specific request. To the extent that any document

containing such protected information is inadvertently produced in response to a Request for Production, the production of such document shall not constitute a waiver of Plaintiff's rights to assert the applicability of any privilege or immunity to the document, and any such document and all copies of images thereof shall be returned to Plaintiff.

7. Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent that they seek information and/or the production of documents that are not within Plaintiff's possession, custody, or control. Specifically, Plaintiff objects to the Requests for Production to the extent that they call for documents in the possession of third parties over which Plaintiff does not have possession or control.

8. Plaintiff's responses and objections are made without waiving or intending to waive, but on the contrary, reserving and intending to reserve: (1) the right to raise all questions of authenticity, foundation, competency, relevance, materiality, privilege and admissibility of evidence for any purpose of any of the information or documents produced hereunder or the subject matter thereof; (2) the right to object on any ground to the use of the information or documents produced hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding; (3) the right to object on any ground at any time to a demand for further response or document production; and (4) the right at any time to revise, supplement, correct, or add to these answers and objections.

9. No objection made herein, or lack thereof, shall be deemed an admission by Plaintiff as to the existence or nonexistence of any documents.

10. Plaintiff objects to any implication and to any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories, Requests for Admission, and Requests for Production. Plaintiff's response that he will produce documents responsive to a request, or that he has no responsive documents, is not intended to mean that Plaintiff agrees with any implications or explicit or implicit characterization of facts, events, circumstances, or issues in the Requests for Production, or that they are relevant to this action.

11. Plaintiff objects to the Interrogatories, Requests for Admission, and Requests for Production to the extent that they seek documents or information in the possession, custody, or control of any person or entity other than Plaintiff.

12. Plaintiff reserves its right to supplement, amend, or alter his responses at any time.

**RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION**
**INTERROGATORY NO. 1:**

Please Identify every individual you may call to testify at the trial in this matter.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory as premature, overbroad, and unduly burdensome to the extent discovery is not yet complete. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff does not at this time know who he may call as a witness to testify at trial, but will produce his Witness List in accordance with the Court's directives. Subject to these and all general objections, Plaintiff may call Plaintiff Kenny Whitmore and Defendants Burl Cain, Darrell Vannoy, James M. LeBlanc, Cathy Fontenot, Joe Lamartiniere, Warden Menzina, Randy Ritchie, Susan Fairchild, Richard Stalder, Richard

4

Peabody, Sheila Whitmore, and Dr. Sarah Deland to testify at the trial in this matter. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 2:**

Please Identify all Documents and Communications that you may introduce into evidence at the trial in this matter.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory as premature, overbroad, and unduly burdensome to the extent discovery is not yet complete. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff does not at this time know all Documents and Communications that he may introduce at the trial in this matter, but will produce his Exhibit List in accordance with the Court's directives. Subject to these and all general objections, Plaintiff responds that he may introduce any document produced by any party as evidence at the trial in this matter. Plaintiff reserves the right to supplement this response after further discovery.

**INTERROGATORY NO. 3:**

Please Identify all Documents and Communications, whether written, verbal, digital, or electronic, exchanged by You and any third party that Relate to or Refer to the matters at issue in this lawsuit.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory as irrelevant, vague, ambiguous, overbroad, per se improper as a "blockbuster" contention interrogatory, and unduly burdensome. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff objects to the Interrogatory to the extent it calls for information generated subsequent to the filing of suit as it is not relevant and protected under the attorney-client privilege, the common interest privilege, and the work product or anticipation of litigation doctrines. Plaintiff further objects to the Interrogatory to the extent it calls for information already

5

in the possession, custody, or control of Defendants. Subject to these and all general objections, plaintiff states he is aware that Defendants believe his membership in the Black Panther Party and association with other members of the Black Panther Party is sufficient reason to keep him in solitary confinement, Plaintiff is unaware, however, of any specific document or communication relevant to the issues in this lawsuit. Plaintiff reserves the right to supplement this response after further discovery.

**INTERROGATORY NO. 4:**

Please Identify each Person known by You to have knowledge of any matters at issue in this lawsuit.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory as irrelevant, vague, ambiguous, overbroad, per se improper as a "blockbuster" contention interrogatory, and unduly burdensome. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff further objects to the Interrogatory to the extent it calls for information in the possession, custody, or control of Defendants or third parties. Subject to these and all general objections, Plaintiff identifies the following Persons: Burl Cain, Darrell Vannoy, James M. LeBlanc, Cathy Fontenot, Joe Lamartiniere, Warden Menzina, Randy Ritchie, Susan Fairchild, Richard Stalder, Richard Peabody, Sheila Whitmore, and Dr. Sarah Deland. Plaintiff reserves the right to supplement this response after further discovery.

**REQUEST FOR ADMISSIONS NO. 1:**

Do you admit that you are aware of no facts that support your claims against James LeBlanc or Richard Stalder other than the facts alleged in paragraph 46 of the First Amended Complaint?

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

Plaintiff denies Request for Admission No. 1.

**INTERROGATORY NO. 5:**

If your response to Request for Admission No. 1 is anything other than an unqualified admission, then please identify each and every act or omission that you contend supports your claims against Richard Stalder or James LeBlanc. With respect to each such act or omission that you identify, please state the date or dates the act occurred, the location(s), the witnesses to the act and the harm suffered by you as a result of each act.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory as irrelevant, vague, ambiguous, overbroad, per se improper as a "blockbuster" contention interrogatory, and unduly burdensome. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff further objects to the Interrogatory to the extent it calls for information in the possession, custody, or control of Defendants or third parties. Subject to these and all general objections, Plaintiff states: Stalder and LeBlanc were each, at different times, the Secretary of the Louisiana Department of Corrections. During both Stalder and LeBlanc's time as acting Secretary, each was aware that Plaintiff had been held in solitary confinement for decades, remained in solitary confinement on the basis of his political beliefs, was never given a review of his classification that met the standards of due process, and each failed to take corrective action. Both Stalder and LeBlanc were aware the Lockdown Review process was not appealable through an Administrative Procedure Remedy. They were further aware the Lockdown Review Board process was a sham and did not provide Mr. Whitmore with a review of the reasons for his continued confinement in solitary. Plaintiff reserves the right to supplement this response after further discovery.

**REQUEST FOR ADMISSIONS NO. 2:**

Do you admit that you are aware of no facts that support your claims against Burl Cain other than the claims identified in paragraph 38, 39, 41-43 and 48 of the First Amended Complaint?

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

Plaintiff objects to this Request for Admissions as vague and ambiguous. In an abundance of caution, Plaintiff denies Request for Admissions No. 2.

7

**INTERROGATORY NO. 6:**

Please identify each and every act or omission that you contend supports your claims against Burl Cain. With respect to each such act or omission that you identify, please state the date or dates the act occurred, the location(s), the witnesses to the act and the harm suffered by you as a result of each act.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory as irrelevant, vague, ambiguous, overbroad, per se improper as a "blockbuster" contention interrogatory, and unduly burdensome. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff further objects to the Interrogatory to the extent it calls for information in the possession, custody, or control of Defendants or third parties. Subject to these and all general objections, Plaintiff responds as follows with the responsive facts he knows now: Burl Cain has been the Warden at Louisiana State Prison since January 1995. Since then he has had the final say in whether Mr. Whitmore remains in solitary confinement, or released into the general population. He has consistently told other wardens that Mr. Whitmore is not to be released from solitary because he is affiliated with the Black Panther Party and communicates with known former members of the party who have been released from Angola such as Nyati Bolt, Robert King, and Albert Woodfox.

Additionally, sometime between 1998 and 1999, during a routine visit to the CCR tier when it was housed in TU, Mr. Whitmore spoke with Warden Cain. During this conversation Mr. Whitmore told Warden Cain his name and Warden responded that he knew Mr. Whitmore and said "I know you're an outlaw." Warden Cain has not ever given Mr. Whitmore the opportunity to respond to Warden's Cain's contention that he should remain in solitary indefinitely. Warden Cain told the media in July 2014 that he was keeping Whitmore in solitary because of Whitmore's association with the Angola chapter of the Black Panther Party. Warden Cain also told the media he would be monitoring Whitmore's phone calls and letters to determine whether Mr. Whitmore has

8

made the changes Warden Cain would like to see – not communicating with people such as King, Woodfox, or Bolt. Mr. Whitmore also promised the media he would meet with Mr. Whitmore within two weeks of the interview, which occurred sometime in July. Warden Cain never followed up on this promise. Warden Cain has never actually spoken with Mr. Whitmore about whether Whitmore should continue to be housed in solitary, yet he continues to insist he remain there indefinitely.

Once discovery is had and Mr. Whitmore has an opportunity to depose Warden Cain and other witnesses and defendants, he will supplement this response. Plaintiff reserves the right to supplement this response after further discovery.

**REQUEST FOR ADMISSIONS NO. 3:**

Do you admit that you are aware of no facts that support your claims against Richard Peabody, Cathy Fontenot, Darryl Vannoy, or Joe Lamartiniere other than the claims identified in paragraph 38, 39, 43 and 48 of the First Amended Complaint?

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

Plaintiff objects to this Request for Admissions as vague and ambiguous. In an abundance of caution, Plaintiff denies Request for Admissions No. 3.

**INTERROGATORY NO. 7:**

Please identify each and every act or omission that you contend supports your claims against Richard Peabody, Cathy Fontenot, Darryl Vannoy, or Joe Lamartiniere. With respect to each such act or omission that you identify, please state the date or dates the act occurred, the location(s), the witnesses to the act and the harm suffered by you as a result of each act. Include in your response an explanation of exactly how you claim that each of these individuals "influenced or participated in the decision of the Lockdown Review Board to refuse to release Mr. Whitmore . . . ."

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this Interrogatory as irrelevant, vague, ambiguous, overbroad, per se improper as a "blockbuster" contention interrogatory, and unduly burdensome. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is

9

complete). Plaintiff further objects to the Interrogatory to the extent it calls for information in the possession, custody, or control of Defendants or third parties. Subject to these and all general objections, Plaintiff answers as follows: Richard Peabody, Cathy Fontenot, Darryl Vannoy, and Joe Lamartineiere are each aware that Plaintiff has been held in solitary confinement for decades, remains in solitary confinement on the basis of his political beliefs, was never given a review of his classification that met the standards of due process, and each failed to take corrective action. Moreover each, at different times has taken steps to keep Mr. Whitmore in solitary confinement either through participation in or supervision of the classification review board, or directly in conversation with Mr. Whitmore. Warden Darryl Vannoy in approximately 2011 told Mr. Whitmore that Warden Cain wanted him to stop communicating with Albert Woodfox, Robert King, and Herman Wallace and that if he quit communicating with them, Warden Vannoy might be able to help get him out of solitary. In 2012, Warden Vannoy again approached Mr. Whitmore and asked him if he was still in contact with Nyati Bolt and Robert King. Vannoy told Mr. Whitmore that he did not like Robert King and that if Mr. Whitmore was let out of solitary confinement and Vannoy saw King or Bolt listed as visitors or in the visiting tier, that Vannoy would be disappointed.

In both 2011 Mr. Whitmore wrote to Warden Lamartiniere about his continued confinement in solitary. Both in 2011 and 2012, Warden Lamartiniere visited Mr. Whitmore and said that he knew how long Mr. Whitmore had been in solitary and that he wanted to get Mr. Whitmore out and into the general population. In 2012, Lamartiniere told Mr. Whitmore to write to Warden Vannoy about the matter and that he would talk to Warden Vannoy for him. Mr. Whitmore wrote the letter to Warden Vannoy, but never heard from him.

Sometime between 2009 and 2012, Mr. Whitmore had a conversation with Richard Peabody about the conditions and restrictions on the solitary tier. Mr. Whitmore requested more contact visits for the inmates on the tier, Mr. Peabody said they could not have them. Mr. Whitmore then requested to be released from solitary and into the general population, Peabody responded that solitary was where Mr. Whitmore belonged.

Plaintiff reserves the right to supplement this response after further discovery.

**REQUEST FOR ADMISSIONS NO. 4:**

Do you admit that you are aware of no facts that support your claims against Sam Smith, Robert Rachal, Paul Meyers, Randy Ritchie, Tom Norris, Susan Fairchild, or Honeycutt other than the acts taken by them in their roles as members of one or more lockdown review boards?

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

Plaintiff objects to this Request for Admissions as vague and ambiguous. In an abundance of caution, Plaintiff denies Request for Admissions No. 4.

**INTERROGATORY NO. 8:**

If you do not admit Request for Admission No. 4 without qualification, then please identify each and every act or omission that you contend supports your claims against Sam Smith, Robert Rachal, Paul Meyers, Randy Ritchie, Tom Norris, Susan Fairchild, or Honeycutt. With respect to each such act or omission that you identify, please state the date or dates the act occurred, the location(s), the witnesses to the act and the harm suffered by you as a result of each act.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory as irrelevant, vague, ambiguous, overbroad, per se improper as a "blockbuster" contention interrogatory, and unduly burdensome. Fed. R. Civ. P. Rule 33(a)(2) (noting a court may order an interrogatory need not be answered until discovery is complete). Plaintiff further objects to the Interrogatory to the extent it calls for information in the possession, custody, or control of Defendants or third parties. Subject to these and all general objections, Plaintiff responds as follows: Sam Smith, Robert Rachal, Paul Meyers, Randy Ritchie,

11

Tom Norris, Susan Fairchild, and Honeycutt have each been members of LSP's Lockdown Review Board. As such, they were responsible for providing Mr. Whitmore with a review of his classification that met the standards of due process. None of these individuals has provided Mr. Whitmore with such a review. Instead, Mr. Whitmore is handed a piece of paper that either checks escape risk or "nature of original reason for lockdown," or both. Mr. Whitmore is not allowed to talk with anyone on the board about his continued confinement. No one asks Mr. Whitmore questions about his suitability for the general population, instead Mr. Whitmore's continued classification in CCR is a rote procedure completely devoid of due process and a sham. Each individual sued in this case has participated in this sham process at some level

Each is also aware that Plaintiff has been held in solitary confinement for decades, remains in solitary confinement on the basis of his political beliefs, was never given a review of his classification that met the standards of due process, and each failed to take corrective action. Plaintiff spoke with Randy Ritchie sometime between 2009 and 2012. During this conversation Mr. Ritchie told Mr. Whitmore that he personally could not let Mr. Whitmore out, that it was up to Warden Cain's office whether Mr. Whitmore was released. Plaintiff reserves the right to supplement this response after further discovery.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

> Produce a copy of any document referred to in any of the Interrogatories set forth above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this Request for Production as vague, ambiguous, overbroad and unduly burdensome, including to the extent discovery is not yet complete. Plaintiff further objects to Request to the extent it calls for documents in the possession, custody, or control of Defendants or

third parties. Plaintiff further objects to the Request to the extent it seeks documents and information protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity, or exemption from discovery. Subject to these and all general objections, plaintiff will produce documents with these responses. The relevance of these documents is explicitly denied. Plaintiff reserves the right to supplement this response after further discovery.

**REQUEST FOR PRODUCTION NO. 2:**

Produce a copy of any document that you contend supports your response to any interrogatory and any document that you content supports your denial of any request for admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this Request for Production as vague, ambiguous, overbroad and unduly burdensome, including to the extent discovery is not yet complete. Plaintiff further objects to the Request to the extent it calls for documents in the possession, custody, or control of Defendants or third parties. Subject to these and all general objections, Plaintiff responds that due to the restrictions on storage and the conditions of his confinement in solitary he is generally not able to keep copies documents and letters. Plaintiff will search his cell, his locker, and his storage at LSP to see if he kept documents responsive to this request. Plaintiff further responds that Defendants and LSP are more likely to be in possession of responsive documents. Plaintiff reserves the right to supplement this response after further discovery.

**REQUEST FOR PRODUCTION NO. 3:**

Produce a copy of all Communications and Documents that you may introduce at trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this Request for Production as premature, overbroad, and unduly burdensome to the extent discovery is not yet complete. Plaintiff further to the Request to the extent

13

it calls for documents in the possession, custody, or control of Defendants or third parties. Plaintiff does not at this time know which Documents and Communications he may introduce at the trial in this matter, but will produce his Exhibit List in accordance with the Court's directives. Plaintiff reserves the right to supplement this response after further discovery.

**REQUEST FOR PRODUCTION NO. 4:**

Produce copies of all letters or correspondence written by You or on Your behalf that could relate in any way to the allegations of the First Amended Complaint, including but not limited to the letters referenced in paragraph 48 of the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this Request for Production as vague, ambiguous, overbroad and unduly burdensome. Plaintiff further objects to the Request to the extent it calls for documents already in the possession, custody, or control of Defendants or in the possession, custody, or control of third parties. Subject to these and all general objections, Plaintiff responds that due to the restrictions on storage and the conditions of his confinement in solitary he is not able to keep copies of all letters he sends. Plaintiff will search his cell, his locker, and his storage at LSP to see if he kept a copy of the letters he sent. Plaintiff further responds that the letter recipients should have the copy they were sent. Plaintiff reserves the right to supplement this response after further discovery.

**REQUEST FOR PRODUCTION NO. 5:**

With respect to each person that you may call to testify at trial, please produce the following:
a. Every statement authored by, and every recorded or transcribed or published Document given by or on behalf of, the potential witness that relates in any way to You or relates to any issue in this lawsuit. Include any statement that may have been posted on websites or other electronic data sources.
b. Any Documents or Communications that relate to testimony that may be given by the individual at trial.
c. Any Documents or Communications that may be introduced into evidence in connection with that witnesses' testimony.

14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff objects to this Request for Production as premature, vague, ambiguous, overbroad and unduly burdensome, including to the extent discovery is not yet complete. Plaintiff also objects to the Request to the extent it calls for documents already in the possession, custody, or control of Defendants or in the possession, custody, or control of third parties. Plaintiff further objects to the Request to the extent it seeks documents and information protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity, or exemption from discovery. Subject to these and all general objections, Plaintiff responds that he does not yet know who he will call to testify at trial. Plaintiff will produce Witness and Exhibit lists in accordance with the Court's directives. Plaintiff reserves the right to supplement this response after further discovery.

Respectfully submitted,

*/s/Michelle M. Rutherford*
Michelle M. Rutherford, Bar No. 34968, TA
David N. Luder, Bar No. 33595
Erica A. Therio, Bar No. 34115
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:    (504) 589-9700
Facsimile:    (504) 589-9701

Rose Murray, Bar No. 34690
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone:    (504) 523-2500
Telecopier:    (504) 523-2508
Email: rmurray@jonesswanson.com

***Counsel for Kenny Whitmore (#86468)***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.

                */s/Michelle M. Rutherford*

{1027996_1}