UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNY WHITMORE (#86468) | * | CIVIL ACTION NO.: 4-0004-JJB-RLB |
| | * | |
| VERSUS | * | JUDGE JOHN W. DEGRAVELLES |
| | * | |
| N. BURL CAIN, WARDEN, ET AL. | * | MAGISTRATE JUDGE RICHARD L. |
| | * | BOURGEOIS, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF KENNY WHITMORE'S OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiff Kenny Whitmore submits this Opposition to Defendants' Motion to Stay Discovery. (Rec. Doc. 31). Defendants' request for a stay should be denied for three reasons. First, Defendants' Motion for a Rule 7(a) reply is without merit and if the Court agrees that a Rule 7(a) reply is not required, there is no basis for granting a stay. Second, even if the Court grants Defendants' a Rule 7(a) reply, any stay should automatically expire once Plaintiff has filed his Rule 7(a) reply. Third, this case is set for trial in September 2015 and delay in the discovery process will only serve to prolong Plaintiff's stay in solitary confinement.

The first reason Defendants' motion for a stay should be denied is simple: there is no merit to Defendants' Motion for Rule 7(a) Reply. If the Court denies that motion, there is no basis for a stay and the case should be allowed to proceed as scheduled. After months of requesting deposition dates from Defendants, Plaintiff has noticed depositions for the end of January/beginning of February. Plaintiff is increasingly concerned that the trial date will be pushed because of Defendants' delay tactics and a stay is not warranted at this juncture since

Plaintiff's First Amended Complaint states facts sufficient to overcome Defendants' conclusory assertion of qualified immunity.

Additionally, a ruling on a motion for a Rule 7(a) is nondispositive. It "does not conclusively determine the disputed question" as to whether the complaint, as alleged, overcomes qualified immunity." *Fulton v. Caraway*, 400 Fed. Appx. 918, 920 (5th Cir. 2010). Accordingly it is not appealable and if the Defendants' motion is denied, there is no justification for a stay. *Id.*

Defendants cite *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991 (5th Cir. 1995) as support for a stay. However, *Wicks* involved a motion to dismiss and was decided months before *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995). Since a Rule 7(a) motion is non-dispositive, unlike a motion to dismiss, *Wicks* is not valid support for Defendants' position. Plaintiff admits that qualified immunity includes immunity from suit. However, even *Wicks* acknowledges that immunity from suit "is not immun[ity] from all discovery, only that which is avoidable or overly broad." 41 F.3d at 994.

Defendants have not pointed the Court or Plaintiff to any pending discovery request that is avoidable or overly broad. Defendants have been under Court order since March to produce relevant documents. Such discovery, as ordered by the Court, is not overly broad nor can it be avoided. As well, Defendants fail to recognize that each will have to be deposed at some point, whether the claims against them in their individual capacity remain or not they are at last fact witnesses to all of Plaintiff's claims. The deposition of each defendant is not "avoidable discovery."

Additionally, Defendants have failed to show how the pending discovery is avoidable or overly broad and while they make bald claims that allowing discovery to move forward would be "unfair, unduly burdensome and prejudicial," (Rec. Doc. 31-1, p. 4), they make no specific factual allegation demonstrating the pending burden or prejudice.

In the event the Court grants Defendants a Rule 7(a) reply and is inclined to also grant the request for a stay, Plaintiff requests that such a stay expire immediately upon his filing of the reply. Once Plaintiff has filed a reply, there is no basis for a stay to remain in effect because Defendants will have received the relief they requested and the case should move forward.

Last, it bears repeating that Plaintiff has been in solitary confinement for 35 years. Any delay in discovery potentially delays the current trial date and should be avoided where possible. Defendants have not moved for a dispositive determination of qualified immunity[1] and only seek a Rule 7 reply; discovery should move forward so that Plaintiff can maintain the date for his day in court.

                                                                        Respectfully submitted,

                                                                        */s/Michelle M. Rutherford*
Michelle M. Rutherford, Bar No. 34968, TA
Richard E. Sarver, Bar No. 23558
David N. Luder, Bar No. 33595
Erica A. Therio, Bar No. 34115
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112

---

[1] Plaintiff does not concede that a stay will be warranted if Defendants move for disposition of their claims of qualified immunity.

3

Telephone: (504) 589-9700
Facsimile: (504) 589-9701
Email: mrutherford@barrassousdin.com
rsarver@barrassousdin.com
dluder@barrassousdin.com
etherio@barrassousdin.com

Rose Murray, Bar No. 34690
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone: (504) 523-2500
Telecopier: (504) 523-2508
Email: rmurray@jonesswanson.com

***Counsel for Kenny Whitmore (#86468)***

# CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.

/s/Michelle M. Rutherford

*{1031111_1}*