UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**KENNY WHITMORE (#86468)**

**VERSUS**          **CIVIL ACTION NO. 14-004-JWD-RLB**

**N. BURL CAIN, WARDEN, ET AL**

************************************************************************

STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

This opposition is submitted on behalf of Burl Cain, Darrell Vannoy, James M. LeBlanc, Cathy Fontenot, Joe Lamartiniere, Richard Stalder and Richard Peabody ("State Defendants") in opposition to a Motion to Compel Production of Documents (Doc. 41) filed by plaintiff, Kenneth Whitmore ("Whitmore").

**Introduction**

Shortly after this suit was filed, on March 5, 2014, the Court entered an order (Doc. 4) ("the March 5 Order") which, among other things, required that ". . . defendants' counsel shall provide to the plaintiff all medical records, administrative remedy proceedings, disciplinary proceedings, unusual occurrence reports and all other documents pertinent to the issues in this case." The March 5 Order was expressly linked to Rule 26(a)(1) of the Federal Rules of Civil Procedure. The State Defendants fully complied with the Court's March 5 Order; in fact, the production was much more comprehensive than was required by the Order. Attached as Exhibit 1 is a Certificate of Compliance listing the major categories of documents that have been produced.

Initial disclosures do not supplant the formal discovery authorized by the Federal Rules of Civil Procedure. Just last month, in *Hamilton v. Coastal Bridge Co.*, CA 13-756-JJB-RLB, 2014 WL 7013948 (M.D. La. 12/12/2014) this Court recognized that initial disclosures do not create an automatic obligation to produce all information that conceivably could be discoverable:

> The fact that other individuals may have discoverable information or otherwise have knowledge about the case does not mean they are required to be included in those initial disclosures if the disclosing party has no intention to use them "to support its claims or defenses."

Whitmore, however, takes the position that the March 5 Order required disclosure of all discoverable documents. Such an interpretation would render the Federal Rules governing discovery superfluous. Plaintiff's email request for "all documents related to the Black Panther Party," for example, cannot be construed as encompassed within the Court's initial disclosure order where State Defendants have no intention of using "all documents related to the Black Panther Party" to support their defenses.

The State Defendants produced Whitmore's entire institutional record, which includes Whitmore's medical records, his mental health records, all disciplinary reports, lockdown review reports, and all administrative remedy procedures. Thousands of documents spanning several decades have been produced. The State Defendants have more than complied with the March 5 Order.

Yet in a November 25, 2014 email, Whitmore asked the State Defendants to supplement their document production with documents responsive to three (3) additional requests.[1]

---

[1] Whitmore made the following document requests:

According to Whitmore, these additional requests for documents all come within the category of "other documents pertinent to the issues in this case" from the March 5, 2014 Order. Whitmore claims that the State Defendants were obligated – under that order – to produce the documents without any discovery requests and without affording defendants the protections of the federal discovery rules. Whitmore must propound requests for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure with respect to each of these three new categories of documents before the State Defendants are obligated to respond.

**The State Defendants Have Fully Complied With This Court's Order.**

The Court's March 5, 2014 requirement to produce documents references Rule 26(a)(1), governing initial disclosures. Rule 26(a)(1)(A)(ii) obligates a party to produce "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." The State Defendants' only obligation under the March 5 Order, therefore, is to produce those documents

---

- All documents related to Mr. Whitmore's correspondence monitored by anyone at LSP; including, but not limited to, the letter or correspondence monitored, any logs, notes, internal correspondence, memoranda, emails, and any document related to LSP's monitoring of Mr. Whitmore's correspondence for all time periods relevant to this lawsuit, which includes all time periods Mr. Whitmore has been in solitary confinement;

- All documents related to Mr. Whitmore's phone calls monitored by anyone at LSP; including but not limited to transcripts of the phone calls, logs (including the name of the phone call recipient, phone number, date, and time), notes, memoranda, emails, journal entries, notes of meetings, and any document related Mr. Whitmore's phone calls monitored by anyone at LSP;

- All documents related to the Black Panther Party at Angola, including but not limited to Mr. Whitmore's alleged involvement in the BPP; these documents include but are not limited to notes, internal correspondence, memoranda, emails, and any document related to the Black Panther Party at Angola and Mr. Whitmore's alleged involvement in the BPP.

M. Rutherford email of November 25, 2014, Exhibit 2.

that may be used to support their claims or defenses. The State Defendants have fully complied with this requirement and all requirements of the Court Order. *See* Certificate of Compliance, Exhibit 1.

The two cases cited by Whitmore are not controlling – or even relevant. Whitmore relies on *McGee-Hudson v. AT&T*, Case No. 12-cv-538-JJB-RLB, 2013 WL 5603291, *2 (M.D. La., Oct. 11, 2013) (*citing Hebert v. Lando*, 441 U.S. 153, 99 S.Ct. 1635 (1979)) for the proposition that "Federal Rules [of Civil Procedure] governing discovery 'are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials.'" Whitmore Memorandum in Support of Motion to Compel Production, at p. 5. As of this date, however, Whitmore has not yet propounded any discovery under the Federal Rules, and the State Defendants have not responded to any (as yet nonexistent) discovery requests.

The issue presented in *McGee-Hudson* stands in stark contrast to the issue in this case.[2] The plaintiff in *McGee-Hudson* was not attempting to compel production pursuant to an initial disclosure obligation or an order requiring initial disclosures. Rather, the plaintiff in that case diligently had pursued discovery as authorized by the Federal Rules of Civil Procedure:

> After an initial round of discovery, on April 26, 2013, Plaintiff propounded her Second Set of Interrogatories to Defendant and Second Request for Production of Document on Defendant. On May 29, 2013, Defendant served its objections and responses to this discovery. On June 4, 2013, Plaintiff requested complete responses to her Second Set of Interrogatories. On July 16, 2013, Plaintiff filed the instant Motion to Compel. [Record citations omitted.] *McGee-Hudson*, at 3-4.

---

[2] *McGee-Hudson* relied on the U.S. Supreme Court decision, *Herbert v. Lando*, 441 U.S. 153, 176 (1979). That case, like *McGee-Hudson*, involved a motion to compel discovery – responses to questions posed in a formal deposition. *Herbert v. Lando* had nothing to do with orders for initial disclosures.

Thus, it was only <u>after</u> the plaintiff had propounded multiple requests for production of documents pursuant to Rule 34(b) – and <u>after</u> Defendant had formally objected and responded to those requests – that the plaintiff moved to compel production.  The State Defendants in this case, by contrast, have never responded to discovery requests; as of this date, no discovery has been propounded.

Rule 26(a)(1) does not allow a party to expand the disclosure requirements by informal document requests.  In fact, "[t]he objective of [the disclosure requirement] is to enable the other parties to make informed decisions about which documents they should request be produced pursuant to Rule 34, and to enable them to frame document requests that will avoid squabbles about wording."[3]  The advisory committee's notes on the 1993 amendments provide, among other things, that the disclosure requirement of Rule 26(a)(1)(A)(ii) "does not require production of any documents."[4]  The advisory committee's notes clarify that documents which are identified in initial disclosures, but not produced contemporaneously therewith, should be sought by the non-disclosing party through a forum discovery request under Rule 34.[5]  Indeed, courts have recognized this distinction between Rule 26's requirement to disclose information regarding documents versus a requirement to produce the documents under Rule 34.[6]  Rule 26 thus fully

---

[3] 8A Wright & Miller, *Federal Practice and Procedure* §2053 (3d ed.).

[4] The advisory committee's notes on the 1993 amendments to Rule 26 discuss Rule 26(a)(1)(B); however, the 2007 amendments renumbered Rule 26(a)(1)(B) as Rule 26(a)(1)(A)(ii).

[5] The advisory committee notes provide, in pertinent part, that "The disclosing party does not, by describing the documents, waive its right to object to production on the basis of privilege or work produce protection, or to assert that the documents are not sufficiently relevant to justify the burden or expense of production."

[6] *See, e.g., Hayes, Jr. v. Frontera Produce, Ltd.*, 12-588-BAJ-RLB (M.D. La. 11/20/03) 2013 WL 6174799 (denying plaintiffs' motion to compel seeking production of documents identified in the defendants' initial disclosures); *Securities and Exchange Commission v. Tedder*, 3-08-cv-1013-g (N.D. Tex. 10/29/09) 2009 WL 3614425 (denying a motion for sanctions based upon alleged tardy compliance with initial disclosure requirements and noting that no

anticipates that there would be requests for production issued following the documents produced with the initial disclosures.

Whitmore ignores the distinction between Rule 26 and Rule 34 and apparently takes the position that the requirement for defendants to produce other documents "pertinent to the issues in the case. . . ." is, in and of itself, a mandate for defendants to seek out and produce every other document which Whitmore might at some point deem relevant or discoverable. Such a reading would obviate any role for formal discovery authorized by the Federal Rules of Civil Procedure. Further, if parties could simply send an email expanding initial disclosures so as to include all documents "reasonably calculated to lead to the discovery of admissible evidence,"[7] then the respondent is deprived of the defenses and objections available to a party under Rule 34(b)(2).

The Rules of Federal Procedure set forth a carefully crafted framework for initiating discovery, raising objections and privileges, and resolving disputes. Whitmore's proposed dramatic expansion of an order for initial disclosures, enforced through a Motion to Compel, would leap past all of those procedural safeguards to seek a court order to produce documents that – as of this date – have only been requested in an email.

**Conclusion**

The State Defendants stand ready to respond to legitimate discovery requests; however, the State Defendants do have objections to the substance of Whitmore's "email discovery," and the State Defendants likely will assert objections and privileges to some of the documents that have been informally requested. The State Defendants' responses to any discovery likely will

---

Rule 34 request was served and that production which was provided exceeded the Rule 26(a) disclosure requirements).

[7] Rule 26(b)(1).

include the production of certain relevant documents as well as the assertion of appropriate objections and privilege. Again, the Rules provide a mechanism for raising and addressing those issues. Accordingly, the plaintiff's motion to compel should be denied.

        Respectfully submitted,

        **JAMES D. "BUDDY" CALDWELL**
        Louisiana Attorney General

        */s/Richard A. Curry*
        Richard A. Curry, TA La Bar Roll 4671
        M. Brent Hicks, La Bar Roll 23778
        Zelma M. Frederick, La Bar Roll 31459
        McGlinchey Stafford, PLLC
        301 Main Street, 14th Floor
        Baton Rouge, Louisiana 70801
        Telephone: (225) 383-9000
        Email:  rcurry@mcglinchey.com

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 6th day of January, 2015.

                                                  */s/Richard A. Curry*
                                                  Richard A. Curry