UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNY WHITMORE** | * | **CIVIL ACTION** |
| **(DOC No. 86468)** | * | |
| | * | **NO. 14-004-JWD-RLB** |
| | * | |
| **VERSUS** | * | **JUDGE JOHN W. DEGRAVELLES** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **WARDEN BURL CAIN, ET AL** | * | **RICHARD L. BOURGEOIS, JR.** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**[1]
**MOTION FOR PARTIAL SUMMARY JUDGMENT**
**BASED ON PRESCRIPTION AND QUALIFIED IMMUNITY**

**I.    INTRODUCTION**.

This memorandum is submitted in support of Defendants' motion for partial summary judgment. The Defendants have moved for partial summary judgment as follows:

1)    all claims asserted in this action that arose prior to January 2, 2013 are prescribed, and all claims against all Defendants that arose prior to that date (including all claims against Richard Stalder) should be dismissed; and

2)    Defendants James LeBlanc, Cathy Fontenot and Richard Peabody have asserted qualified immunity, and are entitled to immediate summary judgment dismissing all claims asserted against them for compensatory and punitive damages.

Defendants Burl Cain, Darrell Vannoy, and Joe Lamartiniere have also asserted, and are entitled to, qualified immunity from claims for damages. These three Defendants, however, are not seeking summary judgment dismissing all damage claims against them <u>in this motion</u>; these

---

[1] This memorandum is submitted on behalf of James LeBlanc, Burl Cain, Darrell Vannoy, Joe Lamartiniere, Cathy Fontenot, Richard Peabody, and Richard Stalder (collectively referred to as the "Defendants"). The plaintiff has also named as defendants Sam Smith, Robert Rachal, Paul Myers, Randy Ritchie, Tom Norris, Susan Fairchild, Unknown Honeycutt, and Doe Defendants 1-15. To date, service has not been perfected on any of these Defendants. Undersigned counsel is not making an appearance for any Defendant who has not been properly served.

526213.3

1

Defendants reserve their rights to file a motion for summary judgment for the dismissal of all damage claims assert against them as soon as discovery has clearly established the absence of any material fact in their right to qualified immunity.

## II.     FACTUAL AND PROCEDURAL HISTORY.

Kenny Whitmore ("Whitmore") has been incarcerated at the Louisiana State Penitentiary at Angola ("LSP") for approximately 35 years.[2]  Whitmore seeks injunctive, declaratory and monetary relief based upon alleged violations of his First, Eighth and Fourteenth Amendment rights arising under the U.S. Constitution and 42 U.S.C. §1983.

Whitmore filed this lawsuit on January 2, 2014[3] and a First Amended Complaint on October 17, 2014.[4]  Whitmore named several groups of state employees as defendants in their official and individual capacities.  Specifically, Whitmore included general allegations against the "Secretaries"[5] the "Wardens"[6] and the "Lockdown Review Board Members."[7]  The allegations against each of these groups of individuals are vague and conclusory.

Although formal discovery has not yet begun, the Defendants produced voluminous documents pursuant to this Court's March 5, 2014 Order.[8]  On the Defendants' motion,[9] Whitmore was ordered to provide a Rule 7(A) / *Schultea* Reply.  Whitmore filed this reply on

---

[2] Doc. No. 8, ¶¶19, 46, 52, 58.
[3] Doc. No. 1.
[4] Doc. No. 8.
[5] The Secretaries are:  Richard Stalder, former Secretary of the LDPS and James M. LeBlanc, Secretary of the LDPS.
[6] The Wardens are:  N. Burl Cain, Warden of LSP; and Richard Peabody, Cathy Fontenot, Darrel Vannoy, and Joe Lamartiniere, who are all assistant wardens at LSP.
[7] The Lockdown Review Board Members are:  Sam Smith, deputy warden and member of the LRB; Robert Rachal, a major at LSP and member of the LRB; Paul J. Myers, a major at LSP and member of the LRB; Randy Ritchie, a classification officer at LSP and member of the LRB; Tom Norris, a classification officer at LSP and member of the LRB; Susan Fairchild, classification officer and member of the LRB; Defendant Honeycutt, a classification officer at LSP and member of the LRB; and Doe defendants 1-15, officers at LSP and members of the LRB.
None of the LRB Defendants have been served with the Complaint, and, as such, undersigned counsel is not making an appearance on their behalf.
[8] Doc. No. 4.
[9] Doc. No. 30.
526213.3

January 20, 2015 ("Whitmore's Reply").[10]  Whitmore's Reply was intended to provide additional details of the Defendants' alleged unconstitutional conduct; however, as more fully explained below, Whitmore's Reply does not provide specific allegations sufficient to overcome the defense of qualified immunity – particularly with respect to Secretary LeBlanc, Cathy Fontenot and Richard Peabody.

### III.   LAW AND ARGUMENT.

#### A.   Summary Judgment Standard.

A party is entitled to summary judgment if "the pleadings and evidence demonstrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law."[11]  A fact issue is "material" only if a reasonable jury could return a verdict for the non-moving party based on the evidence adduced.[12]  Upon review of a motion for summary judgment, the court is to construe all facts and inferences in the light most favorable to the nonmoving party.[13]  The moving party "may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim.  In this circumstance, if the non-moving party can point to nothing in the record supporting its claim, summary judgment is appropriate."[14]  As this Court has recognized, "[s]peculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment."[15]

---

[10] Doc. No. 56.
[11] *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013).  *See also,* Fed. R. Civ. P. 56(c).
[12] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).
[13] *McAvey v. Lee*, 260 F.3d 359, 363 (5th Cir. 2001).
[14] *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).
[15] *Miller v. Cain*, 12-730-JWD-SCR (M.D. La. 01/20/15), 2015 WL 248432, at *2 (slip copy).
526213.3

> **B.     All claims that arose prior to January 2, 2013 (including all claims against Richard Stalder) are prescribed and should be dismissed.**

Because 42 U.S.C. § 1983 contains no statute of limitations, federal courts look to the forum state's statute of limitations for personal injury claims.[16] Therefore, the statute of limitations (or prescriptive period) for tort actions governs Whitmore's recovery of damages in the current action. Article 3492 of the Louisiana Civil Code provides that "[d]elictual actions are subject to a liberative prescription of one year . . . [which] commences to run from the day injury or damage is sustained." Multiple courts have found that Louisiana's one year prescriptive period applies to § 1983 claims.[17] Accordingly, all damages sustained arising more than one year prior to the date on which Whitmore filed suit (January 2, 2014) are prescribed and should be dismissed with prejudice.

Whitmore asserts claims against Richard Stalder, the Secretary of the Department of Corrections from 1992 – 2008. Whitmore himself has acknowledged that Secretary Stalder left his position as Secretary of the Department of Corrections in 2008.[18] All claims against Secretary Stalder prescribed many years ago.

Whitmore's claims against <u>all</u> Defendants which arose prior to January 2, 2013 (one year before the filing of this lawsuit) must be dismissed, with prejudice. All claims against Richard Stalder are prescribed and must be dismissed.

---

[16] *Wallace v. Kato*, 127 S.Ct. 1091, 1092 (2007).

[17] *See, e.g., Lewis v. Ascension Parish School Bd.*, 662 F.3d 343, 347-48 (5th Cir. 2011); *Douglas v. Gusman*, 567 F.Supp.2d 877, 884 (E.D. La. 2008); *Bibbins v. City of Baton Rouge*, 489 F.Supp.2d 562, 568 (M.D. La. 2007); *Brossette v. City of Baton Rouge*, 837 F.Supp. 759, 762 (M.D. La. 1993); *Miller v. Cain*, 12-730-JWD-SCR (M.D. La. 01/20/15), 2015 WL 248432, at *2 (slip opinion). *See also*, *Jasmine v. Cain*, 12-0743-JJB-RLB (M.D. La. 03/12/14), 2014 WL 971989, fn 4 (where this Court raised the issue of prescription *sua sponte* and recognized that the applicable period in Louisiana for a §1983 claim is one year).

[18] *See* Doc. No. 56, p. 19. Whitmore's Reply acknowledges that Stalder was the Secretary of the Department of Corrections from 1992-2008; therefore, based on Whitmore's own pleadings, any suit against Stalder would have had to be filed by 2009 at the latest.

526213.3

4

>   **C.   Whitmore has failed to plead facts sufficient to overcome the defense of qualified immunity as to Secretary LeBlanc, Cathy Fontenot and Richard Peabody; thus, the damages claims asserted against each of them must be dismissed.**

Whitmore has failed to adequately plead claims against Secretary LeBlanc, Cathy Fontenot and Richard Peabody. As set forth below, Whitmore has not met his burden as to each of the Defendants and all claims for damages against each of these Defendants should be dismissed.

In order to impose liability under §1983, a plaintiff must allege sufficient personal involvement by each defendant in the alleged wrongful acts.[19] In this case, each prison official named as a defendant must have been personally and directly involved in conduct causing the alleged deprivation of an inmate's constitutional rights, or there must be a distinct causal connection between the official's actions and the alleged constitutional violation at issue.[20] Here, although Whitmore filed a Rule 7(a) Reply, he has failed to establish the requisite link between each of the Defendants individually and the alleged wrongful acts. Without supporting facts related to actionable conduct under § 1983, as opposed to facts regarding unrelated interactions with the Defendants, the claims must fail.[21]

Upon the assertion of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.[22] This heightened pleading standard "requires claims of *specific* conduct and actions giving rise to a constitutional violation."[23] As the Fifth Circuit explained in *Schultea v. Wood,* the court must consider whether the Complaint and Reply support the claim "with sufficient precision and factual specificity to raise a genuine issue as to the

---

[19] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).
[20] *Id.*
[21] *See Streetman v. Jordan*, 918 F.2d 555, 557 (5th Cir. 1990) (affirming order of dismissal where pleadings included factual details regarding officers' conduct during an allegedly wrongful search but lacked details as to actionable conduct under § 1983).
[22] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).
[23] *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996) (emphasis added).

526213.3

illegality of defendants' conduct at the time of the alleged acts."[24]  Conclusory statements without sufficient supporting facts are not enough to overcome qualified immunity.[25]

As is set forth below, the damages claims asserted against Defendants James LeBlanc, Cathy Fontenot and Richard Peabody should be dismissed.

### 1. Secretary James LeBlanc

Whitmore's Reply includes press statements allegedly made by Secretary LeBlanc (not involving Whitmore) and general statements regarding the Secretary's alleged role in the current Disciplinary Rules and Procedures for Adult Offenders.[26]  <u>There are no allegations whatsoever that Secretary LeBlanc had any involvement or interaction with Whitmore</u>.

Secretary LeBlanc's affidavit confirms that, as Secretary of the DPSC, he delegates responsibility for the care and custody of the over 38,000 inmates housed in Louisiana's secure facilities to the wardens of each facility.[27]  In fact, Secretary LeBlanc has never spoken to Whitmore and, prior to this lawsuit, Secretary LeBlanc had no knowledge of Whitmore or the facts and circumstances surrounding his housing.[28]  Secretary LeBlanc has never been involved in or participated in any lockdown review board or other decisions regarding Whitmore.[29]  He has never been in a position to approve or deny Whitmore's assignment to CCR.[30]

Whitmore has failed to plead any colorable claim against Secretary LeBlanc.  Moreover, the evidence presented by the Defendants makes clear that Secretary LeBlanc had no personal involvement in the acts alleged by Whitmore.  Whitmore's claims against Secretary LeBlanc

---

[24] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc).
[25] *See Morrison v. City of Baton Rouge*, 761 F.2d 242, 243 (5th Cir. 1985).
[26] *See* Doc. No. 56, pp. 18-19.
[27] *See* Affidavit of Secretary James LeBlanc attached as Exhibit 1.
[28] *See* Exhibit 1, Affidavit of James LeBlanc.
[29] *See* Exhibit 1, Affidavit of James LeBlanc.
[30] *See* Exhibit 1, Affidavit of James LeBlanc.

526213.3

should be dismissed in their entirety; at a minimum, the damage claims against Secretary LeBlanc should be dismissed on the basis of qualified immunity.

### 2. Cathy Fontenot.

Whitmore makes a number of conclusory allegations concerning Cathy Fontenot's alleged involvement in his classification. Whitmore offers no timeframe for any of those general allegations against Fontenot. The sole allegation which is "specific" to Fontenot is that she "rejected. . .a group visit with [Whitmore's] nephew, also an inmate at LSP, because of this classification."[31] Even if true, denial of a group visit is not an actionable claim – much less a claim that would overcome Warden Fontenot's qualified immunity.[32] Whitmore's remaining bald assertions, which are wholly insufficient, include that Warden Fontenot "relied on Warden Cain's instruction that Mr. Whitmore remain in solitary until he renounces his political beliefs[;]" that she "knows that the Lockdown Review Board does not provide [him] with a hearing or a substantive review of his classification[;]" that she "validates and participates" in "sham proceedings" and "implements Warden Cain's instruction" that Whitmore will remain in CCR.[33] Whitmore also claims that Warden Fontenot reviewed his LRB summaries[34] and "failed to re-classify [him] as a general population inmate or provide him with proper review of his classification" despite knowing that "no other inmate has been punished in such a manner."[35]

Cathy Fontenot's affidavit conclusively establishes that, in fact, she had absolutely no role or responsibility for Whitmore's housing. She was the Assistant Warden/Programming at

---

[31] Doc. No. 56, p. 12.
[32] The Fifth Circuit has "repeatedly held that for convicted prisoners '[v]isitation privileges are a matter subject to the discretion of prison officials.'" *Samford v. Dretke*, 562 F.3d 674 (5th Cir. 2009) quoting *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999).
[33] Doc. No. 56, p. 12.
[34] Doc. No. 8, ¶7.
[35] Doc. No. 56, p. 12. *See also* Doc. No. 8, ¶39.

526213.3

LSP.[36] Fontenot had no involvement in housing assignments or lockdown review boards.[37] Fontenot has never assigned or reassigned inmates to or from CCR.[38] Nor has she ever approved or denied, or been in a position to approve or deny, Whitmore's reassignment to or from CCR.[39]

Whitmore's pleadings fail to include any factual support or any actionable claims regarding Fontenot. Fontenot has had no personal involvement in any of the alleged wrongful acts of which Whitmore complains.[40]

For all of these reasons, Cathy Fontenot is entitled to qualified immunity and the claims against her should be dismissed, with prejudice.

### 3. Richard Peabody.

Whitmore's allegations regarding Richard Peabody also come up short. Whitmore claims that he spoke with Warden Peabody "[s]ometime between 2009 and 2012[.] . . ."[41] Thus, even this one isolated <u>factual</u> allegation specific to Peabody occurred more than one year before suit was filed and is prescribed.

The remainder of allegations directed toward Peabody consist of speculation about what Peabody knew, without any factual support. Peabody has qualified immunity from these claims.

Whitmore claims that Peabody "knows that the Lockdown Review Board does not provide Mr. Whitmore with a hearing or substantive review of his classification[;]" and "implements Warden Cain's instruction" that Whitmore will remain in solitary, and that he reviewed Whitmore's LRB summaries but has "failed to re-classify [him] as a general population inmate or provide him with proper review of his classification" despite knowing that "no other

---

[36] *See* the Affidavit of Cathy Fontenot, attached as Exhibit 2.
[37] *See* Exhibit 2, Affidavit of Cathy Fontenot.
[38] *See* Exhibit 2, Affidavit of Cathy Fontenot.
[39] *See* Exhibit 2, Affidavit of Cathy Fontenot.
[40] *See* Exhibit 2, Affidavit of Cathy Fontenot.
[41] Doc. No. 56, p. 15.

526213.3

8

inmate has been punished in such a manner."[42]  Whitmore, however, fails to identify what authority Peabody has (or had at any relevant time) to take any action regarding Whitmore's housing.  These are the same conclusory allegations asserted against Warden Fontenot and are equally devoid of any factual support.

As Deputy Warden of Programs, Peabody never approved or denied, and was not in a position to approve or deny, Whitmore's assignment to or from CCR.[43]  Peabody has never participated in any lockdown review boards for Whitmore,[44] and Peabody's duties did not include classification or housing of inmates.[45]

Whitmore failed to sufficiently plead his claims as to Richard Peabody, and Peabody's affidavit underscores the fact that "the record contains no support for [Whitmore's] claim."[46]  Accordingly, all claims against Peabody should be dismissed.

### IV. CONCLUSION.

Claims asserted by Whitmore based on allegations which allegedly took place prior to January 2, 2013 are prescribed.  This includes all conceivable allegations involving former Secretary Richard Stalder, who has been retired since 2008.  All claims which arose prior to January 2, 2013, which encompass all claims asserted against Secretary Stalder, should be dismissed.

In addition, Whitmore's Complaint, First Amended Complaint and Rule 7(A) Reply do not allege facts sufficient to overcome the qualified immunity of Defendants Secretary James LeBlanc, Cathy Fontenot, and Richard Peabody, particularly in light of the affidavits submitted by these Defendants.  None of these individuals have had any contact with Whitmore in many

---

[42] Doc. No. 56, p. 15. *See also* Doc. No. 8, ¶39.
[43] *See* Affidavit of Richard Peabody, attached as Exhibit 3.
[44] *See* Exhibit 3, Affidavit of Richard Peabody.
[45] *See* Exhibit 3, Affidavit of Richard Peabody.
[46] *See Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).
526213.3

9

years (if ever) and none of them have been in a position to have reviewed or affected his housing in many years (if ever). These individuals are entitled to qualified immunity and all damage claims against them should be dismissed.

The remaining Defendants, Burl Cain, Joe Lamartiniere, and Darryl Vannoy, also have pled qualified immunity and are entitled to have all damage claims against them dismissed. However, this motion for partial summary judgment does not seek relief on behalf of these Defendants <u>at this time</u>. Cain, Lamartiniere and Vannoy reserve their defense of qualified immunity and will seek judgment dismissing all damage claims against them as soon as facts to more dispositively establish that defense have been established during discovery.

Respectfully submitted,

JAMES D. "BUDDY" CALDWELL
Louisiana Attorney General


*/s/Richard A. Curry*
Richard A. Curry, TA La Bar Roll 4671
M. Brent Hicks, La Bar Roll 23778
Zelma M. Frederick, La Bar Roll 31459
McGlinchey Stafford, PLLC
301 Main Street, 14th Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 383-9000
Facsimile: (225) 343-3076
rcurry@mcglinchey.com
bhicks@mcglinchey.com
zfrederick@mcglinchey.com

ATTORNEYS FOR DEFENDANTS, BURL CAIN, DARRELL VANNOY, JAMES M. LEBLANC, CATHY FONTENOT, JOE LAMARTINIERE, RICHARD STALDER AND RICHARD PEABODY

526213.3

**CERTIFICATE OF SERVICE**

**I CERTIFY** that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record, by operation of the court's electronic filing system.

Baton Rouge, Louisiana on this 30th day of January, 2015.

>    */s/Richard A. Curry*
>    Richard A. Curry