UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNY WHITMORE** | * | CIVIL ACTION |
| | * | |
| | * | NO. 14-4-JWD-RLB |
| **VERSUS** | * | |
| | * | |
| | * | |
| **WARDEN BURL CAIN, ET AL** | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER

Before the Court is plaintiff's Motion to Compel Production of Documents. (R. Doc. 41). The Motion is opposed. (R. Doc. 53).

The instant lawsuit was filed on January 2, 2014. Plaintiff was granted permission to proceed in forma pauperis. The Court ordered the U.S. Marshal Service to serve the defendants wherever found and entered a Scheduling Order on March 5, 2014, directing the defendants to provide certain information to the plaintiff without waiting for any particular discovery request from the pro se plaintiff. (R. Doc. 4) (the defendants shall provide to plaintiff "all medical records, administrative remedy proceedings, disciplinary proceedings, unusual occurrence reports and all other documents pertinent to the issues in this case."). Defendants were directed to provide this information within 30 days after service of the summons and complaint or within 20 days of defendants' first appearance.

In addition to the discovery outlined above, the Court's order specifically provided for formal discovery pursuant to the Federal Rules of Civil Procedure. The Court provided for a limited number of interrogatories, requests for production of documents and requests for

admissions pursuant to Rules 33, 34 and 36. Finally, the Court's order explained that any party may seek additional formal discovery beyond the limitations imposed by requesting such relief from the Court.

In accordance with the Court's order, plaintiff represents that defendants provided "what appears to be Mr. Whitmore's inmate file." (R. Doc. 41-1 at 3). Plaintiff acknowledges that the production included "medical records, administrative remedy proceedings, disciplinary proceedings, and unusual occurrence reports." Defendants represent to the Court that this production included Mr. Whitmore's "<u>entire</u> institutional record, which includes Whitmore's medical records, his mental health records, all disciplinary reports, lockdown review reports, and all administrative remedy procedures. Thousands of documents spanning several decades have been produced." (R. Doc. 53) (emphasis in original).

Following receipt of these documents, plaintiff, in an email dated November 25, 2014, requested additional documents falling under three specific categories. Plaintiff takes the position that these documents should also be produced as they are "documents pertinent to the issues in this case." When defendants refused to provide any additional documents without a formal discovery request, rather than issuing a Rule 34 request for production, plaintiff filed the instant motion to compel.

Based on the representations of the parties regarding the documents produced by the defendants, the Court finds that the defendants have sufficiently complied with the initial scheduling order. As set forth in that order, additional discovery may be requested pursuant to the Federal Rules of Civil Procedure. While the Court understands that the phrase used in the initial order has led to some confusion regarding its scope, plaintiff's position would render the

portions of the order permitting formal discovery as well as portions of the Federal Rules of Civil Procedure superfluous as defendants would be required to provide anything plaintiff deemed pertinent without any specific request.

In order to ensure that plaintiff has an opportunity to seek any additional discovery not previously provided, plaintiff may, pursuant to the applicable Federal Rules of Civil Procedure, request any additional discovery in accordance with those rules.  Defendants shall likewise comply with those rules in responding to any such requests.  In order to prevent any additional disputes regarding this issue, the Court's prior order dated March 5, 2014 (R. Doc. 4) is hereby **VACATED**.[1]  Any discovery moving forward shall be governed by the Federal Rules of Civil Procedure and this Court's local rules.

By separate order, the Court has also stayed all discovery in this matter pending resolution of defendants' Motion for Partial Summary Judgment.  Upon resolution of that motion, and in order to ensure that plaintiff suffers no prejudice in seeking additional discovery, any revised scheduling order will provide plaintiff sufficient time to issue any formal discovery requests and for defendants to respond as appropriate under the circumstances.

For the foregoing reasons, the Motion to Compel (R. Doc. 41) is **DENIED**.  Each party shall bear its own costs in bringing and defending the motion.

Signed in Baton Rouge, Louisiana, on February 4, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The deadlines in that Order were previously modified at the request of the parties. (R. Doc. 21).