**OFFENDERS**

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS



# DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS

## August 2008

Case 3:14-cv-00004-JWD-RLB   Document 62-5   02/20/15   Page 2 of 29

**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS**                *Page 2*

## TABLE OF CONTENTS

SECTION                                                        PAGE NUMBER

I.      PREFACE                                                      3

II.     FOREWORD                                                     3

III.    DEFINITIONS                                                  4

IV.     DISCIPLINARY PROCEDURES                                      7

V.      HEARINGS                                                    11

VI.     SANCTIONS                                                   15

VII.    APPEALS                                                     18

VIII.   DISCIPLINARY RULES                                          20

Disciplinary Report Form
Appeal From the Disciplinary Board (AF-1)
Appeal Decision (AF-2)



# I.  PREFACE

This book of disciplinary rules and procedures constitutes clear and proper notice of same for each offender sentenced to the Department of Public Safety and Corrections.

This book rescinds and supersedes the *Disciplinary Rules and Procedures for Adult Offenders* dated December 2000 (and any subsequent revisions) and appeal decisions rendered pursuant to those rules and procedures.

# II. FOREWORD

The *Disciplinary Rules and Procedures for Adult Offenders* is established to help provide structure and organization for the prisons and a framework within which the offender population can expect the disciplinary system to function.   All offenders sentenced to the custody of the Department of Public Safety and Corrections, regardless of their housing facility, shall be placed on notice as to the requirements of the *Disciplinary Rules and Procedures for Adult Offenders* by providing each offender with a copy of  the rules and obtaining a signed receipt.

The Secretary of the Department of Public Safety and Corrections has sole authority to change these rules, regulations and procedures.  Utilization of these procedures does not constitute the granting of any enforceable or vested right or privilege to any offender.

There are certain classifications or other actions which may be taken that affect an offender's custody status, job classification, housing assignment, institutional assignment and/or ability to participate in institutional programs or activities for which an offender may expect change during the course of his incarceration. Such changes may result from classification decision-making to promote institutional security or other legitimate institutional goals, or the imposition of disciplinary penalties.  Such changes may not be disciplinary penalties in and of themselves.   These and any similar changes which result from the action of other Department Regulations and institutional policies are not considered penalties in the context of the disciplinary process.

In the event of a genuine emergency, such as a serious disturbance disrupting normal operations or a natural disaster, the Secretary or designee may suspend any and all disciplinary rules and procedures for the duration of the emergency.  Full hearings must be held within a reasonable time after the end of the emergency for those offenders who were subject to the disciplinary sanction of forfeiture of good time.

James M. Le Blanc
Secretary



Louisiana Department of Public Safety and Corrections

---

**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS**    *Page 4*

---

## III. DEFINITIONS

*Administrative Segregation* - A temporary holding area, preferably a cell, where an offender is housed when the offender's continued presence in the general population poses a threat to life, property, self, staff, other offenders,  the security or orderly running of the institution or the offender is the subject of an investigation.  In addition, offenders who are pending transfer to another institution or pending assignment or re-assignment within an institution may be held in Administrative Segregation. (Refer to the section on "DISCIPLINARY PROCEDURES - Administrative Segregation Guidelines" - Page 7.)

*Appeal* - A request by an offender for review of a disciplinary decision.  (Refer to the section on "APPEALS" - Page 18.)

*Attempt* - When an offender has intent to violate any disciplinary rule, whether or not he actually takes a position, step or action toward violating the rule or is successful in violating the rule.

*Classification* - A process for determining the needs and requirements of those for whom confinement has been ordered and for assigning them to housing units, work assignments and programs according to their needs and existing resources. Classification actions, even if resulting from an incident handled in the disciplinary process, are not disciplinary sanctions.

*Confidential Informant*  - Person whose identity is not revealed to the accused offender but who provides an employee(s) with information concerning misbehavior or planned misbehavior.

*Conspiracy* - Two or more persons working in combination for the specific purpose of violating any disciplinary rule.

*Counsel and Counsel Substitutes* - Counsel is an attorney-at-law of the offender's choice who has been retained by the offender or offender's family for the purpose of representing the offender.  Counsel Substitutes are persons not admitted to the practice of law, but offenders who aid and assist, without cost or fee, an accused offender in the preparation and presentation of his defense and/or appeal.  Counsel Substitutes are only those offenders appointed by the Warden or designee and may have diminished rights in the judicial system.  (Refer to the section on "DISCIPLINARY PROCEDURES - Counsel Substitutes" - Page 8.)

*Custody* - The type of housing and the level of supervision required for an offender. Custody assignments will reflect public safety as the first priority, staff and offender safety within the institution as the second priority and then institutional or offender



Louisiana Department of Public Safety and Corrections

need.

*Disciplinary Detention* - A punitive holding area where offenders are temporarily confined in a restricted situation after being so sentenced by the Disciplinary Board. (Refer to the section on "DISCIPLINARY PROCEDURES - Disciplinary Detention" - Page 9.)

*Disciplinary Detention/Extended Lockdown* - A maximum security area for confining offenders. (Refer to the section on "DISCIPLINARY PROCEDURES - Disciplinary Detention/Extended Lockdown" - Page 9.)

*Disciplinary Report* - A report on the approved form filed by an employee who has reason to believe that an offender(s) has violated one or more disciplinary rules. The Disciplinary Officer/Disciplinary Board may hear the Disciplinary Report; however, the party hearing the Disciplinary Report cannot have initiated the report.

*Extra Duty* - Work to be performed in addition to an offender's regular job assignment as specified by the proper institutional authority. This work is performed without the benefit of incentive wages, if applicable.

*Hearings* - A fair and impartial review conducted by the Disciplinary Officer/ Disciplinary Board.

*Incentive Pay* - Compensation paid to an offender in the physical custody of the Department and who is eligible to receive incentive wages and who has performed satisfactory work in the compensation grade in which he has been classified, unless he opts to receive good time in lieu of incentive wages in accordance with La. R.S. 15:571.3. See Department Regulation No. B-09-001 "Offender Incentive Pay and Other Wage Compensation" for additional information.

*Investigation Report* - A report submitted for disposition to the Disciplinary Board detailing the facts uncovered in an investigation.

*Maximum Custody* - Assignment of an offender based upon the need to protect the offender, other offenders, the public, staff or the institution. This includes temporary assignment to Administrative Segregation or assignment to Disciplinary Detention/ Extended Lockdown, Working Cellblocks and Maximum Custody Dormitory, and may include Protective Custody/Extended Lockdown. Movements inside the secure perimeter of a facility by maximum custody offenders are closely monitored by staff and may include the utilization of restraints in accordance with written institutional procedure. Movement outside of a secure perimeter is accomplished only under armed supervision or when appropriately restrained or otherwise secured and appropriately supervised.



**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS**  *Page 6*

*Medium Custody* - Assignment of an offender to a general population dormitory housing area. Movement outside of a secure perimeter is accomplished only under armed supervision or when appropriately restrained or otherwise secured. Written institutional procedure governs internal movement controls.

*Minimum Custody* - Assignment of an offender to a general population dormitory housing area. Movement outside of a secure perimeter is usually authorized without armed supervision or restraint. Written institutional procedure governs the level of staff supervision when outside the secure perimeter, as well as during internal movements.

*Posted Policy* - Policy memorandums detailing what behavior is required or forbidden of offenders and generally reflecting the individual needs of the facility. Posted policies must be distributed and posted in such a manner that offenders are placed on notice as to what behavior is required or forbidden and that sanctions may be imposed should the policy be violated. See Department Regulation No. C-01-006 "Institutional Policies/Procedures and Offender Posted Policies" for additional information.

*Prison Rape Elimination Act of 2003 ("PREA")* - A federal law enacted to establish a zero-tolerance standard for the incidence of rape concerning offenders sentenced to the custody of the Department. (Refer to the section on DISCIPLINARY RULES - Rule No. 21. - Page 24) and Department Regulation No. C-01-022 "Sexual Assault and Sexual Misconduct" for additional information.

*Protective Custody/Extended Lockdown* - A classification utilized when an offender has a verifiable need for protection. (Refer to the section on "DISCIPLINARY PROCEDURES - Protective Custody/Extended Lockdown" - Page 9.)

*Sanction* - A disciplinary penalty.

*Security* - The physical construction characteristics of the facility in terms of perimeter security, building construction type and internal movement controls.

*Segregation* - Generic term used to encompass Administrative Segregation, Protective Custody and Disciplinary Detention.

*Working Cellblock* - A form of maximum custody distinguished by access to work and other programs consistent with security restrictions and institutional procedures.

Note: The pronouns "he" and "his" as used herein are for convenience only and are not intended to discriminate against female employees or offenders. Additionally, "employee" as used herein refers not only to an employee of the Department of Public Safety and Corrections, but also to any individual having the authority to exercise supervision over an offender.



# IV. DISCIPLINARY PROCEDURES

*General Segregation Guidelines - Mental Health*:  A mental health professional (as defined by the institution's designated Health Authority) must document a personal interview with any offender who remains in Administrative Segregation, Protective Custody or Disciplinary Detention for more than 30 consecutive days.  A mental health assessment must be made at least every three months thereafter if confinement is continuous.

*Administrative Segregation Guidelines*:  An offender whose continued presence in the general population poses a threat to life, property, self, staff or other offenders, or to the security or orderly running of the institution, or who is the subject of an investigation, may (with the approval of the highest ranking supervisor on duty in the unit where the incident occurred or the shift supervisor) be placed in Administrative Segregation until his appearance before the Disciplinary Officer/Disciplinary Board or Classification Board.  The supervisor, before the conclusion of his tour of duty, will review documentation for completeness and correctness and investigate as needed to confirm the reasonableness of the allegation or circumstances prompting placement.

Offenders pending possible transfer to another facility, or pending assignment or re-assignment within an institution, may be held in Administrative Segregation. Offenders in Administrative Segregation pending such transfer will be entitled only to privileges allowed other offenders in Administrative Segregation.

Upon the request of an offender or after review by appropriate institutional staff, an offender may be placed in Administrative Segregation for his protection and/or the protection of others until the Disciplinary Officer/Disciplinary Board or Classification Board can review the circumstances and recommend appropriate action.

Time spent in Administrative Segregation for the offense for which the offender was placed in Administrative Segregation must be credited against Disciplinary Detention or Extra Duty sentences even when such is suspended.  Credit will not be given for time spent in Administrative Segregation upon a request for protection or while an offender is waiting transfer to another area.  (This includes a transfer from a local jail facility to a state facility due to a rule violation charge and the Department is waiting for the investigative reports from the local jail facility.)

Offenders in Administrative Segregation shall be allowed to receive all correspondence and to originate correspondence.  Offenders in Administrative Segregation will be allowed visits, clean clothing on a scheduled basis, toothbrush and toothpaste, sufficient heat, light, ventilation, toilet facilities and the same meals as other offenders.  An appropriate review board should review the status of



Louisiana Department of Public Safety and Corrections

**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS** *Page 8*

offenders who are in Administrative Segregation at least every seven days for the first two months and every 30 days thereafter.

*Counsel Substitutes*:  Behavior of Counsel Substitutes and Legal Aid Office workers must be above reproach.  A job change is mandatory following conviction for a serious offense.  Counsel Substitutes are not required to file appeals but should inform the offender who wants to appeal of the proper way to file.  They may be removed from their positions if the Warden or designee believes it appropriate.  No offender, including Counsel Substitutes, can sell or trade for value legal services of any sort.  Offenders who are not Counsel Substitutes may not provide services to other offenders without the approval of the Warden or designee.

*Disciplinary Board (High Court Hearing)*:  A properly composed board will consist of two people--a duly authorized Chairman and a duly authorized Member--each representing a different section, i.e. security, administration or treatment.  The Secretary or designee must approve the Chairman.  The Warden or designee must approve the Member**.**  Any Member directly involved in the incident or one who is biased for or against the accused cannot hear the case unless the accused waives recusal.  (Performance of routine administrative duty does not necessarily constitute "direct involvement" or "bias.")  Decisions must be unanimous.  If the decision is not unanimous, the case is automatically deferred for referral to a different Disciplinary Board.

If the second decision is not unanimous, then a finding of Not Guilty is appropriate.  Hearings shall be held within seven days of the date of the report, excluding weekends and holidays, for those offenders not placed in Administrative Segregation, unless the hearing is prevented by exceptional circumstances, unavoidable delays or reasonable postponements.  Reasons for all delays should be documented.

These hearings shall be recorded in their entirety and a written record of all motions, delays, etc. shall be preserved in accordance with the Department's record retention policy.

*Disciplinary Officer (Low Court Hearing)*:  A ranking security officer (Lieutenant or above) or any supervisory level employee from administration or treatment appointed by the Warden or designee who conducts hearings of minor violations (Schedule A) and who may impose only sanctions listed herein as appropriate for a Schedule A rule violation.  Any Disciplinary Officer directly involved in the incident or one who is biased for or against the accused cannot hear the case unless the accused waives recusal.  (Performance of a routine administrative duty does not necessarily constitute "direct involvement" or "bias.") At these hearings, the accused offender represents himself and is given full opportunity to speak in his own behalf.



The presence of Counsel Substitutes, witnesses or the accusing employee is not permitted.  These hearings are not recorded.  Hearings shall be held within seven days of the date of the report, excluding weekends and holidays, for those offenders not placed in Administrative Segregation, unless the hearing is prevented by exceptional circumstances, unavoidable delays or reasonable postponements. Reasons for all delays should be documented.  The Disciplinary Officer may also hear cases of offenders who_have signed written requests for protection and may recommend appropriate action.

*Disciplinary Detention*:  A determinate period of detention that is characterized by a maximum limit of ten consecutive days without a 24-hour break or no more than 20 days in a 30 day period.  After ten consecutive days in Disciplinary Detention, the offender must be released for a period of time not less than 24 hours.  No offender may be confined in Disciplinary Detention except by action of the Disciplinary Board on the basis of a Disciplinary Report. Offenders in Disciplinary Detention shall be allowed to receive all correspondence and to originate correspondence.  They will also be allowed visits, clean clothing on a scheduled basis, toothbrush and toothpaste, sufficient heat, light, ventilation, toilet facilities and the same meals as other offenders.

*Disciplinary Detention/Extended Lockdown*:  An indeterminate period of detention characterized by routine 90-day classification reviews to determine eligibility/ suitability for release from this status.  This type of segregation is used primarily after a Disciplinary Hearing for an offender found guilty of violating one or more serious rules, being dangerous to himself or others, being a serious escape risk or posing a clear threat to the security of the facility.  A Classification Board hearing is sufficient for an offender who is initially classified as maximum custody.

Offenders who are in Disciplinary Detention/Extended Lockdown will have their cases reviewed by a Classification Board for possible release to a less restricted status approximately every 90 days.

*Protective Custody/Extended Lockdown*:  Utilized for an offender in need of protection.  A hearing by the Disciplinary Officer/Disciplinary Board or Classification Board is not necessary when an offender has signed a written request for protection and is transferred to Protective Custody/Extended Lockdown by the Disciplinary Officer/Disciplinary Board or Classification Board.  A Classification Board should review offenders in Protective Custody/Extended Lockdown for possible release to a less restricted status at least every seven days for the first two months and every 30 days thereafter.

*Working Cellblock*:  An indeterminate period of assignment to a maximum custody status characterized by access to work and other programs consistent with security



**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS**  *Page 10*

restrictions and institutional procedures. Classification reviews are utilized to determine eligibility/suitability for release from this status. This type of assignment is used primarily after a Disciplinary Hearing for an offender found guilty of violating one or more serious rules, being dangerous to himself or others, being a serious escape risk, being in need of protection or posing a clear threat to the security of the facility. A Classification Board hearing is sufficient for an offender who is initially classified as maximum custody.



## V.  HEARINGS

*Disciplinary Board (High Court Hearing):*  Before the hearing can begin, an accused offender must acknowledge on the record that he is familiar with his rights as follows:

1.      The right to present evidence and witnesses in his behalf and to request cross-examination of the accuser provided such request is relevant, not repetitious, not unduly burdensome to the institution and/or not unduly hazardous to staff or offender safety.  (The Board has the option of stipulating expected testimony from witnesses**.**  In such cases, the record of the hearing shall contain a statement indicating the nature of the stipulated testimony. The Board should assign proper weight to such testimony as though the witness had actually appeared.) The accusing employee must be present and testify when the report is based solely on information from Confidential Informants, if such a motion is raised.

2.      The right to Counsel Substitute for all alleged violations or the right to retained Counsel, if the alleged violation is one for which the offender could also be charged in a criminal court, e.g. possession of illegal drugs, rape or aggravated battery, etc.

3.      The right to not be compelled to incriminate himself.

4.      The right to a written summary of the evidence and reasons for the judgment, including reasons for the sanction imposed, when the accused pled Not Guilty and was found Guilty.  (This will usually appear on the finalized report.)  The convicted offender will automatically be given or sent a written summary.

5.      The right to appeal consistent with the appeal procedure. (Refer to the section on "APPEALS" - Page 18.)

6.      The right to a hearing within 72 hours of placement in Administrative Segregation.  Official holidays, weekends, genuine emergencies and good faith efforts by the administration to provide a timely hearing are the only exceptions.  When it is not possible to provide a full hearing within 72 hours of placement in Administrative Segregation, the accused must be brought before the Board, informed of the reasons for the delay and remanded back to Administrative Segregation or released to his quarters after a date for a full hearing has been set.

7.      The right to an unbiased hearing.  Any Chairman or Member directly involved in the incident, who is biased for or against the accused or who is in a therapeutic relationship with the offender that would be jeopardized by the



**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS**    *Page 12*

therapist's presence on the Disciplinary Board, cannot hear the case unless the accused waives recusal. (Performance of a routine administrative duty does not necessarily constitute "direct involvement" or "bias.")

8.      The right to be given a written copy of the Disciplinary Report at least 24 hours before the hearing begins which describes the contents of the charges against the offender (unless waived by him in writing.)

*Conduct of the Hearing (High Court Hearing):*  All rights and procedural requirements must be followed unless waived by the accused.  Disciplinary Board hearings must be recorded in their entirety and the recordings preserved in accordance with the Department's record retention policy for use in any subsequent judicial review or any other court proceedings.  Hearings will generally be conducted as follows:

1.      An offender who does not choose to be present may sign a waiver which shall be read into the record.   A Counsel Substitute shall represent him.  The same applies to a disruptive offender who refuses to cooperate or to allow orderly proceedings.  If the offender refuses to sign a waiver, one shall be prepared and the refusal noted by two witnesses.  The Disciplinary Chairman should also sign all waivers.

2.      The accused enters his name and DOC number into the record as does his Counsel or Counsel Substitute (if any) and confirms that he understands his rights.  If the offender indicates he does not know or understand his rights, they must be explained to him.  During the hearing, the accuser should only be present to testify.  He should not be present for any other witness testimony and shall never be present during deliberations.

3.      The Chairman shall read the Disciplinary Report aloud to the accused and ask for a plea. Available pleas are Not Guilty or Guilty. Should the accused attempt to enter an unavailable plea or refuse to enter a plea, the Chairman will enter a Not Guilty plea for him and proceed with the hearing.

4.      Preliminary motions, if any, by the defense should now be made.  Such motions must be raised at the first opportunity or be considered waived and may include:

    a.      Dismissal of the charge(s);

    b.      Continuance; (Offenders are not entitled to a continuance to secure Counsel unless they are charged with a violation that is also a crime under state law.  Only one continuance need be granted unless new information is produced.)



Louisiana Department of Public Safety and Corrections

    c.      Requests to face accuser and call witness, etc.;

    d.      A motion due to lack of 24-hour notice must be made at this time, including any challenge to the waiver of the 24-hour notice rule having not been made in writing;

    e.      Request for investigation;

    f.      Any other appropriate motions;

    g.      All motions must be made at the same time in the proceedings. Subsequent verbal motions will be denied as having been waived.

5.     The Board should rule on motions at the time the motion is made, unless expressly deferred to the actual hearing. Written reasons for each ruling should be made.

6.     After entering his plea and motions, if any, the accused may present his defense. The Board may ask questions of the accused, his witnesses and/or his accuser.

7.     A summary of motions presented will be documented on the "Summary of Motions Presented During Disciplinary Hearing" form. (The form is available from institutional classification or security staff.)

8.     During deliberations, everyone except the Board and any official observers must leave the room, and the Board will decide the case on the basis of the evidence presented at the hearing. Official observers must not take part in the hearing or the deliberations. The disciplinary record of the accused may be examined to discover a pattern of similar misbehavior or to determine if a pending suspended sanction exists. The disciplinary record may be used to determine the appropriate sanction(s) to be imposed.

9.     Following the deliberations, the Chairman will announce the verdict. If the verdict is Guilty, the Chairman will then announce the sanction(s). The Board has full authority to suspend any sanction imposed for a period of up to 90 days.

*Correcting Disciplinary Reports*: A reviewing employee may change the rule number to fit the description prior to the hearing but should ensure that the accused gets a corrected copy of the report at least 24 hours before the hearing begins. Rule number(s) may be added if the offense is clearly described on the report. An incident may consist of several related events; however, each separate and distinct rule



**DISCIPLINARY RULES AND PROCEDURES**                    *Page 14*

violation should be processed independently in the disciplinary system.

The Board may change the rule number at any time prior to deliberation to more accurately reflect the alleged misbehavior but should offer the accused a continuance to prepare a new defense.  It is the description of the conduct and not the rule number that determines the offense.   The continuance may be waived and does not necessarily need to be for 24 hours.   (Note:  These actions shall be made on the record in the presence of the accused.)

*Evidence*:  The Disciplinary Board shall carefully evaluate all evidence presented or stipulated.   When the Disciplinary Report is based solely on information from a Confidential Informant, two witnesses (who may be other Confidential Informants) must corroborate the record or other evidence.  If requested, the accusing employee must be summoned to testify about the reliability and credibility of the Confidential Informant when the report is based solely on information from a Confidential Informant**.**  (In order to accomplish this, the informant must have been reliable in the past and/or have legitimate knowledge of the present incident(s).)



# VI.  SANCTIONS

Sanctions must fit the offense and the offender.  An offender with a poor conduct record may receive a more severe sanction than an offender with a good conduct record for the same offense.  Even so, serious offenses call for serious penalties.  An offender who violates more than one rule or the same rule more than once during an incident may receive a permissible sanction for each violation.  After a finding of guilt for a new violation, a previously suspended sanction may be imposed as well as a new sanction.  State and federal criminal laws apply to offenders.  In addition to being sanctioned by prison authorities, offenders may also be prosecuted in state and federal court for criminal conduct.  Restitution may be imposed in accordance with Department Regulation No. B-05-003 "Imposition of Restitution" and is not considered a disciplinary penalty and may be assessed in addition to any other permissible penalties.

An offender who has established a documented pattern of behavior indicating that he is dangerous to himself or others is a Habitual Offender.  This includes an offender who has been convicted of three major violations or a total of five violations in a six month period.  Major Violations are Schedule B offenses. A Habitual Offender may receive Schedule B penalties following a finding of guilt of a Schedule A offense when he has established a documented pattern of hostile or disruptive behavior as defined above.

*Penalty Schedule - Disciplinary Report  (Heard by Disciplinary Officer/Low Court)*:
After a finding of guilt, the Disciplinary Officer may impose one or two of the penalties below for each violation:

1.    Reprimand;
2.    Extra Duty - up to four days for each violation;
3.    Loss of Minor Privilege - up to two weeks.

Minor Privileges are as follows:

1.    Radio/tape or CD players and/or TV;
2.    Recreation and yard activities; (If the offender is housed in Disciplinary Detention or Disciplinary Detention/Extended Lockdown, the offender must  be allowed a 24-hour break with access to recreation and/or yard activities after ten consecutive days in Disciplinary Detention or Disciplinary Detention/ Extended Lockdown before any subsequent imposition of this penalty.)
3.    Telephone (except for emergencies and legal);
4.    Movies;
5.    Canteen;
6.    Any other similar privilege.



**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS** *Page 16*

*Penalty Schedule - Disciplinary Report (Heard by Disciplinary Board/High Court)*:  After a finding of guilt, the Disciplinary Board may impose one or two of the penalties below for each rule violation:

<u>Schedule A</u>

1.    Reprimand;
2.    Extra Duty - up to four days for each violation;
3.    Loss of Minor Privilege - up to four weeks;
4.    Disciplinary Detention - up to five days for each violation;
5.    Forfeiture of Good Time - up to a maximum of 30 days for each violation;
6.    Quarters change;
7.    Job Change;
8.    Confinement to dormitory, room or cell - up to 14 days; (This does not exclude participation in work, meals, medical or other essential call-outs.)
9.    Failure to earn incentive wages - up to three months.

<u>Schedule B</u>

1.    Reprimand;
2.    Extra Duty - up to eight days for each violation;
3.    Loss of Minor Privilege - up to 12 weeks, unless the violation involved abuse of that privilege**,** then up to 24 weeks;
4.    Disciplinary Detention - up to ten days for each violation;
5.    Forfeiture of Good Time as follows:
      a.    Attempted escape (simple or aggravated) - up to a maximum of 180 days for each violation;
      b.    Escape (simple or aggravated) - up to a maximum of all good time earned on that portion of the sentence served prior to the escape;
      c.    All other Schedule B violations, up to a maximum of 180 days for each violation.
6.    Quarters change;
7.    Job change;
8.    Confinement to dormitory, room or cell - up to 30 days; (This does not exclude participation in work, meals, medical or other essential call-outs.)
9.    Failure to earn incentive wages - up to one year.
10.   Loss of Hobby craft - up to 12 months; (at the discretion of the Warden or designee, based upon the length of the sanction, this penalty may include loss of the hobby craft box assignment--in such cases, the offender would not be eligible to apply for resumption of this privilege until after the sanction has been served.)  Loss of hobby craft privileges that result from custody status changes, classification actions, housing or institutional assignment changes, other changes that may routinely occur during the course of incarceration or the imposition of other disciplinary penalties are not to be considered as a "Loss of



Hobby Craft" sanction in the context of the disciplinary process.

11.     Custody change from minimum to medium custody status; (Imposition of this sanction may include transfer to another institution.)  Any change of quarters, job change or other changes that may result from imposition of this sanction are not a separate penalty for purposes of this section unless expressly indicated as a sanction.

12.     Custody change from minimum or medium custody status to maximum custody status; (Working Cellblock or Disciplinary Detention/Extended Lockdown.  Imposition of this sanction may include transfer to another institution.)  Any change of quarters, job change or other changes that may result from imposition of this sanction are not a separate penalty for purposes of this section unless expressly indicated as a sanction.

13.     Loss of visiting privileges if the violation involves visiting, to be reviewed by the Warden or designee every 90 days; (Department Regulation No. C-02-008 "Offender Visitation" governs restrictions relative to non-contact versus contact visiting and is not considered a disciplinary penalty.)

*Penalty Clarifications*:

*Good Time*:  An offender is presumed to have earned his good time for the month on the first day of the month and may forfeit such good time at any point during the month.

*Incentive Pay*:   Any offender who has his incentive pay forfeited as a disciplinary sanction shall return to the introductory pay level for a six month period upon reinstatement of his right to earn incentive pay.  At the end of the six month period, the offender's pay will be automatically adjusted to the lowest pay rate for the assigned job.  See Department Regulation No. B-09-001 "Offender Incentive Pay and Other Wage Compensation" for additional information.

*Suspended Sentences*:  The Disciplinary Officer/Disciplinary Board may suspend any sanction for a period of up to 90 days.  The period of suspension begins on the date of the issuance of the ruling.  When the time period has expired, the report itself remains a part of the record, although the sanction may no longer be imposed.



Case 3:14-cv-00004-JWD-RLB    Document 62-5    02/20/15    Page 18 of 29

**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS**                    *Page 18*

# VII.  APPEALS

*Appeals to the Disciplinary Board*:  An offender who wants to appeal a case heard by the Disciplinary Officer (Low Court) must appeal to the Disciplinary Board (High Court) as soon as the ruling is issued.  The offender must clearly say so to the Disciplinary Officer who will then automatically suspend the sanction and schedule the case for the Disciplinary Board. The appeal hearing before the Disciplinary Board is a full hearing the same as any other hearing conducted by the Board.  The Disciplinary Board cannot upgrade or increase the sanction imposed by the Disciplinary Officer.  The appeal to the Disciplinary Board will be the final appeal in a case heard by the Disciplinary Officer.  No other appeals are allowed.  The appeal from the Disciplinary Officer to the Disciplinary Board will constitute the final administrative remedy regarding the disciplinary decision.  Decisions rendered by the Disciplinary Officer and appealed to the Disciplinary Board may not be appealed to the Warden or to the Secretary.

*Appeals to the Warden*:  An offender who wants to appeal a case heard by the Disciplinary Board (High Court) must, in all cases, appeal to the Warden.  The offender may appeal himself or through Counsel or Counsel Substitute.  In any case, the appeal must be received by the Warden within 15 days of the hearing.  The appeal should be clearly written or typed on form AF-1.  Form AF-1 should be available from the offender's classification officer.  If the form is not available, the appeal may be on plain paper but should contain all of the relevant information called for on the form, i.e. what action is being appealed and the reason for the appeal, etc.  The Warden will decide all appeals within 30 days of the date of receipt of the appeal and the offender will be promptly notified in writing of the results (unless circumstances warrant an extension of that time period and the offender is notified accordingly.)

Lengthy appeals of disciplinary actions will not be accepted into the appeals process.  It is necessary for the offender to only provide basic factual information regarding his case.  Appeals that are too long will be returned to the offender for summarization.  If an appeal is rejected due to additional information being needed (such as summarization), the offender's administrative remedies have not yet been exhausted.  The offender will have five days from receipt to comply with the instructions and resubmit.   It is important to remember that abuse of the system impairs the Department's ability to respond to legitimate problems in a timely fashion.

*Appeals to the Secretary*:  An offender who wants to appeal the decision of the Warden to the Secretary will indicate that he is "not satisfied" in the appropriate box on the Warden's "Appeal Decision" (form AF-2) and submit it to the Administrative Remedy Procedure (ARP) Screening Officer or, in some units, the Warden's Office.  The offender must submit the form within five days of the date of the receipt.   No supplement to the appeal will be considered.  It is only necessary that the offender



Case 3:14-cv-00004-JWD-RLB   Document 62-5   02/20/15   Page 19 of 29

check the box indicating, "I am not satisfied," date, sign and forward the form to the appropriate person. The offender will receive an acknowledgment of receipt and date forwarded to the Secretary's office. The institution will provide a copy of the offender's original appeal to be attached to form AF-2 for submission to the Secretary. Form AF-2 is available from the offender's classification officer.

The Secretary will only consider appeals from decisions of the Warden that resulted in an imposed or suspended sentence of one or more of the following penalties:

1.    Disciplinary Detention;
2.    Forfeiture of good time;
3.    A custody change from minimum to medium if it involves transfer to another institution;
4.    A custody change to maximum;
5.    Failure to earn incentive wages.

In addition, appeals for the amount of restitution assessments may be submitted to the Secretary. The appeal of such assessments must be submitted in accordance with procedures outlined in Department Regulation No. B-05-003 "Imposition of Restitution."

The Secretary will decide all appeals within 85 days of the date of receipt of the appeal and the offender will be promptly notified in writing of the results (unless circumstances warrant an extension of that time period and the offender is notified accordingly.) Absent unusual circumstances, the Secretary will only consider review of the sanction(s) imposed of an offender who pled guilty.



**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS**

## VIII. DISCIPLINARY RULES

An offender found guilty of violating one or more of the rules defined below will be sanctioned according to the penalty schedule designated for the rule and the type of hearing provided.

1. *Contraband (Schedule B)*:  No offender shall have under his immediate control any illicit drugs, any product that could be used to adulterate a urine sample, unauthorized medication, alcoholic beverage, yeast, tattoo machine, or tattoo paraphernalia, syringe or any type weapon, cellular phone or other electronic communications device, or any other item not permitted by Department Regulation or institutional posted policy to be received or possessed or any other item detrimental to the security of the facility. Money is contraband.  Any item not being used for the purpose for which it was intended will be considered contraband if it is being used in a manner that is clearly detrimental to the security of the facility.  Possession of cigarettes and other smoking materials, i.e. cigarette lighters, pipes, etc. are deemed to be contraband in non-smoking areas.  To smuggle or attempt to smuggle prohibited items into or out of the facility will be in violation of this rule.

   The area of immediate control is an offender's person, his locker(s) or storage area, his cell, his room, his bed, his laundry bag, his hobby craft and his assigned job equipment (such as, but not limited to, his desk, his tool box or his locker at the job) or the area under his bed on the floor unless the evidence clearly indicated that it belonged to another offender. Contraband found in a cell shared by two or more offenders will be presumed to belong to all equally.

   Any offender who is tested and has a positive reading on a urinalysis or breathalyzer test will be considered in violation of this rule.  An offender who refuses to be tested or to cooperate in testing, as well as an offender who alters his urine specimen, will also be found in violation of this rule (including being unable to provide a urine specimen within three hours of being ordered to do so.)

2. *Rescinded.*

3. *Defiance (Schedule B)*:  No offender shall commit or threaten physically or verbally to commit bodily harm upon an employee, visitor, guest or their families. This includes throwing any object, liquid or substance, or spitting or attempting to spit on an employee, visitor, guest or their families. No offender shall curse or insult an employee, visitor, guest or their families.  No offender shall threaten an employee, visitor, guest or their families in any manner; however, an offender may advise an employee of planned legal redress even during a confrontational



situation (although an offender's behavior in such a situation shall not be disrespectful or violate any other disciplinary rule.) No offender shall obstruct or resist an employee who is performing his proper duties. No offender shall try to intimidate an employee to make the employee do as the offender wants him to do.  An employee, visitor, guest or their families shall not be subject to abusive or insulting conversation, correspondence, phone calls or gestures.

4.    *Disobedience (Schedule A)*:  Offenders must obey the posted policies for the facility in which they are confined.  They must obey signs or other notices of restricted activities in certain areas, safety rules or other general instructions.  The only valid excuse for Disobedience or Aggravated Disobedience is when the immediate result of obedience would result in bodily injury (this includes incapacity by virtue of a certified medical reason.)

5.    *Disobedience, Aggravated (Schedule B)*:  Offenders must obey direct verbal orders cooperatively and promptly and not debate, argue or ignore the orders before obeying. The last order received must be obeyed when orders conflict. Even orders the offender believes improper must be obeyed; grievances must be pursued through proper channels.  Sanctions imposed by the Disciplinary Officer/Disciplinary Board are to be carried out by the offender.  Violations of duty status will apply to this rule as will a violation of an order from the Disciplinary Board.  The only valid excuse for Disobedience or Aggravated Disobedience is when the immediate result of obedience would result in bodily injury (this includes incapacity by virtue of a certified medical reason.)

6.    *Disorderly Conduct (Schedule A)*:  All boisterous behavior is forbidden.  This includes, but is not limited to, horseplay and/or disorderly conduct.  Offenders shall not jump ahead or cut into lines at the canteen, recreational activities, dining/kitchen area or during group movements of offenders.  Visitors and guests shall be treated courteously and not be subjected to disorderly or intrusive conduct. Offenders shall not communicate verbally into or out of cellblocks or other housing areas.

7.    *Disrespect (Schedule A)*:  Employees, visitors, guests or their families shall not be subject to disrespectful conversation, correspondence, phone calls, actions or gestures.  Offenders shall address employees, visitors, guests or their families by proper title or rank or by "Mr.," "Mrs." or "Miss" whichever is appropriate.

8.    *Escape or Attempt to Escape (Schedule B)*:

    a.    Attempted escape: The attempt to commit a simple or aggravated escape as defined herein.



**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS**          *Page 22*

    b.     Simple escape:  The intentional, unauthorized departure of an offender under circumstances in which human life was not endangered, including but not limited to: from the grounds of an institution, a designated area or place within an institution, the custody of a Corrections' employee while off the grounds of an institution or the custody of any law enforcement officer; the departure of a work release offender from the designated area where he is legally confined; the failure of an offender participating in a work release program to report or return from his planned employment or other activity at the appointed time, or who leaves the job site for any reason without permission; or the failure of an offender on furlough to return to his place of confinement at the appointed time.

    c.     Aggravated escape:  The intentional, unauthorized departure of an offender under circumstances in which human life was endangered, including but not limited to: from the grounds of an institution, a designated area or place within an institution, the custody of a Corrections' employee while off the grounds of an institution or the custody of any law enforcement officer;  the departure of a work release offender from the designated area where he is legally confined; the failure of an offender participating in a work release program to report or return from his planned employment or other activity at the appointed time, or who leaves the job site for any reason without permission; or the failure of an offender on furlough to return to his place of  confinement at the appointed time.  For the purpose of this rule, the commission of a crime while on escape constitutes aggravated escape.

Note:  All costs associated with an escape may be recovered in accordance with procedures outlined in Department Regulation No. B-05-003 "Imposition of Restitution."

 9.    *Deleted.* (Refer to Rule No. 30.)

10.    *Fighting (Schedule B)*:  Hostile physical contact or attempted physical contact is not permitted.  This includes fist fighting, shoving, wrestling, kicking and other such behavior.  Contact does not necessarily have to be made for this rule to be violated.

    Self-Defense Clarification: Self-defense is a complete defense and can be established to the Board by the offender demonstrating that his actions did not exceed those necessary to protect himself or others from injury.

11.    *Fighting, Aggravated (Schedule B)*:  Offenders shall not fight with each other using any object as a weapon (including any liquid or solid substances thrown or otherwise projected on or at another person.)  When two or more offenders



attack another offender without using weapons, the attackers are in violation of this rule, as are all participants in a group or "gang" fight. The use of teeth will also be sufficient to constitute a violation of this rule. No offender shall intentionally inflict serious injury or death upon another offender. Contact does not necessarily have to be made for this rule to be violated.

Self-Defense Clarification: (Refer to clarification under Rule No. 10.)

12.    *Gambling (Schedule B)*:  No offender shall operate or participate in any game of chance involving bets or wagers or goods or other valuables. Possession of one or more gambling tickets or stubs for football or any other sport is a violation. No offender shall operate a book-making scheme. Possession of gambling sheets with a list of names or codes, point spreads, how much owed or how much wagered will be considered a violation.

13.    *Rescinded.*

14.    *Intoxication (Schedule B)*:  No offender shall be under the influence of any intoxicating substance while in physical custody. Returning from a furlough under the influence of an intoxicating substance is a violation.

15.    *Malingering (Schedule B)*:

      a.    A qualified medical staff person (as defined by the institution's designated Health Authority) determines that an offender has made repeated and frequent complaints at sick call having little or no merit; or

      b.    A qualified medical staff person (as defined by the institution's designated Health Authority) determines that an offender has sought emergency medical treatment, not during scheduled sick call, when there was no ailment or when there was a minor ailment that was or could have been properly handled at sick call.

16.    *Rescinded.*

17.    *Property Destruction (Schedule B)*:  No offender shall destroy the property of others or of the state. No offender shall alter his own property when the result of such alteration is to render the article unsuitable according to property guidelines. Flooding an area and the shaking of doors ("racking down") are not permitted. Standing or sitting on face bowls is a violation. Whether or not the offender intended to destroy the property and/or the degree of negligence involved may be utilized in defense of the charge.



Louisiana Department of Public Safety and Corrections

**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS**     *Page 24*

18.   *Radio/Tape or CD Player Abuse (Schedule A)*: Radios/tape or CD players must be used in accordance with the posted policies of the facility. Violations of posted policies regarding radios/tape or CD players may be processed under this rule.  In addition to any sanction that may be imposed by the Disciplinary Officer/Disciplinary Board, the ranking employee on duty may confiscate the radio/tape or CD player for a period of up to 30 days.  The offender will not be permitted to have a similar item sent to him for one year.

19.   *Self-Mutilation (Schedule B)*:  No offender shall deliberately inflict or attempt to inflict injury upon himself or upon a consenting offender or consent to have an injury inflicted upon him.  Tattoos, piercing of any parts of the body and alterations to teeth are specifically included in this rule.  Not included are obvious suicide attempts.

20.   *Deleted*.  (Refer to Rule No. 21.)

21.   *Sex Offenses, Aggravated (Schedule B)*:  Nonconsensual and/or consensual sexual acts involving offender-on-offender, offender-on-staff or non-incarcerated persons are strictly prohibited. Contact by any offender of any person without the person's consent or of a person who is unable to consent or refuse through coercion is strictly prohibited.  (There is no consensual sex in a custodial or supervisory relationship.) The following sexual behaviors are prohibited:

   a.   Nonconsensual Sexual Act (offender-on-offender):  Contact between the penis and the vagina or the penis and the anus including penetration, however slight; contact between the mouth and the genitalia, anus, groin, breast, inner thigh or buttocks; penetration of the genitalia of another offender by a hand, finger or other object.  No offender shall sexually harass another offender by force or threat of force;

   b.   Abusive Sexual Contact (offender-on-offender):  Contact such as, but not limited to, intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, buttocks and/or mouth of any person. No offender shall sexually assault another offender by force or threat of force;

   c.   Sexual Misconduct  (offender-on-offender):  Contact or attempted contact between the penis and the vagina or the penis and the anus including penetration or attempted penetration, however slight; contact or attempted contact between the mouth and the penis, vagina or anus; penetration or attempted penetration of the anal or genital opening of another offender by a hand, finger or other object; carnal copulation by two or more offenders with each other, or by one or more offenders with



Louisiana Department of Public Safety and Corrections

an implement or animal(s); two or more offenders who have obviously been interrupted immediately before or after carnal copulation. Use of the genital organs of one of the offenders is sufficient to constitute the offense. Offenders may not participate in any sexual activity with each other;

d.   Sexual Misconduct (offender-on-staff or non-incarcerated person): Contact or attempted contact between the penis and the vagina or the penis and the anus including penetration or attempted penetration, however slight; contact or attempted contact of the mouth and the penis, vagina or anus; penetration or attempted penetration of the anal or genital opening of another person by a hand, finger or other object; two or more persons who have obviously been interrupted immediately before or after carnal copulation. Offenders may not participate in any overt sexual activity with staff or non-incarcerated persons. Offenders may not participate in any sexual activity with staff or non-incarcerated persons;

e.   Obscenity: No offender shall deliberately expose the genital organs and/or masturbate in view of staff or non-incarcerated persons;

f.   Other Prohibited Sexual Behavior (offender-on-offender, offender-on-staff or non-incarcerated person): No offender shall: make sexual remarks, gestures or sounds; flirt; exchange personal items, etc. or make sexual threats in conversation by correspondence or telephone;

g.   Overt display of affection in a manner that may elicit sexual arousal with anyone is prohibited;

h.   There can be no consensual sex between an employee and an offender. Failure to report any improper advances made by an employee on an offender may result in a violation of this rule.

22.   *THEFT (Schedule B)*: No offender shall steal from anyone. Forgery, which is a form of theft, is the unauthorized altering or signing of a document(s) to secure material return and/or special favors or considerations. (The very act of the forgery will constitute proof of the crime. It need not have been successful in its conclusion.) Fraud, which is also a form of theft, is the deliberate misrepresentation of fact to secure material return and/or special favors or considerations. An offender who knowingly submits obviously false information to any employee within the Department of Public Safety and Corrections is guilty of this violation. Lying to the Secretary or Warden on appeal or in any other part of the Administrative Remedy Procedure or in



**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS**    *Page 26*

correspondence will also be a violation.   Those who file Administrative Remedy Requests that are frivolous or deliberately malicious may be disciplined under this rule.  No offender shall have stolen items under his immediate control.  No offender shall have institutional property under his immediate control unless he has specific permission; this includes institutional foodstuffs.  (Refer to Rule No. 1. for the definition of "area of immediate control.")

23.    *Rescinded.*

24.    *Unauthorized Area (Schedule A)*:  An offender must be in the area in which he is authorized to be at that particular time and date, or he is in an unauthorized area. No offender shall go into any housing unit other than that to which he is assigned (this includes standing in the doorway) unless he has permission.

25.    *Deleted.*  (Refer to Rule No. 22.)

26.    *Unsanitary Practices (Schedule A)*:   Offenders must not spit or drop litter or cigarette butts anywhere but into a proper receptacle.   Offenders must not smoke in any unauthorized areas.  Offenders must maintain themselves, their clothing and their shoes in as presentable a condition as possible under prevailing circumstances. Each offender is responsible for keeping his bed and bed area reasonably clean, neat and sanitary.  Beds will be made according to the approved posted policy at the facility.  Offenders must wear shoes/boots and cannot wear shirts that leave the armpits exposed or shorts into the kitchen/ dining area.  Chewing gum in the kitchen/dining area is prohibited.

27.    *Work Offenses (Schedule A)*:  Offenders must perform their assigned tasks with reasonable speed and efficiency.   Though offenders have specific job assignments, it may be required that they do work other than what their job assignments require. This work shall also be done cooperatively and with reasonable speed and efficiency.    Being present, but not answering at the proper time at work roll call is a violation.  (A school assignment is considered to be a work assignment for the purposes of this rule.)

28.    *Work Offenses, Aggravated (Schedule B)*:  An offender who flatly refuses to work or to go out to work or who asks to go to Administrative Segregation rather than work is in violation of this rule, as is an offender who disobeys repeated instructions as to how to perform his work assignment.  Hiding out from work or leaving the work area without permission is a violation.   Falling far short of fulfilling reasonable work quotas is not permitted.  Being absent or late for work roll call without a valid excuse (such as No Duty or callout) is a violation, as is not reporting for Extra Duty assignment.   Being late to work or to school assignment is a violation.  (A school assignment is considered to be a work



assignment for the purposes of this rule.)

29.   *Disturbance (Schedule B)*:   No offender shall create or participate in a disturbance.  No offender shall incite any other person to create or participate in a disturbance.  A disturbance is considered as two or more offenders involving acts of force or violence toward persons or property or acts of resistance to the lawful authority of Correctional Officers and/or other law enforcement officers under circumstances which present a threat of injury to persons, to property, or to the security and good order of the institution.

30.   *General Prohibited Behaviors (Schedule B)*:   The following behaviors, which may impair or threaten the security or stability of the unit or wellbeing of an employee, visitor, guest, offender or their families are prohibited:

a.   Strong-arming or using threats of violence or perceived harm or reprisal to secure gain or favor for oneself or others;

b.   Directly or indirectly threatening harm to oneself (except obvious suicide attempts), another offender, an employee, a visitor, a guest or their families;

c.   Threatening, planning, conspiring or attempting to commit a violation of the rules of behavior for adult offenders or state and federal laws; aiding or abetting another offender involved in committing a violation of the rules or state and federal laws;

d.   Engaging in or making an attempt to engage in a non-professional relationship with an employee, visitor, guest, their families or other person the offender may come in contact with while incarcerated;

e.   Trafficking in drugs or alcohol, stolen goods or sexual favors;

f.    Organizing or participating in a scam or similar behavior;

g.   Making unsolicited contact or attempted contact with the victims of the offender's criminal activity or any immediate family member of the victim;

h.   Bribing, influencing or coercing anyone to violate institutional policies procedures, rules, or state and federal laws or to attempt to do so;

i.   Giving an employee anything of any value;



**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS**            *Page 28*

j.      Harassing behaviors conducted via telephone, correspondence or during activities, etc;

k.      The communication of malicious, frivolous, false, and/or inflammatory statements or information, the purpose of which is reasonably intended to harm, embarrass, or intimidate an employee, visitor, guest, offender or their families; (This rule shall not apply to information and/or statements communicated for the express purpose of obtaining legal assistance.)

l.      Using telephones, computers and/or office equipment without approval;

m.      Purchasing or trading for offender legal or other services.  Performing legal work for another offender or being in possession of another offender's legal work when not assigned as a Counsel Substitute or when not approved by the Warden. (It is a violation for any offender to give or receive anything of value relative to the provision of paralegal services.) An offender may not perform or be in possession of staff legal work;

n.      Communicating or visiting with non-incarcerated persons when not approved or communicating or visiting with any person after being given instructions not to communicate or visit with that person;

o.      Participating in a loud or boisterous argument or dispute even when a fight does not ensue;

p.      Participating in, organizing or advocating a work stoppage;

q.      Making or attempting to make credit purchases;

r.      Abusing the Administrative Remedy Procedure;

s.      Belonging to a gang, advocating membership in a gang, or participating in any gang related activities**,** including any form of gang or group identification or signaling;

t.      Misrepresenting oneself to an employee, visitor, guest or the public;

u.      Starting or attempting to start a fire and/or attempting to heat substances utilizing electrical/mechanical devices or any other means;

v.      Failing to cooperate with an investigation;

w.      Any behavior not specifically enumerated herein that may impair or



**DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS**

threaten the security or stability of the unit or well-being of an employee, visitor, guest, offender or their families may still be the subject of a disciplinary report  and all Schedule B penalties except for forfeiture of good time.

