UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNY WHITMORE (#86468) | * | CIVIL ACTION NO.: 4-0004-JJB-RLB |
| | * | |
| VERSUS | * | JUDGE JOHN W. DEGRAVELLES |
| | * | |
| N. BURL CAIN, WARDEN, ET AL. | * | MAGISTRATE JUDGE RICHARD L. |
| | * | BOURGEOIS, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF KENNY WHITMORE'S OBJECTIONS TO THE MAGISTRATE'S MAY 22, 2015 REPORT AND RECOMMENDATIONS

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72, Plaintiff Kenny Whitmore files this objection to the Magistrate Judge's May 22, 2015 Report and Recommendations (Rec. Doc 70).

Mr. Whitmore objects to the Report on the following grounds:

1.) Because Plaintiff filed an Administrative Remedy Procedure ("ARP") on July 19, 2013, claims arising between July 19, 2012 and January 3, 2013 are *not* prescribed. The Report improperly held that all claims prior to January 3, 2013 were prescribed.

2.) Under federal law, the question of when Mr. Whitmore's claims accrued—the question of when he knew of his injury and who caused it—presents a question of fact, not subject to determination by summary judgment at this early stage in the discovery process, which has been stayed for the past seven months.

3.) Warden Cain's policy of keeping Mr. Whitmore in solitary confinement until he reforms his political beliefs is part of an organized scheme including Mr. Whitmore's present confinement to solitary and the cumulative effect of this scheme – that Mr. Whitmore will not be released unless he changes his political beliefs – is the injury to his First

Amendment rights. This is the definition of a continuing violation and the Report failed to acknowledge application of the doctrine to Mr. Whitmore's First Amendment claim. None of Mr. Whitmore's allegations regarding Cain's violation of his First Amendment rights are time-barred.

4.) Warden Peabody is not entitled to qualified immunity for two reasons: first, his conversation with Mr. Whitmore in 2012 was an affirmative display of deliberate indifference to Mr. Whitmore's lengthy confinement in solitary in its effects on the conditions of his confinement and his health. Because Mr. Whitmore's filing of the ARP tolled the prescriptive period back to July 2012, Warden Peabody's affirmative act of deliberate indifference could have occurred within the prescriptive period. Second, the Report is contrary to precedent in this court holding that allegations that Warden Peabody's influenced LDRB decisions keeping inmates in solitary are sufficient to state a section 1983 claim against him. Warden Peabody has not contested that he has influence over the decisions of the LDRB or its members.

New Orleans, Louisiana, this 5th day of June 2015.

> Respectfully submitted,
>
> */s/Michelle M. Rutherford*
> Michelle M. Rutherford, Bar No. 34968, TA
> Richard E. Sarver, Bar No. 23558
> David N. Luder, Bar No. 33595
> Erica A. Therio, Bar No. 34115
> BARRASSO USDIN KUPPERMAN
>  FREEMAN & SARVER, L.L.C.
> 909 Poydras Street, Suite 2400
> New Orleans, Louisiana 70112
> Telephone:  (504) 589-9700
> Facsimile:  (504) 589-9701
> Email: mrutherford@barrassousdin.com
>           rsarver@barrassousdin.com

dluder@barrassousdin.com
etherio@barrassousdin.com

Rose Murray, Bar No. 34690
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone:    (504) 523-2500
Facsimile:    (504) 523-2508
Email: rmurray@jonesswanson.com

Jaclyn E. Hickman, Bar No. 36119
LISKOW & LEWIS, LLC
701 Poydras Street, Suite 5000
New Orleans, LA 70118
Telephone:    (504) 556-4084
Facsimile:    (504) 556-4108
Email: jhickman@liskow.com

*Counsel for Kenny Whitmore (#86468)*

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.

/s/Michelle M. Rutherford

{1077945_1}