**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KENNY WHITMORE**                                **CIVIL ACTION**

**VERSUS**                                         **NO.: 14-4-JWD-RLB**

**WARDEN BURL CAIN, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 21, 2015.

                                                        **RICHARD L. BOURGEOIS, JR.**
                                                        **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNY WHITMORE                                          CIVIL ACTION

VERSUS                                                  NO.: 14-4-JWD-RLB

WARDEN BURL CAIN, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Before the Court is Plaintiff's Response to Order to Show Cause (R. Doc. 77) and Plaintiff's Ex Parte Motion for Extension of Time to Name and Serve Doe Defendants (R. Doc. 82). Defendants[1] have filed an Opposition addressing Plaintiff's Response and Motion. (R. Doc. 83).

On January 2, 2014, Plaintiff filed a *pro se* Complaint initiating this proceeding, pursuant to 42 U.S.C. § 1983 and state law, alleging that defendants Burl Cain, Darrell Vanoy, and James Leblanc have violated his constitutional rights by maintaining him in segregated confinement at the Louisiana State Penitentiary for more than thirty years. (R. Doc. 1).

On March 5, 2014, the court ordered these defendants to provide to Plaintiff "all medical records, administrative remedy proceedings, disciplinary proceedings, unusual occurrence reports and all other documents pertinent to the issues in this case" within thirty days or service or twenty days of their appearance. (R. Doc. 4). The scheduling order further provided that the parties were to complete discovery within 90 days of the defendants' first appearance. (R. Doc. 4 at 2). That order specifically provided for additional discovery requests, including interrogatories, requests for production of documents, and requests for admissions. Additional discovery could also be conducted upon motion to the court. (R. Doc. 4 at 2-3).

---

[1] Burl Cain, Cathy Fontenot, Joe Lamartiniere, James LeBlanc, Richard Peabody, Richard Stalder, and Darrell Vannoy.

2

On March 24, 2014, counsel enrolled on behalf of Plaintiff. (R. Doc. 7).

On May 14, 2014, prior to service of the original Complaint on defendants Cain, Vanoy, and Leblanc, Plaintiff filed an Amended Complaint, naming as additional defendants (among others) Classification Officer Honeycutt, Paul J. Myers, Randy Ritchie, Robert Rachal, Sam Smith, Susan Fairchild, Tom Norris, and the unidentified "John Doe" and "Jane Doe" defendants. (R. Doc. 8).  Plaintiff did not serve these defendants within 120 days of filing the Amended Complaint as required by Rule 4(m).[2]

On July 25, 2014, upon joint motion of the parties, the court entered a modified scheduling order requiring discovery to be completed by January 16, 2015. (R. Doc. 21 at 3).

On December 10, 2014, Defendants sought a stay of discovery pending the court's determination of whether they were entitled to qualified immunity. (R. Doc. 31).

Plaintiff has made scant efforts toward obtaining any discovery since the initiation of this lawsuit.  Plaintiff represents that he "first requested deposition dates for named and served Defendants on August 13, 2014" and his "counsel renewed this requested in September and October 2014," and ultimately noticed depositions of served defendants to take place in January 2014.  (R. Doc. 82 at 2).  There is no indication, however, that these depositions were actually taken.  Plaintiff also filed a motion to compel production of documents on December 21, 2014, seeking further documents in light of the court's preliminary disclosure order issued on March 5, 2014 in light of Plaintiff's then *pro se* status.  (R. Doc. 41). This motion to compel did not seek responses to requests for documents issued pursuant to Rule 34 of the Federal Rules of Civil Procedure.

---

[2] Plaintiff served the other named defendants—Burl Cain, Cathy Fontenot, Joe Lamartiniere, James LeBlanc, Richard Peabody, Richard Stalder, and Darrell Vannoy—on May 23, 2014. (R. Docs. 10-16).

3

Discovery closed in this matter on January 16, 2015. (R. Doc. 21 at 3). Plaintiff did not file any additional motions to compel discovery prior to the close of discovery.

On February 4, 2015, the court denied Plaintiff's motion to compel (R. Doc. 59) and granted Defendant's motion to stay discovery (R. Doc. 58).[3]

On May 26, 2015, the undersigned ordered Plaintiff to show cause why his claims against Classification Officer Honeycutt, Paul J. Myers, Randy Ritchie, Robert Rachal, Sam Smith, Susan Fairchild, Tom Norris, and the John and Jane Doe defendants should not be dismissed given that they had not been served in compliance with Rule 4(m). (R. Doc. 71).

On June 16, 2015, Plaintiff noticed the voluntary dismissal of defendants Classification Officer Honeycutt, Paul J. Myers, Randy Ritchie, Robert Rachal, Sam Smith, Susan Fairchild, and Tom Norris, without prejudice. (R. Doc. 76). The district judge dismissed those defendants, without prejudice, the next day. (R. Doc. 79). Plaintiff also filed a response to the court's order to show cause and requested an extension of time to identify and serve the John and Jane Doe defendants. (R. Doc. 77). Plaintiff seeks the same relief in his motion for an extension of time filed on June 30, 2015. (R. Doc. 82).

Rule 4(m) of the Federal Rules of Civil Procedure provides the following:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "When service of process is challenged, the serving party bears the burden of proving good cause for failure to effect timely service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citation and internal punctuation omitted). "Proof of good cause

---

[3] Because the stay of discovery was issued after the close of discovery, its effect is solely to prevent the parties from seeking to modify the scheduling order to re-open discovery.

requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id*. "Additionally, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id*.

Given the record, Plaintiff has not established good cause for an extension of time to serve the John and Jane Doe defendants. This action was initiated on January 2, 2014. Plaintiff obtained counsel on March 24, 2014. Plaintiff named the John and Jane Doe defendants in the Amended Complaint filed on May 14, 2014. While Plaintiff asserts that he and his counsel began requesting deposition dates for named defendants on August 13, 2014, there is no indication in the record that Plaintiff has sought any written discovery from the named defendants, has noticed the depositions of the named defendants, or has sought any third-party discovery.

That the court stayed discovery on February 4, 2015, does not provide Plaintiff with good cause for failing to act with diligence in identifying the John and Jane Doe defendants. The stay was initiated over eight months after Plaintiff first filed his Amended Complaint. Plaintiff, who is represented by counsel, has had sufficient time to conduct discovery to identify the John and Jane Doe defendants. Despite having received various documents from the served defendants pursuant to court order, Plaintiff has not identified any additional discovery that is needed to determine the identifies of the John and Jane Doe defendants.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that Plaintiff's Ex Parte Motion for Extension of Time to Name and Serve Doe Defendants (R. Doc. 82) should be **DENIED**.

It is the further recommendation of the magistrate judge that the "John Doe" and "Jane Doe" defendants should be **DISMISSED without prejudice** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Signed in Baton Rouge, Louisiana, on July 21, 2015.

                              **RICHARD L. BOURGEOIS, JR.**
                              **UNITED STATES MAGISTRATE JUDGE**