UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENNY WHITMORE (#86468) | * | CIVIL ACTION NO.: 14-0004-JWD-RLB |
| | * | |
| VERSUS | * | JUDGE JOHN W. DEGRAVELLES |
| | * | |
| N. BURL CAIN, WARDEN, ET AL. | * | MAGISTRATE JUDGE RICHARD L. |
| | * | BOURGEOIS, JR. |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF KENNY WHITMORE'S OBJECTIONS TO
THE MAGISTRATE'S JULY 21, 2015 REPORT AND RECOMMENDATIONS**

The Magistrate's July 21, 2015 Report and Recommendations, Rec. Doc. 84, recommends denying Plaintiff's motion for an extension of time to name and serve doe defendants and, instead, recommends the Doe defendants be dismissed from the case entirely. The Report bases its recommendation on the finding that Plaintiff failed to diligently seek additional discovery or identify what additional discovery is needed to "determine the identities of the Jane and John Doe defendants." Report at 3-5. The Report's findings are, however, inaccurate and incomplete as Plaintiff has continuously and diligently attempted to gain additional discovery and clearly stated that the depositions of the named defendants and additional documents are necessary to determine the identity of Doe defendants.

**FACTUAL BACKGROUND**

A brief summary of the history of this case will demonstrate that the Report's findings are incorrect and that Plaintiff has been diligently seeking additional discovery from Defendants in an effort to, among other things, determine the identities of the Doe defendants.

Plaintiff filed his suit *pro se* and requested pauper status on January 2, 2014. Rec. Docs. 1-2. Plaintiff was granted pauper status on February 11, 2014 and ordered to pay a partial filing fee by March 6, 2014. Plaintiff paid the fee on February 22, 2014. The Court issued summonses and ordered the United States Marshall to serve the defendants on March 5, 2014. This service was never effected and it appears no defendant was served until undersigned counsel filed an amended complaint, naming additional specific and doe defendants, on May 14, 2014, and requested summonses for all named defendants. Rec. Docs. 8 & 9.

By May 30, 2014, summonses were served on Defendants Cain, Vannoy, Fontenot, Stalder, LeBlanc, Lamartiniere, and Peabody. Rec. Docs. 10-16. All of whom were capable of being served through the Louisiana Department of Corrections ("DOC"). The remaining named Defendants, Honeycutt, Myers, Ritchie, Rachel, Smith, Fairchild, and Norris, were no longer employed by or reachable through the DOC.

Between the initial filing of the suit on January 2, 2014 and June 12, 2014, the named and served defendants did not make an appearance in the case, at which time they requested an extension of time to answer. Rec. Doc. 17. This June 12, 2014, appearance gave Defendants twenty days, until July 2, 2014, under the Court's March 5, 2014 Order, to provide "all medical records, administrative remedy proceedings, disciplinary proceedings, unusual occurrence reports *and all other documents pertinent to the issues in this case*." Rec. Doc. 4 at 1(emphasis added).

After Defendants missed the July 2, 2014, document production deadline, counsel for Plaintiff contacted the Attorney General's office by phone on July 11, 2014, requesting the documents. Because the Assistant Attorney General assigned to the case indicated that he had

just been assigned to the matter and was unaware of the document production deadline, counsel for Plaintiff agreed to extend the production deadline to August 1, 2014.

Defendants answered on July 21, 2014, and formally asserted their defense of qualified immunity. Rec. Doc. 20 at 2. Defendants provided Plaintiff some, but not all, of the required documents by the August 1, 2014, deadline. Counsel continued to work cooperatively to ensure all documents were produced and the document production continued into late August. On August 21, 2014, the AAG thanked Plaintiff's counsel for their understanding of the delays in collecting and producing the documents and indicated that he was continuing to work on deposition dates and would provide them in the "near future." Exhibit A, August 21, 2014 email from AAG.

Plaintiff never received the promised dates for depositions of the named and served defendants. Plaintiff renewed his request for deposition dates multiple times in September and October. The Defendants never provided dates. When it became clear that the Attorney General was preparing to enroll outside counsel in this case, Plaintiff's counsel agreed to wait until new counsel was on board and up to speed to schedule depositions.

Defendants moved to enroll new counsel on November 5, 2014. Plaintiff contacted new counsel shortly thereafter, discussed an agreed-to modified scheduling order, and again requested dates for depositions. Plaintiff did not receive the requested dates from newly-enrolled counsel.

Plaintiff renewed his request for deposition dates and requested specific additional documents, on November 25, 2014. Exhibit B, emails between counsel indicating that counsel had been requesting deposition dates since at least August 2014 and would be forced to notice the depositions according to his schedule if he did not receive dates by December 4, 2014. In response, Defendants requested a phone meeting regarding discovery and the case. *Id.* During

this meeting, Defendants indicated that they would not provide further discovery and would begin formally pursuing their qualified immunity defense.

Defendants filed their Motion for a Rule 7(A) Reply and for a Stay of Discovery on December 10, 2014. Rec. Docs. 30-31.Plaintiff opposed both of these motions and also filed a motion to compel documents under the Court's March 5, 2014 Order. Rec. Docs. 40-41, 51-52. Plaintiff noticed the depositions of each named and served defendant on December 23, 2014. Rec. Docs. 45-50.

Defendants filed a motion for partial summary judgment, now pending before the District Court judge, on January 30, 2015. On February 4, 2015, the Court granted Defendants' motion for a stay, denied Plaintiff's motion to compel, and vacated its March 5, 2014 Order requiring production of documents.

Since the initial filing of this suit, Plaintiff has had no opportunity, neither from Defendants or the Court, to obtain additional discovery that would assist him in determining the identities of the Jane and John Doe Defendants. He has been met with refusals from opposing counsel, largely based on Defendants' rights to seek qualified immunity, to provide deposition dates or additional documents and denials from the Court to compel the documents.

## ARGUMENT

Plaintiff objects to the entirety of the Magistrate's Report and Recommendations. As the above background demonstrates, Plaintiff has not "made scant efforts toward obtaining any discovery since the initiation of this lawsuit," Report at 3, but has instead diligently and continuously attempted to work with opposing counsel to obtain additional discovery, including the depositions of named and served Defendants. Plaintiff's efforts to work discovery issues out with counsel instead of resorting to motions in front of the Court should not be penalized.

4

Federal Rule of Civil Procedure 4(m) requires dismissal for failure to serve a defendant within 120 days, but also requires an extension "if the plaintiff shows good cause for the failure." The Report's conclusion that the February 4, 2015, stay of discovery does not constitute "good cause" under Rule 4(m) ignores Plaintiff's months of attempts to obtain discovery, and Defendants' months of informal assertions of qualified immunity, that preceded the Court's entry of a formal stay. As well, "[i]f good cause does not exist, the court may, in its discretion, … extend time for service." *Thompson v. Brown*, 91 F. 3d 20, 21 (5th Cir. 1996).

Plaintiff's efforts to obtain further discovery began when Plaintiff first contacted counsel for the Defendants in July 2014, only weeks after Defendants answered the First Amended Complaint, and continued through the enrollment of additional counsel in November 2014 and the Court's formal entry of a stay in February 2015. As soon as it became clear that Defendants' promises of deposition dates would not be honored, Plaintiff formally noticed the depositions. Only to be met a few weeks later with a formal stay of discovery and denial of his motion to compel discovery of additional documents.[1]

The Report is correct that the depositions were never taken, but this is no fault of Plaintiff's or lack of diligence on his part. Defendants have continuously asserted their right to qualified immunity, both informally and formally. The Defendants' right to seek the protections of qualified immunity in the early stages of the case should not prejudice Plaintiff's right to identify additional doe defendants through depositions and discovery of additional documents pertinent to the issues in this case, once the qualified immunity issues are resolved and discovery begins in earnest.

---

[1] The Report appears to indicate that it was not proper for plaintiff to move to compel documents under the March 5, 2014 Order. Report at 3. Yet, the Order itself states that if Plaintiff is not in receipt of "all documents pertinent to the issues in this case …. within the prescribed time, the plaintiff may file with the Court a motion to compel responses from the Defendant(s)." Rec. Doc. 4 at 3-4. Moreover, the Motion to Compel, even if improper, is indicative of Plaintiff's continual efforts to obtain further discovery.

Defendants' delay in scheduling depositions, refusals to provide additional documents, and the eventual formal stay of discovery pending resolution of qualified immunity issues have prevented Plaintiff from discovering the identities of the Jane and John Doe defendants. Plaintiff therefore has good cause for his delay in identifying and serving the Doe defendants. *See Bernard Delcarpio v. Cain*, No. 13-273, 2015 WL 461544, at *1, n. 1 (M.D. La. Feb. 3, 2015), *appeal dismissed* (Mar. 9, 2015) (noting plaintiff did not have good cause for failure to identify and serve doe defendants because his "initial difficulty in discovering their identities" had been rectified by defendants' responses to discovery requests); *Jones v. Collins*, No. 13-392, 2014 WL 3565724, at *1, n. 1 (M.D. La. July 18, 2014) (no good cause for delay where Court "specifically advised the plaintiff that he could undertake discovery to obtain the identities of these defendants.").

With the benefit of the additional requested documents and the depositions of the named Defendants, Plaintiff will be able to determine the names of the classification officers participating in his Lockdown Review board decisions and will further be able to identify other Wardens and Officers participating in the continual and organized efforts to keep him in solitary confinement.

Plaintiff urges the Court to grant his motion for an extension of time to name and serve Doe defendants and reject the Report's Recommendation that the Doe Defendants instead be dismissed.

Respectfully submitted,

*/s/Michelle M. Rutherford*
Michelle M. Rutherford, Bar No. 34968, TA
Richard E. Sarver, Bar No. 23558
David N. Luder, Bar No. 33595
Erica A. Therio, Bar No. 34115
Barrasso Usdin Kupperman

6

FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:      (504) 589-9700
Facsimile:      (504) 589-9701
Email: mrutherford@barrassousdin.com
          rsarver@barrassousdin.com
          dluder@barrassousdin.com
          etherio@barrassousdin.com

Rose Murray, Bar No. 34690
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone:      (504) 523-2500
Facsimile:      (504) 523-2508
Email: rmurray@jonesswanson.com

Jaclyn E. Hickman, Bar No. 36119
LISKOW & LEWIS, LLC
701 Poydras Street, Suite 5000
New Orleans, LA 70118
Telephone:      (504) 556-4084
Facsimile:      (504) 556-4108
Email: jhickman@liskow.com


*Counsel for Kenny Whitmore (#86468)*


## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.

*/s/Michelle M. Rutherford*