UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNY WHITMORE** | * | **CIVIL ACTION** |
| **(DOC No. 86468)** | * | |
| | * | **NO. 14-004-JWD-RLB** |
| | * | |
| **VERSUS** | * | **JUDGE JOHN W. DEGRAVELLES** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **WARDEN BURL CAIN, ET AL** | * | **RICHARD L. BOURGEOIS, JR.** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### RESPONSE TO WHITMORE'S OBJECTION
### TO MAGISTRATE'S REPORT AND RECOMMENDATIONS

State Defendants[1] respond to Whitmore's objection to the Magistrate Judge's July 21, 2015 Report and Recommendation (the "Report").[2] That Report denied plaintiff's Ex Parte Motion for Extension of Time to Name and Serve Doe Defendants[3] and recommended dismissal of the "John Doe" and "Jane Doe" Defendants without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff objects to the Report, alleging that he has shown good cause for his failure to serve the "John Doe" and "Jane Doe" Defendants (the "Doe Defendants").

<u>The Report properly recommended that the Doe Defendants be dismissed without prejudice for failure to be served within 120 days from the filing of the Complaint.</u>

As the serving party, Whitmore bears the burden to establish "good cause for failure to effect timely service."[4] As recognized by the Magistrate, Whitmore has made mere "scant effort

---

[1] The State Defendants respond to are Burl Cain, Darrell Vannoy, James M. LeBlanc, Cathy Fontenot, Joe Lamartiniere, Richard Stalder and Richard Peabody.

[2] Doc. 84. Whitmore's Objection incorporates new exhibits that consist of emails between counsel. These exhibits were not previously submitted by plaintiff in connection with his request for additional time to name and serve Doe Defendants and were not part of the record considered by the Magistrate Judge.

[3] Doc. 82.

[4] *Thrasher v. City of Amarillo*, 749 F.3d 509, 511 (5th Cir. 2013), *quoting Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam).

1

toward obtaining any discovery since the initiation of this lawsuit."[5] Whitmore has failed to establish any good cause for the delay of service on the Doe Defendants, and they therefore should be dismissed without prejudice.

Whitmore argues that the stay entered in this case on February 4, 2015 somehow limited his ability to proceed with this litigation;[6] however, the stay of discovery had no bearing on Whitmore's failure to even attempt to identify the Doe Defendants. Discovery closed on January 16, 2015,[7] almost a month before a stay was entered. The deadline for service of the Amended Complaint under Rule 4(m) was on September 11, 2014. A stay not entered until February, 2015 had no bearing on a deadline that had passed several months earlier.

This Court's March 5, 2014 order required the defendants to provide "all medical records, administrative remedy proceedings, disciplinary proceedings, unusual occurrence reports and all other documents pertinent to the issues in this case" within thirty days of service or twenty days of their appearance.[8] That same scheduling order specifically addressed deadlines for any additional discovery contemplated by Fed. Rule Civ. Pro. Article 34.[9] Whitmore failed to issue any written discovery – either to Defendants or to any third-parties who may have had relevant knowledge regarding the Doe Defendants' identities.

The two cases cited by Whitmore in support of his position that he should be granted an extension of time in which to conduct discovery do not support his case.[10] In *Bernard Delcarpio v. Cain*,[11] this Court dismissed Doe Defendants who were not timely identified or served because the plaintiff did not move to amend his complaint or serve Doe Defendants who were identified

---

[5] Doc. 84, p. 3.
[6] Doc. 58.
[7] Doc. 21 at 3.
[8] Doc. 4.
[9] Doc. 4.
[10] Doc. 77, p. 3; Doc. 82, p. 3; Doc. 87, p. 6.
[11] 13-273, 2015 WL 461544, at *1, n. 1 (M.D. La. Feb. 3, 2015), *appeal dismissed* (Mar. 9, 2015).

in discovery requests served upon the plaintiff.  In *Delcarpio*, the plaintiff did issue discovery to ascertain the identities of the Doe Defendants, but he then failed to amend his complaint to name the individuals or have them served with the Complaint.  Whitmore has received extensive document production from his inmate file but, unlike the plaintiff in *Delcarpio*, Whitmore has failed to issue even a single written discovery request to Defendants.

In *Jones v. Collins*,[12] the plaintiff attempted to serve Doe Defendants through the Louisiana Department of Public Safety and Corrections which refused to accept service on behalf of those defendants without sufficient identifying information.  As in this case, the plaintiff failed to produce additional information or issue discovery seeking that information.  The Court in *Jones v. Collins*, like the Magistrate Judge in this action, found no good cause to justify the failure to serve defendants and entered an order dismissing claims against them.

The Fifth Circuit has held that proof of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[13]  Whitmore has had every opportunity to issue discovery to the named Defendants and to third parties and has failed to demonstrate that he took reasonable steps to identify or serve those individuals.

Conclusion

No written discovery has been initiated by Whitmore in this litigation.  The Rule 4(m) deadline has long since passed, and Whitmore has made no effort to identify the Doe Defendants prior to this Court's Rule to Show Cause which was entered months after the Rule 4(m) deadline expired.

---

[12] 13-392, 2014 WL 3565724, at *1, n. 1 (M.D. La. July 18, 2014).
[13] *Thrasher v. City of Amarillo*, 749 F.3d 509, 511 (5th Cir. 2013) *quoting Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

3

557611.1

The Report correctly recommends dismissal of claims against the "John Doe" and "Jane Doe" defendants. The State Defendants urge the Court to enter those recommendations as its judgment.

        Respectfully submitted,

        **JAMES D. "BUDDY" CALDWELL**
        Louisiana Attorney General

        *s/Richard A. Curry*
        Richard A. Curry, TA La Bar Roll 4671
        M. Brent Hicks, La Bar Roll 23778
        Zelma M. Frederick, La Bar Roll 31459
        McGlinchey Stafford, PLLC
        301 Main Street, 14th Floor
        Baton Rouge, Louisiana 70801
        Telephone: (225) 383-9000
        Facsimile: (225) 343-3076
        rcurry@mcglinchey.com
        bhicks@mcglinchey.com
        zfrederick@mcglinchey.com

        Attorneys for defendants, Burl Cain, Darrell Vannoy, James M. Leblanc, Cathy Fontenot, Joe Lamartiniere, Richard Stalder And Richard Peabody

557611.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2015, a copy of the foregoing **Response to Whitmore's Objection to Magistrate's Report and Recommendations** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to any non-CM/ECF participants.

*s/Richard A. Curry*
Richard A. Curry, TA La Bar Roll 4671
Attorney for LSP Defendants
McGlinchey Stafford, PLLC
301 Main Street, 14th Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 383-9000
Facsimile: (225) 343-3076
rcurry@mcglinchey.com